ORIGINAL

Christopher C. McNatt, Jr.
Cal. Bar No. 174559
SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, LLP
2 North Lake Avenue, Suite 460
Pasadena, CA 91101
(626) 795-4700
Fax: (626) 795-4790
cmcnatt@scopelitis.com

Attorney for Defendant



FILED

JAN - 4 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE SOTO, Individually, on Behalf of All Others Similarly Situated, and on Behalf of the General Public,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>DIAKON LOGISTICS (DELAWARE), INC., a foreign corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　　Defendants. | **'08 CV 0033 L AJB**<br>CASE NO. _____<br><br>**CLASS ACTION**<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that Defendant, Diakon Logistics (Delaware), Inc. ("Diakon"), hereby removes this case from the Superior Court of San Diego County, California, to the U.S. District Court for the Southern District of California. In support of this removal, Diakon states as follows:

1.　　The Action.　Plaintiff, Josue Soto ("Plaintiff"), filed his Complaint For Compensatory Damages, Injunctive Relief, Restitution, Disgorgement of Profits, and Civil Penalties, captioned *Josue Soto, Individually, on Behalf of All Others Similarly Situated, and on Behalf of the General Public v. Diakon Logistics (Delaware), Inc., a foreign corporation, and Does 1 through 50, inclusive*, Case No. 37-2007-00083029-CV-OE-CTL (the "Class Action Complaint"), in the Superior Court of San Diego County, California, on December 5, 2007. The

1   Class Action Complaint asserts causes of action for (1) failure to pay wages in violation of Cal.

2   Labor Code §§ 1194, 1197 and 1197.1; (2) failure to provide meal breaks or compensation in

3   violation of Cal. Labor Code §§ 226.7 and 512, and Cal. Code Regs. tit. 8 § 11010, §§ 7 and 11;

4   (3) failure to provide rest periods or compensation in violation of Cal. Labor Code § 226.7 and

5   Cal. Code Regs. tit. 8 § 11010, § 12; (4) failure to reimburse for reasonable business expenses in

6   violation of Cal. Labor Code § 2802 and Cal Code Regs. tit. 8 § 11010, §§ 8 and 9; (5) failure to

7   provide itemized wage statements in violation of Cal. Labor Code §§ 226 and 226.3, and Cal.

8   Code Regs. tit. 8 § 11010, § 7; (6) unlawful business practices in violation of Cal. Bus. & Prof.

9   Code § 17200 *et seq.*; and (7) civil penalties under Cal. Labor Code § 2698 *et seq.*  Copies of all

10  of the pleadings and papers filed in the Superior Court of San Diego County, California, of

11  which Diakon is aware are attached as *Exhibit A.*

12      2.   <u>Statutory Grounds for Removal</u>.  This action is removable under 28 U.S.C.

13  § 1441(a) and 28 U.S.C. § 1453.  28 U.S.C. § 1441(a) provides for the removal of state court

14  civil actions over which U.S. district courts have original jurisdiction.  As is explained in greater

15  detail below, this Court has original jurisdiction over this case for two reasons.  First, this Court

16  has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity exists and

17  the matter in controversy exceeds $75,000.   Second, jurisdiction exists under 28 U.S.C.

18  § 1332(d)(2) because this is a class action in which the amount in controversy exceeds

19  $5,000,000, and Plaintiff and Diakon are citizens of different states.  As such, this action is also

20  removable pursuant to 28 U.S.C. § 1453, which provides that a class action may be removed to

21  federal court in accordance with 28 U.S.C. § 1446.

22      3.   <u>Citizenship of the Parties</u>.  Plaintiff alleges he is a resident of the state of

23  California, *Class Action Complaint,* ¶ 9, and is therefore a citizen of that state.  As Plaintiff

24  alleges, Diakon is a Delaware corporation with its principal place of business located in Virginia

25  and is therefore citizens of the states of Delaware and Virginia.  *See id.,* ¶ 11.  Plaintiff's naming

26  of unidentified "Doe" defendants is irrelevant to removability.  *See* 28 U.S.C. § 1441(a) ("For

27  purposes of removal under this chapter, the citizenship of defendants sued under fictitious names

28  shall be disregarded.");  *Kruso v. International Telephone & Telegraph Corp.,* 872 F.2d 1416,

1424 (9th Cir. 1989) (the naming of Doe defendants cannot defeat diversity jurisdiction). Thus, Plaintiff and Diakon are citizens of different states, and the diversity requirements of both 28 U.S.C. §§ 1332(a)(1) and 1332(d)(2) are satisfied.

4.    <u>Amount in Controversy – 28 U.S.C. § 1332(a)(1)</u>.    To the best of Diakon's information and belief and without admitting either that it engaged in any improper conduct, that Plaintiff's claims have any merit, or that Plaintiff is entitled to any of the relief he requests, the amount in controversy in this case, exclusive of interest and costs, exceeds $75,000 by virtue of Plaintiff's individual claims.  In his fourth cause of action, Plaintiff alleges that he was Diakon's employee and that he incurred various expenses for which he was entitled to reimbursement from Diakon pursuant to Cal. Labor Code § 2802.  *See Class Action Complaint*, ¶¶ 47-49.   The expenses for which Plaintiff seeks reimbursement in connection with this claim include vehicle maintenance expenses, vehicle insurance, fuel, communication equipment, liability insurance, disability insurance, expenses for property damage, and other items.  *See id.*, ¶ 49.  Diakon denies that Plaintiff was its employee and, without taking a position as to what expenses Plaintiff incurred, denies that Plaintiff is entitled to reimbursement for any of the expenses identified in the Class Action Complaint.  However, Diakon estimates that a transportation service provider like Plaintiff can be expected to generate an average of between approximately $120,000 and $135,000 in gross operating revenue per year and to incur an average of approximately $58,550 per year in the kinds of operating expenses for which Plaintiff appears to seek reimbursement. Plaintiff provided transportation services to Diakon from approximately May 2005 through approximately May 2007.  Diakon takes no position on the actual amount of operating expenses Plaintiff incurred during this period, but estimates that Plaintiff may have incurred approximately $117,100 ($58,500 over two years) in the kind of operating expenses for which Plaintiff seeks reimbursement under his fourth cause of action.  The amount in controversy accordingly exceeds $75,000 on the basis of Plaintiff's fourth cause of action alone and does not include any amounts related to the remaining four causes of action set out in the Class Action Complaint.  Thus, there can be no question that the amount in controversy is substantially in excess of $75,000.

Notice of Removal

5.    <u>Amount in Controversy – 28 U.S.C. § 1332(d)(2)</u>.    The amount in controversy by virtue of the claims asserted on behalf of the putative class exceeds $5,000,000.    Plaintiff purports to represent a class that numbers "in the hundreds, at a minimum."    *Class Action Complaint* at 31.    Plaintiff alleges that his claims are "typical of the claims of the Class Members."    *Id.,* ¶ 34.    Diakon disputes Plaintiffs' claims on the merits, disputes that this case is appropriate for class-wide treatment, and, although Diakon believes there are more than 100 transportation service providers that fall within Plaintiff's class definition, Diakon takes no position on the actual number of transportation service providers Plaintiff seeks to include in the class.    Taking Plaintiffs' Class Action Complaint at face value, assuming there are 100 class members (fewer than the "hundreds" Plaintiffs claims) with less-than-typical expense reimbursement claims of $50,000 each (less than half of the estimated amount for which Plaintiff may seek reimbursement), the amount in controversy would be $5,000,000 on the basis of the claims set out in Plaintiff's fourth cause of action alone.    The amounts in controversy by virtue of Plaintiffs' remaining causes of action must be added to this figure.    Thus, Plaintiff's allegations establish that the amount in controversy in this class action is in excess of the $5,000,000 jurisdictional threshold found in 28 U.S.C. § 1332(d)(2).

6.    <u>Class Action</u>.    This case is a class action within the meaning of 28 U.S.C. §§ 1332(d)(2) and 1453.    Those statutes provide that a class action is a civil action filed either under Rule 23 of the Federal Rules of Civil Procedure or under a similar state statute or rule that authorizes one or more representative persons to maintain a class action.    *Id.*    In this case, Plaintiff's Class Action Complaint expressly states (at ¶ 30) that Plaintiff has filed it as such under California Code of Civil Procedure § 382, which authorizes representative actions.    There are more than 100 persons falling within the class definition set out in ¶ 29 of the Class Action Complaint.

7.    <u>Timeliness of Removal</u>.    Pursuant to 28 U.S.C. § 1446(b), a defendant must file its notice of removal within 30 days of receiving a copy of the complaint.    Diakon received Plaintiff's Summons and Class Action Complaint on December 6, 2007.    Thirty days from December 6, 2007 is January 5, 2007, a Saturday.    Diakon's notice of removal must accordingly

be filed by Monday, January 7, 2007. *See* Fed.R.Civ.P. 6(a); *Williams v. Leonard*, 2003 WL 163183, *1 (N.D. Cal. 2003).

8.    Pursuant to 28 U.S.C. § 1446(d), Diakon will give written notice of the removal to Plaintiff and to the Clerk of the Superior Court of San Diego County, California. Specifically, promptly after filing this Notice of Removal, Defendant shall cause a Notice of Removal to Adverse Parties and State Court Clerk, a true and correct copy of which is attached hereto as *Exhibit B,* to be served on Plaintiff and filed with the Clerk of the Superior Court of San Diego County, California.

9.    By filing this Notice of Removal, Defendant do not waive any defenses available to them.

WHEREFORE, Diakon respectfully removes this case to this Court.

Dated:  January 3, 2008                           Respectfully submitted,

                                                  **SCOPELITIS, GARVIN, LIGHT,
                                                  HANSON & FEARY, LLP**

                                                  By:
                                                       Christopher C. McNatt, Jr.

                                                  Attorney for Defendant, Diakon Logistics
                                                  (Delaware), Inc.

Notice of Removal

1

## **<u>TABLE OF CONTENTS OF EXHIBITS</u>**

2

3

4

Exhibit A – Copies of Served State Court Pleadings...............................................7

5

6    Exhibit B – Notice of Removal to Adverse Parties..............................................37

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Removal

Exhibit "A"

# SUMMONS
## (CITACION JUDICIAL)

11·6·07    11.52

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DIAKON LOGISTICS (DELAWARE), INC., a foreign corp.
and DOES 1 through 50, inclusive

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

07 DEC -5 AM II: 33

SAN DIEGO COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOSUE SOTO, Individually, On Behalf of All Others
Similary Situated, and on Behalf of the General
Public

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.   Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.   Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER: |
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* 37-2007-00083029-CU-OE-CTL |
| San Diego Superior Court | |
| 330 West Broadway | |
| San Diego, CA 92101 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Derek J. Emge SBN 161105                     (619) 595-1400   (619) 595-1480
Emge & Associates
550 West C Street, Suite 1600
San Diego, CA 92101
DATE: NOV 0 5 2007                    Clerk, by **D. JOHNSON** _____, Deputy
*(Fecha)*                             *(Secretario)*                            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* DIAKON LOGISTICS (DELAWARE), INC.

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

Ex A
8

1  Todd J. Hilts (CSB No. 190711)
LAW OFFICE OF TODD J. HILTS
2  2214 2nd Ave
San Diego, CA 92101
3  Telephone (619) 531-7900
Facsimile  (619) 531-7904
4

5  Derek J. Emge (CSB No. 161105)
EMGE & ASSOCIATES
6  550 West C Street, Ste. 1600
San Diego, CA 92101
7  Telephone (619) 595-1400
Facsimile  (619) 595-1480
8

9  David A. Huch (CSB No. 222892)
LAW OFFICES OF DAVID A. HUCH
10  7040 Avenida Encinas, Suite 104
Carlsbad, CA 92011
11  Telephone (760) 402-9528
Facsimile  (760) 683-3245
12

13  Attorneys for Plaintiff, JOSUE SOTO, Individually, on Behalf of All Others Similarly Situated,
on Behalf of All Other Aggrieved Employees, and on Behalf of the General Public
14

15

16  ## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN DIEGO
17

| | |
|---|---|
| 18  JOSUE SOTO, Individually, On Behalf of All Others Similarly Situated, and on Behalf of the General Public, | Case No. 37-2007-00083029-CU-OE-CTL |
| 19 | |
| 20  Plaintiff, | **CLASS ACTION** |
| 21  v. | **COMPLAINT FOR COMPENSATORY DAMAGES, INJUNCTIVE RELIEF, RESTITUTION, DISGORGEMENT OF PROFITS & CIVIL PENALTIES:** |
| 22  DIAKON LOGISTICS (DELAWARE), INC., a foreign corp.; and DOES 1 through 50, inclusive, | |
| 23 | |
| 24  Defendants. | 1.  **Failure to Pay Minimum Wages** (Labor Code §§ 1194, 1197, 1197.1; Cal. Code Regs., Title 8 § 11090); |
| 25 | |
| 26 | 2.  **Failure to Provide Meal Breaks, Or Compensation in Lieu Thereof** (Labor Code §§ 226.7, 512; Cal. Code Regs., Title 8 § 110100); |
| 27 | |
| 28 | |

- 1 -

Ex. A.
9

3. **Failure to Provide Rest Periods, Or Compensation in Lieu Thereof (Labor Code § 226.7; Cal. Code Regs., Title 8 § 110100);**
4. **Failure to Reimburse for Reasonable Business Expenses (Labor Code § 2802);**
5. **Failure to Provide Properly Itemized Wage Statements (Labor Code § 226, 226.3);**
6. **Unlawful and Unfair Business Practices (Business & Professions Code § 17200 et seq.)**
7. **Labor Code Private Attorneys General Act of 2004 (Labor Code §§ 2698-2699)**

Plaintiff JOSUE SOTO ("Plaintiff"), on behalf of himself, all others similarly situated, all other current and former aggrieved employees, and on behalf of the general public, alleges as follows:

**I.**

**INTRODUCTION**

1.    This is a class action, brought pursuant to Code of Civil Procedure § 382, on behalf of a Plaintiff class of delivery truck drivers currently and formerly employed by Defendant DIAKON LOGISTICS (DELAWARE), INC. ("Defendant") within the State of California. For at least four years prior to the filing of this action and through the present, Plaintiff is informed and believes that Defendant has violated the California Labor Code and applicable California Wage Orders by improperly categorizing Class Members, including Plaintiff, as independent contractors when they are, in fact, employees.

2.    Plaintiff, on his own behalf and on behalf of all Class Members, brings this action pursuant to Labor Code §§ 218, 221, 223, 226, 226.3, 226.7, 512, 1174, 1194, 1197, 1197.1, 2699 and California Wage Order No. 1-2001 (8 Cal. Code Reg., § 11010), seeking unpaid minimum wages, unpaid rest break and meal period compensation, reimbursement of all illegal deductions made from their wages, payment of all wages earned, reimbursement of expenses and losses

- 2 -

*Ex A*

*10*

1  incurred by them in discharging their duties, civil penalties, and reasonable attorneys' fees and

2  costs.

3      3.      Plaintiff, on his own behalf and on behalf of all Class Members and the General

4  Public, also brings this action pursuant to Business & Professions Code §§ 17200-17208, seeking

5  injunctive relief, restitution, and disgorgement of profits due to Defendant's unlawful violations of

6  the Labor Code.

7                                          **II.**

8                          <u>**JURISDICTION AND VENUE**</u>

9      4.      Plaintiff realleges by reference, as if fully set forth herein, all of the above

10  Paragraphs.

11     5.      This Court has jurisdiction over all causes of action asserted herein pursuant to

12  California Constitution, Article VI, Sec. 10, because this case is a cause not given by statute to

13  other trial courts.

14     6.      This Court has jurisdiction over Defendant because it is a corporation authorized to

15  do business in the State of California and registered with the California Secretary of State, does

16  sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally

17  avail themselves of the California market through the advertising, marketing and sale of their

18  goods and services, to render the exercise of jurisdiction over Defendant by the California courts

19  consistent with traditional notions of fair play and substantial justice.

20     7.      Venue as to each Defendant is proper in this judicial district, pursuant to Code of

21  Civil Procedure § 395. Defendants' actionable and unlawful employment practices complained

22  herein occurred in the County of San Diego, State of California

23                                          **III.**

24                                     <u>**PARTIES**</u>

25     8.      Plaintiff realleges by reference, as if fully set forth herein, all of the above

26  Paragraphs.

27

28

**COMPLAINT FOR COMPENSATORY DAMAGES, INJUNCTIVE RELIEF, RESTITUTION & DISGORGEMENT OF PROFITS**

*Ex A*

11

9.    Plaintiff JOSUE SOTO is a competent adult who resides in the County of San Diego, State of California.  From his date of hire, at or around May 2005, Plaintiff has been employed as a delivery truck driver by Defendant DIAKON LOGISTICS (DELAWARE), INC. in the County of San Diego, State of California.

10.    Plaintiff will adequately represent the interests of the Class and will vigorously participate in this matter as a Class Action when certified.  Plaintiff has secured counsel experienced in class action litigation and will likewise adequately represent the Class.

11.    Plaintiff is informed and believes that Defendant DIAKON LOGISTICS (DELAWARE), INC. is a foreign corporation incorporated under the laws of the State of Delaware and has its principal place of business in the State of Virginia.  At all times mentioned herein, Defendant was doing business in the State of California.    According to Defendant's website, www.diakonlogistics.com, Defendant is *one of the largest national warehousing, logistics, and home delivery companies in the U.S....operating in 26 states...serv[ing] some of the largest retailers in the country, including Sears, General Electric, Home Depot, and Ethan Allen.*"

12.    Plaintiff does not know the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and will amend this Complaint to set forth the true names and capacities of said defendants, along with the appropriate charging allegations when the same have been ascertained.

13.    Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants was in some manner legally responsible for the actionable and unlawful actions, policies and practices as alleged herein.  Plaintiff will amend this Complaint to set forth the true names and capacities of said Defendants, along with the appropriate charging allegations, when the same have been ascertained.

14.    Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, all Defendants, and each of them, were acting as the agent and/or employee of each remaining co-Defendant, and were acting with permission and consent of each other, carried out a joint scheme, business plan, or policy in all respects pertinent to the present action, and within the

— 4 —

1  course and scope of said agency and/or employment. Plaintiff is further informed and believes that

2  each co-defendant, by and through its officers, directors or managing agents ratified, authorized

3  and approved, expressly or implicitly, all of the conduct alleged herein.

4     15.    When, in this Complaint, reference is made to any act of the "Defendant," such

5  shall be deemed to mean that officers, directors, agents, employees, or representatives of the

6  Defendants committed or authorized such acts, or failed and omitted to adequately supervise or

7  properly control or direct their employees while engaged in the management, direction, operation

8  or control of the affairs of the Defendants and did so while acting within the scope of their

9  employment or agency. When, in this Complaint, reference is made to any act by a "Defendant,"

10  such allegations and reference shall also be deemed to mean the acts and failures to act of each

11  Defendant acting individually, jointly and severally.

12     16.    Plaintiff is informed and believes, and thereon alleges, that during the applicable

13  statutory period, Defendant employed Plaintiff and other similarly situated persons as non-exempt

14  employees within San Diego County, California. Plaintiff is further informed and believes that

15  Defendant directly or indirectly exercised control over the wages, hours and/or working conditions

16  of said employees, including Plaintiff.

17                                   **IV.**

18                        **FACTUAL BACKGROUND**

19     17.    Plaintiff realleges by reference, as if fully set forth herein, all of the above

20  Paragraphs.

21     18.    Defendant is a national leader in the home delivery industry. According to its

22  website, www.diakonlogistics.com, Defendant specializes in the delivery of *"retailers' larger*

23  *merchandise from their warehouses or other facilities to customers' homes, expert unpacking and*

24  *setup, and personalized customer care...We specialize in delivering retailers' larger merchandise*

25  *from their warehouses or other facilities to customers' homes, expert unpacking and setup, and*

26  *personalized customer care."*

27

28

- 5 -

19.    Defendant organizes the delivery of its retail customers' larger merchandise, including furniture and home appliances, by maintaining common distribution facilities located in San Diego County. Class Members, including Plaintiff, perform significant work on sites owned and controlled by Defendant. Furthermore, the delivery trucks driven by Class Members, including Plaintiff, are leased by Defendant.

20.    Class Members, including Plaintiff, cannot drive Defendant's delivery trucks independently of deliveries scheduled by Defendant. All deliveries performed by Class Members, including Plaintiff, are pre-arranged and scheduled by Defendant. Defendant admits on its website, www.diakonlogistics.com, that Class Members, including Plaintiff, are required to deliver products solely for Defendant's retail customers: *"Because we do not co-load other companies' products on our trucks, we're able to serve as our clients' dedicated delivery channel."* Additionally, Defendant requires Class Members, including Plaintiff, to complete daily sign in/sign out time records, or "Check In" sheets, and requires Class Members, including Plaintiff, to work a minimum of eight hours per day.

21.    Defendant utilizes advanced technology and computerized tracking system to closely monitor the work of Class Members, including Plaintiff, and to communicate with Class Members, including Plaintiff, at all times. As admitted by Defendant on its website, www.diakonlogistics.com, *"What's more, our highly effective routing technology and cellular communication network ensures on-time delivery and customer satisfaction, while our proprietary tracking system allows us to keep clients apprised as to the location and expected delivery time of each piece of merchandise."*

22.    There is a lack of investment in independent equipment by Class Members, including Plaintiff, and a relatively low degree of skill is required to perform Class Members', including Plaintiff's, routine and manual delivery duties.

23.    The delivery of large merchandise by Class Members, including Plaintiff, is an integral part of the business enterprise of Defendant.

- 6 -

Ex A
14

24.    The economic realties of Class Members', including Plaintiff's, relationship with Defendant establishes that Class Members, including Plaintiff, under conventional, legal and economic tests, are now and have been employees of Defendant and not independent contractors.

25.    At all relevant times, Defendant has exercised control over the performance of Class Members' work duties, including Plaintiff's work duties. At all relevant times, Defendant has also exercised control over Class Members', including Plaintiff's, wages, work hours and working conditions.

26.    Because Class Members, including Plaintiff, are employees and not independent contractors, numerous California Labor Code violations have occurred over the past four years and are occurring on an ongoing basis, including failure to provide minimum wages, hourly wages, meal breaks, rest periods, proper payroll withholding treatment, and the other protections of Labor Code §§ 221 and 2801, all of which Class Members, including Plaintiff, are entitled to as valid non-exempt employees under California law.

## V.

## CLASS ALLEGATIONS

27.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

28.    Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to Code of Civil Procedure § 382. The Class is composed of and defined as follows:

> **All persons presently and formerly employed by Defendant in the State of California as delivery personnel during the Class Period who were subject to the "Service Agreement" (or similar document), which categorized them as independent contractors and not employees (hereinafter, "the CLASS.").**

29.    Plaintiff reserves the right under Rule 1855(b) of the California Rules of Court to amend or modify the aforementioned class description with greater specificity or division into subclasses or limitation to particular issues.

- 7 -

Ex A
15

30.    This action has been brought and may be properly maintained as a class action under the provisions of Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

**A.    Numerosity**

31.    The members of the Class, as defined above, are so numerous that individual joinder of all members is impractical.    While the exact number of Class Members is current unknown, Plaintiff is informed and believes that they number in the hundreds.

**B.    Common Questions Predominate**

32.    Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over any questions that affect individual members of the Class.    The common questions of fact include, but are not limited to:

(a)    Defendant requires each individual to execute a pre-printed document captioned, "Service Agreement."

(b)    Defendant requires Class Members, including Plaintiff, to perform a significant percentage of their work duties driving vehicles leased and controlled by Defendant.

(c)    Defendant trains and instructs Class Members, including Plaintiff, on how to load and unload retail merchandise and how to deliver retail merchandise using delivery trucks leased and controlled by Defendant.

(d)    Defendant reviews, supervises and monitors the work duties performed by Class Members, including Plaintiff, through routing technology, tracking system and cellular communication network owned and operated by Defendant.

(e)    The degree of skill performed by Class Members, including Plaintiff, is relatively low.

- 8 -

Ex A
16

(f)    Class Members, including Plaintiff, are paid bi-monthly, according to an existing formula established by Defendant.

(g)    The relationship between Defendant and Class Members, including Plaintiff, is exclusive in that Class Members, including Plaintiff, cannot drive Defendant's delivery trucks independently of deliveries scheduled by Defendant.

(h)    The relationship between Defendant and Class Members, including Plaintiff, is relatively permanent with many Class Members, including Plaintiff, working more than four years.

(i)    The delivery of large merchandise by Class Members, including Plaintiff, is an integral part of the business enterprise of Defendant.

(j)    All deliveries performed by Class Members, including Plaintiff, are pre-arranged and scheduled by Defendant.

(k)    Class Members, including Plaintiff, are required to deliver products solely for Defendant's retail customers.

(l)    Defendant requires Class Members, including Plaintiff, to complete daily sign in/sign out time records, or "Check In" sheets.

(m)    Defendant requires Class Members, including Plaintiff, to work a minimum of eight hours per day.

(n)    Class Members cannot refuse certain deliveries.

33.    Common questions of law that exist include the following:

(a)    Whether Class Members are properly categorized as independent contractors.

(b)    Whether Defendant exercises control, directly or indirectly, over Class Members' wages.

(c)    Whether Defendant exercises control, directly or indirectly, over Class Members' work hours.

- 9 -

Ex A
17

(d)    Whether Defendant exercises control, directly or indirectly, over Class Members' working conditions.

(e)    Whether Class Members are entitled to compensatory damages for violations of the Labor Code as set forth herein.

(f)    Whether Class Members are entitled to reimbursement of work related expenses for violations of the Labor Code as set forth herein.

(g)    Whether Class Members are entitled to attorneys' fees and litigation costs for violations of the Labor Code as set forth herein.

(h)    Whether Class Members are entitled to restitution for the unlawful business practices as set forth herein.

(i)    Whether Class Members are entitled to injunctive relief to enjoin further unlawful business practices as those set forth herein.

(j)    Whether Class Members are entitled to disgorgement of profits for the unlawful business practices as set forth herein.

**C.    Typicality**

34.    Plaintiff's claims are typical of the claims of the Class Members in that Plaintiff and the Class Members performed identical duties for Defendant and were uniformly mis-classified as independent contractors rather than properly classified as employees. Additionally, Plaintiff and all Class Members sustained similar damage arising out of Defendant's common course of conduct, which is in violation of laws and regulations governing the compensation of all California employees.

**D.    Adequacy of Representation**

35.    Plaintiff will fairly and adequately represent and protect the interests of members of the Class. Plaintiff has no interests adverse to the interests of the other Class Members. Proposed class counsel, the Law Office of Todd J. Hilts, Emge &.Associates and the Law Offices of David

– 10 –

Ex A
18

A. Huch, are competent and experienced in litigation, including substantial experience with wage and hour class action litigation.

E.    **Superiority of Class Action**

36.    The nature of this action and the nature of the laws available to Plaintiff make the use of the class action format a particularly effective and appropriate procedure to afford relief to Plaintiff for the wrongs alleged herein:

a.    This case involves a small number of large corporate Defendants and a large number of individual class members with common issues of law and fact;

b.    If each individual member of the CLASS were required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the CLASS with Defendants' vastly superior financial and legal resources;

c.    Requiring each individual member of the CLASS to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the CLASS who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well being;

d.    Proof of a common business practice or factual pattern, of which the members of the CLASS experienced, is representative of the CLASS herein and will establish the right of each of the members of the CLASS to recover on the causes of action alleged herein;

e.    The prosecution of separate actions by the individual members of the CLASS, even if possible, would create a substantial risk of inconsistent and varying verdicts or adjudications with respect to the individual members of the CLASS against Defendants, which would establish potentially incompatible standards of conduct for Defendants and/or legal

- 11 -

Ex A
19

determinations with respect to individual members of the CLASS. Furthermore, the cost to the Court system of adjudication of each individual claim would be substantial.

    f.    An important public interest will be served by addressing the present wage and hour suit as a class action. ("The prompt payment of wages due an employee is a fundamental policy of this state." *Belaire-West Landscaping, Inc. v. Superior Court* (2007) 149 Cal. App. 4th 554, 562.)

## FIRST CAUSE OF ACTION
**(Against All Defendants on Behalf of Plaintiff and the CLASS)**

### Failure to Pay Minimum Wages
**(Labor Code §§ 1194, 1197, 1197.1)**

37.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

38.    During the applicable statutory period, Defendant has maintained a consistent policy of failing to pay minimum wages to Class Members, including Plaintiff, in violation of California's strict wage and hour laws.

39.    As a proximate result of the unlawful acts of Defendant, Plaintiff and the Class Members have been damages in an amount according to proof at the time of trial, and are entitled to recovery of such amount, plus interest thereon, and attorneys' fees and costs pursuant to Labor Code §§ 1194 and 1197.1.

## SECOND CAUSE OF ACTION
**(Against All Defendants on Behalf of Plaintiff and the CLASS)**

### Failure to Provide Proper Meal Breaks, or Compensation in Lieu Thereof
**(Labor Code §§ 226.7, 512; Cal. Code Regs., Title 8 § 11010 sections 7 & 11)**

40.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

41.    By its failure to provide Plaintiff and Class Members with 30-minute meal breaks for each work shift during which they worked in excess of five hours, and by its failure to provide

Ex A
20

1  in lieu compensation, Defendant has violated the provisions of Labor Code §§ 226.7 and 512, and

2  the Title 8 CCR § 11010.

3      42.    By failing to keep time records of meal breaks, as required by Title 8 CCR § 11010,

4  Defendant has failed to satisfy the requirements of California's strict meal break laws and

5  regulations.

6      43.    As a proximate result of Defendant's unlawful acts, Plaintiff and the Class

7  Members has been deprived of state-mandated meal breaks and are each entitled to one hours' pay

8  per day at the regular rate of pay for each such violation as set forth in Labor Code § 226.7 and

9  Title 8 CCR § 11010, plus interest thereon, attorneys' fees and costs.

10              **THIRD CAUSE OF ACTION**
                **(Against All Defendants on Behalf of Plaintiff and the CLASS)**

11

12      **Failure to Provide Proper Rest Periods, or Compensation in Lieu Thereof**
        **(Labor Code § 226.7; Cal. Code Regs., Title 8 § 11010 section 12)**

13      44.    Plaintiff realleges by reference, as if fully set forth herein, all of the above

14  Paragraphs.

15      45.    By its failure to provide Plaintiff and Class Members with 10-minute rest periods

16  for every four hours of work, and by its failure to provide in lieu compensation, Defendant has

17  violated the provisions of Labor Code § 226.7 and Title 8 CCR § 11010.

18      46.    As a proximate result of Defendant's unlawful acts, Plaintiff and the Class

19  Members has been deprived of state-mandated rest periods and are each entitled to one hours' pay

20  per day at the regular rate of pay for each such violation as set forth in Labor Code § 226.7 and

21  Title 8 CCR § 11010, plus interest thereon, attorneys' fees and costs.

22              **FOURTH CAUSE OF ACTION**
                **(Against All Defendants on Behalf of Plaintiff and the CLASS)**

23

24      **Failure to Reimburse for Reasonable Business Expenses**
        **(Labor Code § 2802; Cal. Code Regs., Title 8 § 11010 sections 8 & 9)**

25      47.    Plaintiff realleges by reference, as if fully set forth herein, all of the above

26  Paragraphs.

27

28

COMPLAINT FOR COMPENSATORY DAMAGES, INJUNCTIVE RELIEF, RESTITUTION & DISGORGEMENT OF PROFITS

Ex A
21

48.    Labor Code Section 2802 provides that an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer. Title 8 CCR § 11010(8) provides that "No employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is cause by a dishonest or willful act, or by the gross negligence of the employee."

49.    During the applicable statutory period, Plaintiff and the Class Members incurred necessary expenditures and losses in direct consequence of the discharge of their employment duties and their obedience to the directions of Defendant, including but not limited to:

(a)    Plaintiff and the Class Members have been required to make a deposit of approximately $2,500.00 for use of delivery trucks used to perform home delivery services for Defendant.

(b)    Plaintiff and the Class Members have necessarily incurred expenditures for gasoline, maintenance, repairs and insurance in connection with their operation of delivery trucks used to perform home delivery services for Defendant.    Plaintiff is informed and believes that none of these expenditures or losses were reimbursed by Defendant to Plaintiff and Class Members.

(c)    Plaintiff and the Class Members have necessarily incurred expenditures in connection with cell phones used to communicate with Defendant in order to perform home delivery services for Defendant.    Plaintiff is informed and believes that none of these expenditures or losses were reimbursed by Defendant to Plaintiff and Class Members.

(d)    Plaintiff and the Class Members have been required to purchase and contribute to general liability insurance, automobile and disability insurance to cover accidental injury to them during the course and scope of their

– 14 –

Ex A
22

employment with Defendant, which constitutes workers' compensation insurance. Said deductions have violated Labor Code § 3751(a). Plaintiff is informed and believes that none of these expenditures or losses were reimbursed by Defendant to Plaintiff and Class Members.

(e) Defendant has routinely made deductions from Plaintiff's and Class Members' wages for purported damage to property during the course and scope of their employment with Defendant. Defendant has made said deductions as part of a wrongful attempt to make Plaintiff and Class Members insurers of Defendant's customers' merchandise, which purpose is prohibited by California law. Said deductions were made by Defendant as part of a deliberate subterfuge that has been designed, constructed, implemented and administered to circumvent the clear prohibitions of California case law and Title 8 CCR § 11010.

50. Plaintiff is informed and believes that pursuant to California Labor Code § 2802 and Title 8 CCR § 11010(8) & (9), Plaintiff and Class Members are entitled to recover their un-reimbursed expenditures and losses, interest thereon and attorneys' fees and costs, in amounts to be proven at trial.

## FIFTH CAUSE OF ACTION
### (Against All Defendants on Behalf of Plaintiff and the CLASS)

### Failure to Provide Properly Itemized Wage Statements
### (Labor Code §§ 226 and 226.3; Cal. Code Regs., Title 8 § 11010 sections 7)

51. Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

52. Labor Code Section 226 requires an employer to keep accurate, itemized pay statements. Under California law, gross wages earned, the precise, actual number of hours and minutes worked by a non-exempt employee, all deductions, net wages earned, inclusive dates of the pay period, the name of the employee, the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period must be accurately

– 15 –

Ex A
23

itemized on each pay statement.  Furthermore, the deductions made from payment of wages must be recorded, properly dated, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

53.    During the applicable statutory period, Defendant has routinely failed to provide Class Members, including Plaintiff, at the time of each payment of wages, an itemized statement in writing showing the requirements of Labor Code § 226 and section 7 of Title 8 CCR § 11010. Defendant's failure to provide itemized statements to Class Members, including Plaintiff, has been knowing and intentional and was in clear violation of Labor Code § 226(a).  In direct violation of California law, Defendant has refused to provide Class Members, including Plaintiff, with any record or documentation of expenses deducted from Class Members' earnings.

54.    Plaintiff and the Class Members have suffered injuries as a result of the knowing and intentional failure of Defendant to comply with Labor Code § 226(a) and Title 8 CCR § 11010(7), in that Defendant's failure to provide Class Members with an itemized wage statement made it impossible for Plaintiff and the Class Members to be aware that unlawful deductions were being made from their earnings, that they were not being paid all wages earned, and that in certain instances their wages fell below the statutory hourly minimum wage rates.

55.    Plaintiff is informed and believes, and thereon alleges, that Defendant's knowing and intentional failure to furnish Plaintiff and the Class Members with itemized wage statements, as alleged above, violated Labor Code § 226(a), as well as Title 8 CCR § 11010(7).  Labor Code § 226(e) entitles Plaintiff and the Class Members to recover the greater of their actual damages caused by Defendant's violations, or $50 per employee for the initial pay period in which the violation occurred, and $100 per employee for each violation in subsequent pay periods, not exceeding an aggregate penalty of $4,000 per employee.

- 16 -

Ex A
29

**SIXTH CAUSE OF ACTION**
(Against All Defendants on Behalf of Plaintiff, the CLASS and the General Public)

**Unlawful and Unfair Business Practices**
(Business & Professions Code § 17200 et seq.)

56.     Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

57.     California Business & Professions Code § 17200 defines unfair competition to include "unlawful, unfair or fraudulent business practices."

58.     California Business & Professions Code § 17203 provides that "[t]he court may make such orders or judgments...as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore any person in interest any money or property, real or personal, which may have been acquired by means of unfair competition."

59.     California Business & Professions Code § 17204 provides for suits for injunctive relief, restitution and disgorgement of profits.

60.     Within each of the four years prior to the commencement of this action, Plaintiff is informed and believes, and thereon alleges, that Defendant has unlawfully failed to pay minimum wages and hourly wages to Class Members, including Plaintiff, in violation of Labor Code §§ 510, 1194, 1197 and 1197.1; unlawfully failed to provide meal breaks, or compensation in lieu thereof, to Class Members, including Plaintiff, in violation of Labor Code §§ 226.7 and 512; unlawfully failed to provide rest periods, or compensation in lieu thereof, to Class Members, including Plaintiff, in violation of Labor Code § 226.7; unlawfully failed to reimburse Class Members, including Plaintiff, for reasonable business expenditures in violation of Labor Code § 2802; and unlawfully failed to provide properly itemized wage statements to Class Members, including Plaintiff, in violation of Labor Code § 226.

61.     By committing the alleged acts and/or omissions as described in this Complaint, Defendant has engaged, and continues to engage, in unlawful and/or unfair business practices within the meaning of California Business & Professions Code § 17200 et seq.

Ex A
25

62. Plaintiff alleges, on the basis of information and belief, that as a result of Defendant's alleged acts and/or omissions as described in this Complaint, Defendants has unlawfully and unfairly obtained wages, expenditures, earnings and other compensation due to members of the CLASS, including Plaintiff, and has unlawfully earned profits from such unlawful and/or unfair business practices.

63. A request for injunctive relief, restitution and for the disgorgement of unlawfully earned profits is specifically authorized by California Business & Professions Code § 17200 *et seq.* Thus, on behalf of himself, members of the CLASS, and on behalf of the general public, Plaintiff seeks injunctive relief, restitution (to members of the CLASS, including Plaintiff) of all unlawfully withheld funds, and the disgorgement of all unlawfully earned profits (to members CLASS, including Plaintiff) obtained by Defendant as a result of Defendant's alleged acts and/or omissions as described in this Complaint.

64. Plaintiff is informed and believes, and thereon alleges, that unless restrained and ordered to pay restitution and disgorge profits derived from said unfair and unlawful business practices, Defendant will continue to engage in the alleged acts and/or omissions as described in this Complaint. In addition, unless the Court imposes an injunction against Defendant requiring Defendant to stop making illegal deductions, pay all legal hourly wages, reimburse for necessary expenditures and losses, and provide state-mandated meal breaks, rest periods and itemized wage statements, the members of the CLASS, including Plaintiff, will continue to suffer irreparable harm.

## SEVENTH CAUSE OF ACTION

(Labor Code Private Attorneys General Act of 2004: Labor Code § 2698 *et seq.*)

(On Behalf of PLAINTIFF, the State of California and All Other Aggrieved Employees)

65. Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

66. Plaintiff is informed and believes, and thereon alleges, as set forth herein, Defendant has violated, and continues to violate, several provisions of the California Labor Code,

*Ex A*

*26*

including but not limited to:

    i.    Section 226 (Failure to Keep Adequate Records);

    ii.    Section 226.7 (Failure to Compensate for Missed Meal Break);

    iii.    Section 226.7 (Failure to Compensate for Missed Rest Periods);

    iv.    Section 512 (Failure to Provide Meal Breaks);

    v.    Section 1174 (Failure to Maintain Accurate Time Records);

    vi.    Section 1194 (Failure to Pay Minimum Wages);

    vii.    Section 1197 (Minimum Wage Violations);

    viii.    Section 1197.1 (Failure to Pay Minimum Wages);

    ix.    Section 2802 (Indemnification of Employees for Work-Related Expenditures).

67.     Pursuant to Labor Code Section 2699, Plaintiff brings this cause of action on behalf of himself, the State of California and all other current or former employees of Defendant against whom one or more of the alleged violations was committed and/or is being committed ("aggrieved employees," as defined by Section 2699(c)).

68.     Pursuant to Labor Code Section 2699, Plaintiff seeks to recover from Defendant civil penalties for each Labor Code violation, to be calculated at the rate at which the civil penalty is to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees.

69.     Pursuant to Labor Code Section 2699, for all provisions of the California Labor Code that do not specifically provide for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, Plaintiff seeks to recover from Defendant civil penalties for each Labor Code violation at the following rate: one hundred dollar ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

70.     Pursuant to Section 2699, Plaintiff seeks an award of reasonable attorney's fees and costs for bringing this cause of action on behalf of himself and other past and present employees of

COMPLAINT FOR COMPENSATORY DAMAGES, INJUNCTIVE RELIEF, RESTITUTION & DISGORGEMENT OF PROFITS

Ex A
27

1 | Defendant against whom one or more of the alleged violations was committed.

2 |   71.  In compliance with Section 2699.3, Plaintiff provided Defendant and the California

3 | Labor & Workforce Development Agency ("LWDA") with written notice, via certified mail, of the

4 | specific provisions of the Labor Code alleged to have been violated by Defendant, and the facts

5 | and theories to support the allegations.

6 |   72.  On August 16, 2007, the LWDA notified Defendant and Plaintiff's counsel in

7 | writing that it did not intend to investigate the alleged violations, as asserted by Plaintiff.

8 |   73.  Pursuant to Section 2699.3(a)(2)(A), Plaintiff may commence a civil action against

9 | Defendants for civil penalties on behalf of other aggrieved employees and on behalf of the State of

10 | California.

11 | **PRAYER FOR RELIEF**

12 |   WHEREFORE, PLAINTIFF, on behalf of himself, all others similarly situated, all other

13 | aggrieved employees, and on behalf of the general public, prays for judgment as follows:

14 |   1.  That the Court issue an Order certifying the CLASS herein, appointing the named

15 | Plaintiff as representative of all others similarly situated and appointing the law firms representing

16 | the named Plaintiff as counsel for members of the CLASS;

17 | As to the First Cause of Action for Minimum Wages and Hourly Wages on Behalf of the PAC

18 | CLAY CLASS and the PAC AGG SUBCLASS

19 |   2.  For compensatory damages according to proof, including all wages due and owing

20 | as a result of Defendant's failure to pay minimum wages and hourly wages to members of the

21 | CLASS;

22 |   3.  For pre-judgment interest at the legal rate pursuant to Civil Code Section 3289 and

23 | Labor Code Section 1194;

24 |   4.  For attorneys' fees and costs pursuant to Labor Code Section 1194, or as otherwise

25 | permitted by statute;

26 |   5.  For such other and further relief as the court deems just and proper;

27 |

28 |

- 20 -

COMPLAINT FOR COMPENSATORY DAMAGES, INJUNCTIVE RELIEF, RESTITUTION & DISGORGEMENT OF PROFITS

Ex A
28

<u>As to the Second Cause of Action for Failure to Provide Meal Breaks, Or Compensation in Lieu Thereof on Behalf of the CLASS</u>

6.    For compensatory damages in the form of additional wages equal to one hour's regular pay for each member of the CLASS for each work shift in which such member worked five or more hours without being provided with the required meal period;

7.    For pre-judgment interest at the legal rate pursuant to Civil Code Section 3289 and Labor Code Section 218.6;

8.    For attorneys' fees and costs pursuant to Labor Code Section 218.5, or as otherwise permitted by statute;

9.    For such other and further relief as the court deems just and proper;

<u>As to the Third Cause of Action for Failure to Provide Meal Breaks, Or Compensation in Lieu Thereof on Behalf of the CLASS</u>

10.    For compensatory damages in the form of additional wages equal to one hour's regular pay for each member of the CLASS for each work period in which such member worked four hours without being provided with the required rest period;

11.    For pre-judgment interest at the legal rate pursuant to Civil Code Section 3289 and Labor Code Section 218.6;

12.    For attorneys' fees and costs pursuant to Labor Code Section 218.5, or as otherwise permitted by statute;

13.    For such other and further relief as the court deems just and proper;

<u>As to the Fourth Cause of Action for Indemnification of Employees for Expenditures or Losses in Discharge of Duties or Obedience to Directions on Behalf of the CLASS</u>

14.    For compensatory damages according to proof, including but not limited to expenditures, losses, lost wages, earnings and other employee benefits and all other sums of money

Ex A
29

25.    For issuance of a permanent injunction enjoining Defendant from continuing to engage in the unlawful and unfair business practices alleged herein;

26.    For interest at the legal rate pursuant to Civil Code Section 3289, Labor Code section 1194 and Labor Code Section 218.6;

27.    For attorneys' fees and costs pursuant to Labor Code Section 218.5, Labor Code Section 1194, Code of Civil Procedure Section 1021.5 and as otherwise permitted by statute;

28.    For such other and further relief as the court deems just and proper;

As to the Seventh Cause of Action for Labor Code Private Attorneys General Act of 2004 on Behalf of PLAINTIFF, all Aggrieved Employees and the State of California

29.    For civil penalties, according to the method of calculations and distribution set forth in Labor Code Section 2699;

30.    For attorneys' fees pursuant to Labor Code Section 2699 or as otherwise permitted by statute;

31.    For costs of suit incurred herein;

32.    For such other and further relief as the court deems just and proper.

DATED:  December 4, 2007

EMGE & ASSOCIATES

Derek J. Emge
550 West "C" Street, Suite 1600
San Diego, CA  92101

LAW OFFICE OF TODD J. HILTS
Todd J. Hilts
2214 2nd Ave
San Diego, CA 92101

LAW OFFICES OF DAVID A. HUCH
David A. Huch
7040 Avenida Encinas, Suite 104
Carlsbad, CA 92011

Attorneys for Plaintiff, JOSUE SOTO, Individually, on behalf of all others similarly situated, all aggrieved employees, and on behalf of the General Public.

– 23 –

COMPLAINT FOR COMPENSATORY DAMAGES, INJUNCTIVE RELIEF, RESTITUTION & DISGORGEMENT OF PROFITS

Ex A
30

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:    330 West Broadway
MAILING ADDRESS:   330 West Broadway
CITY AND ZIP CODE:  San Diego, CA 92101
BRANCH NAME:       Central.
TELEPHONE NUMBER:  (619) 685-6022

PLAINTIFF(S) / PETITIONER(S):    Josue Soto

DEFENDANT(S) / RESPONDENT(S):   Diakon Logistics (Delaware), Inc.

SOTO VS. DIAKON LOGISTICS (DELAWARE), INC.

| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2007-00083029-CU-OE-CTL |
|---|---|

Judge:  Charles R. Hayes                                    Department: C-66

**COMPLAINT/PETITION FILED: 12/05/2007**

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

Ex A
31

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2007-00083029-CU-OE-CTL    CASE TITLE: Soto vs. Diakon Logistics (Delaware), Inc.

### NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

### ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the current schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

*Ex A*

**32**

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

SDSC Civ-730 (Rev 12-06)

Page: 2

*Ex A*
*33*

2

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:      330 West Broadway<br>MAILING ADDRESS:   330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME:      Central | |

| PLAINTIFF(S):    Josue Soto |
|---|
| DEFENDANT(S): Diakon Logistics (Delaware), Inc. |
| SHORT TITLE:    SOTO VS. DIAKON LOGISTICS (DELAWARE), INC. |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS<br>(CRC 3.221) | CASE NUMBER:<br>37-2007-00083029-CU-OE-CTL |
|---|---|

Judge: Charles R. Hayes                                              Department: C-66

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐  Court-Referred Mediation Program                    ☐  Court-Ordered Nonbinding Arbitration

☐  Private Neutral Evaluation                          ☐  Court-Ordered Binding Arbitration (Stipulated)

☐  Private Mini-Trial                                  ☐  Private Reference to General Referee

☐  Private Summary Jury Trial                          ☐  Private Reference to Judge

☐  Private Settlement Conference with Private Neutral  ☐  Private Binding Arbitration

☐  Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____          Date: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Name of Plaintiff                                     Name of Defendant

_____                      _____
Signature                                             Signature

Name of Plaintiff's Attorney                          Name of Defendant's Attorney

_____                      _____
Signature                                             Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 12/05/2007                          _____
                                            JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1

3

$Ex A$
$34$

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Derek J. Emge SBN 161105
Emge & Associates
550 West C Street, Suite 1600
San Diego, CA 92101

TELEPHONE NO.: (619) 595-1400    FAX NO.: (619) 595-1480
ATTORNEY FOR *(Name):* Josue Soto

FOR COURT USE ONLY

07 DEC -5 AM 11:33

SAN DIEGO COUNTY, CA

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

CASE NAME: Soto v. Diakon Logistics (Delaware) Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2007-00083029-CU-OE-CTL |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)

[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 7; meal breaks, rest periods, reimbursements, PAGA, UCL
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 4, 2007

Derek J. Emge
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
SD-CV51

Ex A
35

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
Derek J. Emge SBN 161105
Emge & Associates
550 West C Street, Suite 1600
San Diego, CA 92101

TELEPHONE NO.: (619) 595-1400    FAX NO.: (619) 595-1480
ATTORNEY FOR (Name): Josue Soto

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
- [ ] COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
- [x] HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
- [ ] FAMILY COURT, 1501 6TH AVE., SAN DIEGO, CA 92101-3296
- [ ] MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
- [ ] NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643
- [ ] EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
- [ ] RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
- [ ] SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649
- [ ] JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792

PLAINTIFF(S) Josue Soto

DEFENDANT(S) Diakon Logistics (Delaware), Inc.

IN THE MATTER OF Soto v. Diakon Logistics

A MINOR

JUDGE: Charles R. Hayes

DEPT: C-66

**PEREMPTORY CHALLENGE**
(CCP 170.6; Superior Court Rules, Division II, Rule 5.5)

CASE NUMBER
37-2007-00083029-CU-OE-CTL

Derek J. Emge _____, is [ ] a party [x] an attorney for a party in the
above-entitled case and declares that Hon. Charles R. Hayes _____, the Judge to whom this case
is assigned, is prejudiced against the party or the party's attorney or the interests of the party or the party's attorney such
that the said party or parties believe(s) that a fair and impartial trial or hearing cannot be had before such Judge.

WHEREFORE, pursuant to the provisions of §170.6 of the California Code of Civil Procedure, I respectfully request that this
Court issue its order reassigning said case to another, and different, Judge for further proceedings.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Emge & Associates

Dated: December 5, 2007

Derek J. Emge SBN 161105
(Signature)

[ ] GRANTED    [ ] DENIED    **ORDER OF THE COURT**

This case is referred to Presiding/Supervising Department for reassignment and a Notice will be mailed to counsel.

Dated: _____

_____
Judge of the Superior Court

**FOR OFFICE USE ONLY**

This case has been reassigned to Judge _____ per Presiding/Supervising Judge

on _____

Exhibit "B"

1 | Christopher C. McNatt, Jr.
  | Cal. Bar No. 174559
2 | SCOPELITIS, GARVIN, LIGHT,
  | HANSON & FEARY, LLP
3 | 2 North Lake Avenue, Suite 460
  | Pasadena, CA 91101
4 | (626) 795-4700
5 | Fax:  (626) 795-4790
  | cmcnatt@scopelitis.com
6 |
7 | Attorney for Defendant
8 |

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**
**IN AND FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| JOSUE SOTO, Individually, on Behalf of All Others Similarly Situated, and on Behalf of the General Public, | ) ) )    Case No. 37-2007-83029-CV-OE-CTL |
| Plaintiff, | ) ) ) |
| vs. | ) )    NOTICE OF REMOVAL TO |
| DIAKON LOGISTICS (DELAWARE), INC., a foreign corporation; and DOES 1 through 50, inclusive, | )    ADVERSE PARTIES AND STATE )    COURT CLERK ) ) ) |
| Defendants. | ) ) ) |

You are hereby notified that Defendant, Diakon Logistics (Delaware), Inc., has on January 4, 2008, filed in the U.S. District Court for the Southern District of California its Notice of Removal of this case.  A copy of the Notice of Removal is attached hereto.

Respectfully submitted,

**SCOPELITIS, GARVIN, LIGHT,**
**HANSON & FEARY, LLP**

By:_____
    Christopher C. McNatt, Jr.

Attorney for Defendant, Diakon Logistics (Delaware), Inc.

Ex B
38

Notice of Removal to Adverse Parties

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following counsel of record by first-class, U.S. mail, postage prepaid, this 3rd day of January, 2008:

Todd J. Hilts
Law Office of Todd J. Hilts
2214 Second Avenue
San Diego, California 92101

Derek J. Emge
Emge & Associates
550 West C Street, Suite 1600
San Diego, California 92101

David A. Huch
Law Offices of David A. Huch
7040 Avenida Encinas, Suite 104
Carlsbad, California 92011

Christopher C. McNatt, Jr.
Attorney for Defendant, Diakon Logistics
(Delaware), Inc.

h:\users\bleive\documents\diakon\by soto 10610.72\superior court case\notice of party.doc

# 39

Notice of Removal

ORIGINAL

✎ JS 44  (Rev. 11/04)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED
JAN – 4 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**I. (a) PLAINTIFFS**

JOSUE SOTO, Individually, on behalf of all other similarly situated, and on behalf of the General Public,

**DEFENDANTS**

Diakon Logistics (Delaware), Inc.

(b) County of Residence of First Listed Plaintiff    San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

See attached sheet

Attorneys (If Known)

Christopher C. McNatt Jr., Scopelitis Garvin Light Hanson & Feary, LLP, 2 N. Lake Ave., Suite 460, Pasadena, CA 91101. (626) 795-9700

'08 CV 0033 L AJB

| II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)* | | III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff* |
|---|---|---|
| | | *(For Diversity Cases Only)* and One Box for Defendant) |

| | | | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question (U.S. Government Not a Party) | Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| | | | | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt. Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☒ 790 Other Labor Litigation | or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | 26 USC 7609 | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

| V. ORIGIN | *(Place an "X" in One Box Only)* | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sect.1332(a)(1)(d)(2)
Brief description of cause:
Class action seeking employment reclassification and damages under California law for wages & business exp.

| VII. REQUESTED IN COMPLAINT: | ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint: JURY DEMAND:  ☐ Yes  ☒ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | *(See instructions)* | JUDGE _____ | DOCKET NUMBER _____ |
|---|---|---|---|

DATE    January 3, 2008

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 146173    AMOUNT $350    117108884    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon the following counsel of record by first-class, U.S. mail, postage prepaid, this 3rd day of January, 2008:

Todd J. Hilts
Law Office of Todd J. Hilts
2214 Second Avenue
San Diego, California 92101

Derek J. Emge
Emge & Associates
550 West C Street, Suite 1600
San Diego, California 92101

David A. Huch
Law Offices of David A. Huch
7040 Avenida Encinas, Suite 104
Carlsbad, California 92011

Christopher C. McNatt, Jr.
Attorney for Defendant, Diakon Logistics
(Delaware), Inc.

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 146173    — BH**
**\* \* C O P Y \* \***
**January 07. 2008**
**11:31:08**

**Civ Fil Non-Pris**
USAO #.: 08CV0033 CIVIL FILING
Judge..: M. JAMES LORENZ
Amount.:                    $350.00 CK
Check#.: PC# 1086

**Total—>  $350.00**

FROM: CIVIL FILING
      SOTO V. DIAKON LOGISTICS