Christopher C. McNatt, Jr.
Cal. Bar. No. 174559
SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, LLC
cmcnatt@scopelitis.com
2 North Lake Avenue, Suite 460
Pasadena, CA  91101
(626) 795-4700
Fax:  (626) 795-4790

Attorney for Defendant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSUE SOTO, Individually, on Behalf of All Others Similarly Situated, and on Behalf of the General Public,<br><br>Plaintiff,<br><br>vs.<br><br>DIAKON LOGISTICS (DELAWARE) INC., a foreign corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 08-CV-0033-L-AJB<br><br>**CLASS ACTION**<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT, AND COUNTERCLAIM FOR INDEMNITY** |

Defendant-Counterclaimant, Diakon Logistics (Delaware) Inc. ("Diakon"), by counsel, and pursuant to Fed.R.Civ.P. 8(b) and (c) and 13(a) respectfully submits the following Answer and Affirmative Defenses to Plaintiffs' Complaint for Compensatory Damages, Injunctive Relief, Restitution, Disgorgement of Profits, and Civil Penalties (the "Complaint") filed by Plaintiff, Josue Soto, and the following Counterclaim for Indemnity:

**ANSWER**

**I.**
**Introduction**

1. Diakon denies the allegations contained in paragraph 1 of the Complaint.

2. Diakon admits Plaintiff purports to bring this action pursuant to the statutory and regulatory provisions set out in paragraph 2 of the Complaint, but denies the remaining allegations contained in paragraph 2 of the Complaint.

3. Diakon admits Plaintiff purports to bring this action pursuant to the statutes identified in paragraph 3 of the Complaint, but denies the remaining allegations contained in paragraph 3 of the Complaint.

## II.
## Jurisdiction and Venue

4. For its answer to paragraph 4, Diakon incorporates by reference its answers to paragraphs 1 through 3 of the Complaint.

5. The allegations contained in paragraph 5 are denied as moot as a result of the removal of this case to this Court. This Court has jurisdiction in this case.

6. The allegations contained in paragraph 6 are denied as moot as a result of the removal of this case to this Court. Diakon is subject to personal jurisdiction in this case.

7. The allegations contained in paragraph 7 regarding venue are denied as moot as a result of the removal of this case to this Court. Venue is proper in this Court. Diakon denies the remaining allegations contained in paragraph 7 of the Complaint.

## III.
## Parties

8. For its answer to paragraph 8, Diakon incorporates by reference its answers to paragraphs 1 through 7 of the Complaint.

9. Diakon admits Plaintiff is an adult, is without information sufficient to form a belief as to Plaintiff's competency and therefore denies the same, and denies the remaining allegations contained in paragraph 9 of the Complaint.

10. Diakon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and therefore denies the same.

11. Diakon admits the allegations contained in paragraph 11 of the Complaint.

12. Diakon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and therefore denies the same.

13. Diakon denies the allegations contained in paragraph 13 of the Complaint.

14. Diakon denies the allegations contained in paragraph 14 of the Complaint.

15. The allegations in paragraph 15 of the Complaint do not require a response. To the extent a response is required, Diakon denies the allegations contained in paragraph 15 of the Complaint.

16. Diakon denies the allegations contained in paragraph 16 of the Complaint.

## IV.
## Factual Background

17. For its answer to paragraph 17, Diakon incorporates by reference its answers to paragraphs 1 through 16 of the Complaint.

18. Diakon admits the allegations contained in paragraph 18 of the Complaint.

19. Diakon admits it helps facilitate the delivery of merchandise for its retail customers through independent contractor transportation service providers like Plaintiff, admits certain independent contractor transportation service providers it has utilized have performed services using vehicles leased from Diakon, but denies the remaining allegations contained in paragraph 19 of the Complaint.

20. Diakon admits certain of the independent contractor transportation service providers it has utilized have performed services in vehicles leased from Diakon, admits it

provides Plaintiff and independent contractor transportation service providers like him the opportunity to deliver items based upon the requirements of Diakon's customers, admits the content of its website, www.diakonlogistics.com, speaks for itself, admits that pursuant to the Federal Motor Carrier Safety Regulations ("FMCSR") it requires independent contractor transportation service providers like Plaintiff to complete a record of their on-duty hours on a daily basis, but denies the remaining allegations contained in paragraph 20 of the Complaint.

21.    Diakon admits that the content of its website, www.diakonlogistics.com, speaks for itself, but denies the remaining allegations contained in paragraph 21 of the Complaint.

22.    Diakon denies the allegations contained in paragraph 22 of the Complaint.

23.    Diakon denies the allegations contained in paragraph 23 of the Complaint.

24.    Diakon denies the allegations contained in paragraph 24 of the Complaint.

25.    Diakon denies the allegations contained in paragraph 25 of the Complaint.

26.    Diakon denies the allegations contained in paragraph 26 of the Complaint.

## V.
## Class Allegations

27.    For its answer to paragraph 28, Diakon incorporates by reference its answers to paragraphs 1 through 27 of the Complaint.

28.    Diakon admits that Plaintiff is seeking to bring this action on behalf of himself and all others similarly situated as a class action, but denies the remaining allegations contained in paragraph 28 of the Complaint.

29.    The allegations in paragraph 29 of the Complaint do not require a response. To the extent a response is required, Diakon denies the allegations contained in paragraph 29 of the Complaint.

30. Diakon denies the allegations contained in paragraph 30 of the Complaint.

**A.    Numerosity**

31. Diakon admits it has used the services of more than 100 independent contractor transportation service providers in the State of California, but denies the remaining allegations contained in paragraph 31 of the Complaint.

**B.    Common Questions Predominate**

32. Diakon denies the allegations contained in paragraph 32 of the Complaint, and further states:

(a) Diakon admits that independent contractor transportation service providers like Plaintiff perform their services pursuant to written "Service Agreements," but denies the remaining allegations contained in subparagraph 32(a) of the Complaint.

(b) Diakon admits certain independent contractor transportation service providers it has utilized have performed services in vehicles leased for a limited period of time from Diakon, but denies the remaining allegations contained in subparagraph 32(b) of the Complaint.

(c) Diakon admits certain of the independent contractor transportation service providers it has utilized have performed services in vehicles leased for a limited period of time from Diakon, but denies the remaining allegations contained in subparagraph 32(c) of the Complaint.

(d) Diakon admits it utilizes technology to meet the expectations and requirements of its customers, but denies the remaining allegations contained in paragraph 32(d) of the Complaint.

(e) Diakon denies the allegations of subparagraph 32(e).

(f) Diakon admits that the compensation, to which Plaintiff and other independent contractor transportation service providers like him are entitled, is distributed bi-monthly, but denies the remaining allegations contained in subparagraph 32(f) of the Complaint.

(g) Diakon denies the allegations of subparagraph 32(g) of the Complaint.

(h) Diakon denies the allegations contained in subparagraph 32(h) of the Complaint.

(i) Diakon denies the allegations contained in subparagraph 32(i) of the Complaint.

(j) Diakon denies the allegations contained in subparagraph 32(j) of the Complaint.

(k) Diakon denies the allegations contained in subparagraph 32(k) of the Complaint.

(l) Diakon admits that, pursuant to the FMCSR, it requires Plaintiff and independent contractor transportation service providers to complete a record of their on-duty hours on a daily basis, but denies the remaining allegations contained in subparagraph 32(l) of the Complaint.

(m) Diakon denies the allegations of subparagraph 32(m) of the Complaint.

(n) Diakon denies the allegations of subparagraph 32(n) of the Complaint.

33. The allegations contained in paragraph 33 of the Complaint are questions of law to which no response is required. To the extent a response is required, Diakon denies the allegations contained in paragraph 33 of the Complaint.

**C.**     **Typicality**

34. Diakon denies the allegations contained in paragraph 34 of the Complaint.

**D.**     **Adequacy of Representation**

35. Diakon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

**E.**     **Superiority of Class Action**

36. Diakon denies the allegations contained in paragraph 36 of the Complaint.

**FIRST CAUSE OF ACTION**
**(Against All Defendant on Behalf of Plaintiff and the CLASS)**

**Failure to Pay Minimum Wages**

37. For its answer to paragraph 37, Diakon incorporates by reference its answers to paragraphs 1 through 37 of the Complaint.

38. Diakon denies the allegations contained in paragraph 38 of the Complaint.

39. Diakon denies the allegations contained in paragraph 39 of the Complaint.

**SECOND CAUSE OF ACTION**
**(Against All Defendant on Behalf of Plaintiff and the CLASS)**

**Failure to Provide Proper Meal Breaks, or Compensation in Lieu Thereof**

40. For its answer to paragraph 40, Diakon incorporates by reference its answers to paragraphs 1 through 40 of the Complaint.

41. Diakon denies the allegations contained in paragraph 41 of the Complaint.

42. Diakon denies the allegations contained in paragraph 42 of the Complaint.

43. Diakon denies the allegations contained in paragraph 43 of the Complaint.

**THIRD CAUSE OF ACTION**
**(Against All Defendant on Behalf of Plaintiff and the CLASS)**

**Failure to Provide Proper Rest Periods, or Compensation in Lieu Thereof**

44. For its answer to paragraph 44, Diakon incorporates by reference its answers to paragraphs 1 through 44 of the Complaint.

45. Diakon denies the allegations contained in paragraph 45 of the Complaint.

46. Diakon denies the allegations contained in paragraph 46 of the Complaint.

**FOURTH CAUSE OF ACTION**
**(Against All Defendant on Behalf of Plaintiff and the CLASS)**

**Failure to Reimburse for Reasonable Business Expenses**

47. For its answer to paragraph 47, Diakon incorporates by reference its answers to paragraphs 1 through 47 of the Complaint.

48. Diakon denies the allegations contained in paragraph 48 of the Complaint.

49. Diakon denies the allegations contained in paragraph 49 of the Complaint.

50. Diakon denies the allegations contained in paragraph 50 of the Complaint.

**FIFTH CAUSE OF ACTION**
**(Against All Defendant on Behalf of Plaintiff and the CLASS)**

**Failure to Provide Properly Itemized Wage Statements**

51. For its answer to paragraph 51, Diakon incorporates by reference its answers to paragraphs 1 through 51 of the Complaint.

52. The allegations contained in paragraph 52 of the Complaint are assertions of law to which no answer is required. To the extent an answer is required, Diakon denies the allegations contained in paragraph 52 of the Complaint.

53. Diakon denies the allegations contained in paragraph 53 of the Complaint.

54. Diakon denies the allegations contained in paragraph 54 of the Complaint.

55. Diakon denies the allegations contained in paragraph 55 of the Complaint.

**SIXTH CAUSE OF ACTION**
**(Against All Defendant on Behalf of Plaintiff and the CLASS)**

**Unlawful and Unfair Business Practices**

56. For its answer to paragraph 56, Diakon incorporates by reference its answers to paragraphs 1 through 56 of the Complaint.

57. The allegations contained in paragraph 57 of the Complaint are assertions of law to which no answer is required. To the extent an answer is required, Diakon denies the allegations contained in paragraph 57 of the Complaint.

58. The allegations contained in paragraph 58 of the Complaint are assertions of law to which no answer is required. To the extent an answer is required, Diakon denies the allegations contained in paragraph 58 of the Complaint.

59. The allegations contained in paragraph 59 of the Complaint are assertions of law to which no answer is required. To the extent an answer is required, Diakon denies the allegations contained in paragraph 59 of the Complaint.

60. Diakon denies the allegations contained in paragraph 60 of the Complaint.

61. Diakon denies the allegations contained in paragraph 61 of the Complaint.

62. Diakon denies the allegations contained in paragraph 62 of the Complaint.

63. The allegations set out in paragraph 63 of the Complaint relating to relief purportedly authorized by the California Business and Professions Code are assertions of law to which no answer is required. To the extent an answer is required, Diakon denies those allegations, and denies the remaining allegations contained in paragraph 63 of the Complaint.

64. Diakon denies the allegations contained in paragraph 64 of the Complaint.

**SEVENTH CAUSE OF ACTION**

65. For its answer to paragraph 65, Diakon incorporates by reference its answers to paragraphs 1 through 65 of the Complaint.

66. Diakon denies the allegations contained in paragraph 66 of the Complaint.

67. Diakon admits that Plaintiff seeks to bring this action on behalf of himself and all other similarly situated independent contractor transportation service providers, but denies the remaining allegations of paragraph 67 of the Complaint.

68. Diakon denies the allegations contained in paragraph 68 of the Complaint.

69. Diakon denies the allegations contained in paragraph 69 of the Complaint.

70. Diakon denies the allegations contained in paragraph 70 of the Complaint.

71. Diakon admits it received a copy of a letter from Derek J. Emge, counsel for Plaintiff, to the California Labor and Workforce Development Agency (the "LWDA") dated July 18, 2007, purporting to notify the LWDA of alleged violations of the California Labor Code, but denies the remaining allegations contained in paragraph 71 of the Complaint.

72. Diakon admits that it received a copy of a letter from the LWDA dated August 16, 2007, purporting to advise that the LWDA did not intend to investigate certain allegations, but denies the remaining allegations contained in paragraph 72 of the Complaint.

73. The allegations in paragraph 73 of the Complaint are assertions of law to which no response is required. To the extent a response is required, the allegations are denied.

WHEREFORE, Defendant Diakon Logistics (Delaware), Inc. respectfully requests that Plaintiff takes nothing by way of the Complaint, for an award of attorneys fees and costs of this action, and for all other necessary and proper relief.

**AFFIRMATIVE DEFENSES**

1. As an independent contractor, Plaintiff is not entitled to any of the relief requested.

2. Plaintiff has failed to state a claim upon which relief can be granted on all causes of action because, even if Plaintiff was an employee of Diakon, he was not entitled to the benefits and protections afforded by the California statutes identified in the Complaint.

3. The Complaint should be dismissed because Plaintiff has failed to join persons needed for just adjudication, including Saybe's, LLC.

4. The Complaint should be dismissed because Plaintiff is not the real party in interest.

5. The Complaint should be dismissed because Plaintiff has failed to exhaust all administrative remedies available and required to secure the benefits and protections to which he claims to have been entitled pursuant to California law.

6. Plaintiff's Complaint should be dismissed because questions regarding the benefits and protections to which Plaintiff claims to have been entitled, including Plaintiff's entitlement to those benefits, and the amount of any benefits, are within the exclusive and primary jurisdiction of certain California state administrative agencies.

7. Plaintiff's claims for damages are barred, in whole or in part, by Plaintiff's failure to mitigate his damages.

8. Plaintiff has been reimbursed for all of his alleged business expenses through compensation he received for his services and therefore cannot recover those expenses.

9. Some or all of Plaintiff's claims are barred by the doctrine of laches.

10. Some or all of Plaintiff's claims are barred by the doctrine of payment.

11. Some or all of Plaintiff's claims are barred by the doctrine of waiver.

12. Some or all of Plaintiff's claims are barred by the doctrine of estoppel.

13. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

14. Some or all of Plaintiff's claims are barred to the extent they are preempted by federal statutes and regulations applicable to motor carriers.

15. Some or all of Plaintiff's claims are barred because Plaintiff consented to the alleged conduct of Diakon.

16. Some or all of Plaintiff's claims should be reduced by the doctrine of set off.

17. Plaintiff is not entitled to any penalty award under any California Labor Code provision because at all times relevant and material herein, Diakon acted in good faith and had reasonable grounds for believing that it did not violate the wage provisions of the California Labor Code.

18. Diakon will rely on all defenses lawfully available to it at the time of trial and reserves the right to amend its answer and affirmative defenses to include additional defenses after the completion of discovery.

WHEREFORE, Diakon respectfully requests that Plaintiff takes nothing by way of the Complaint, for an award of attorney fees and costs of this action, and for all other necessary and proper relief.

## **COUNTERCLAIM FOR INDEMNITY**

### **Parties**

1. Diakon is a Delaware corporation with its principal place of business in Virginia, and is therefore a citizen of the states of Delaware and Virginia. Diakon is a national warehousing, logistics, and home delivery service provider serving various retailers

1. in California. Diakon utilizes the services of independent contractor transportation service providers like Plaintiff to facilitate the delivery of merchandise for Diakon's customers.

2. Plaintiff is a resident and therefore a citizen of California and entered into a Service Agreement (the "Service Agreement") with Diakon on or about May 4, 2005, pursuant to which Plaintiff agreed to provide transportation services to Diakon. A copy of the Service Agreement is attached hereto as Exhibit A.

**Jurisdiction and Venue**

3. This Court has supplemental jurisdiction over the Counterclaim under 28 U.S.C. § 1367(a) because the claims asserted in the Counterclaim are so related to the claims asserted in the Complaint that they form a part of the same case and controversy under Article III of the United States Constitution.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a).

**Facts**

5. In the Service Agreement, Plaintiff agreed, among other things, to transport items for Diakon's customers as an independent contractor.

6. The Service Agreement provides that Plaintiff will

> indemnify the Company [Diakon] harmless from any and all claims, losses, liabilities, costs and expenses of any kind whatsoever, including, without limitation, attorneys' fees (all of the foregoing being collectively referred to as "Indemnified Amounts") incurred by or asserted against the Company and arising out of, or resulting from, in whole or in part, the Contractor's [Soto's] performance including, without limitation, Indemnified Amounts arising out of, or resulting from, in whole or in part, the Contractor's performance of the services arising out of or relating to this agreement ….

Service Agreement, § 6.

7. The Service Agreement further provides that Plaintiff will

> pay to the Company [Diakon], on demand, any and all amounts necessary to indemnify the Company from and against all such

> Indemnified Amounts incurred by or asserted against the Company, and the Company shall have the right to set-off any such Indemnified Amounts against any amounts owed by the Company to the Contractor [Soto] under this Agreement.

Service Agreement, § 6.

8. The claims asserted by Plaintiff in this case, and the expenses Diakon has incurred to defend against them, arise out of and result from Plaintiff's performance under the Service Agreement.

9. Pursuant to the Service Agreement, Plaintiff must indemnify, defend, and hold Diakon harmless from and against any and all claims, losses, costs, and expenses, including but not limited to judgments, reasonable attorneys' fees, and costs, resulting from or arising out of the claims Plaintiff has asserted in this case.

WHEREFORE, Diakon requests an award against Plaintiff in an amount sufficient to fully and completely indemnify Diakon from and against any and all claims, losses, costs, and expenses, including but not limited to judgments, reasonable attorneys' fees, and costs, resulting from or arising out of the claims Plaintiff has asserted in this case, plus pre-judgment and post-judgment interest, and any other relief this Court deems equitable and just.

## **DEMAND FOR JURY TRIAL**

Diakon demands a trial by jury of all claims as to which it is entitled to a jury trial.

Dated: <u>January 11, 2008</u>              Respectfully submitted,

**SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY**

By: <u>*/s/Christopher C. McNatt Jr.*</u>
Christopher C. McNatt Jr.

Attorney for Defendant, Diakon Logistics (Delaware) Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically this January 11, 2008. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Derek J. Emge
EMGE & ASSOCIATES
550 West C Street, Suite 1600
San Diego, California  92101

I hereby certify that on January 11, 2008, a copy of the foregoing was mailed by first class United States mail, postage prepaid, to the following:

| | |
|---|---|
| Todd J. Hilts | David A. Huch |
| LAW OFFICE OF TODD J. HILTS | LAW OFFICES OF DAVID A. HUCH |
| 2214 Second Avenue | 7040 Avenida Encinas, Suite 104 |
| San Diego, California  92101 | Carlsbad, California  92011 |

<u>*/s/Christopher C. McNatt Jr.*</u>
Christopher C. McNatt Jr.

SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY
2 North Lake Avenue, Suite 460
Pasadena, CA  91101
(626) 795-4700
Fax:  (626) 795-4790
e-mail:  cmcnatt@scopelitis.com