SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY
James H. Hanson, Pro Hac Vice, Ind. Bar No. 08100-49
jhanson@scopelitis.com
Robert L. Browning, Pro Hac Vice, Ind. Bar No. 15128-49
rbrowning@scopelitis.com
R. Jay Taylor Jr., Pro Hac Vice, Ind. Bar No. 19693-53
jtaylor@scopelitis.com
10 West Market Street, Suite 1500
Indianapolis, IN 46204
(317) 637-1777
Fax: (317) 687-2414

Christopher C. McNatt, Jr., Cal. Bar No. 174559
cmcnatt@scopelitis.com
2 North Lake Avenue, Suite 460
Pasadena, CA 91101
(626) 795-4700
Fax: (626) 795-4790

Attorneys for Diakon Logistics (Delaware) Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSUE SOTO, Individually, on Behalf of All Others Similarly Situated, and on Behalf of the General Public,<br>     Plaintiff and Counterclaim Defendant,<br>  vs.<br>DIAKON LOGISTICS (DELAWARE) INC., a foreign corporation;<br>     Defendant and Counterclaimant,<br>and<br>DOES 1 through 50, inclusive,<br>     Defendants. | **CASE NO. 08-CV-0033-L-AJB**<br><br>**CLASS ACTION**<br><br><br><br>**THIRD-PARTY COMPLAINT** |
| DIAKON LOGISTICS (DELAWARE) INC.,<br>     Third-Party Plaintiff,<br>  vs.<br>SAYBE'S, LLC,<br>     Third-Party Defendant. | |

Defendant/Counterclaimant/Third-Party Plaintiff, Diakon Logistics (Delaware), Inc. ("Diakon"), by counsel, pursuant to Fed.R.Civ.P. 14(a) and for its Third-Party Complaint against Third-Party Defendant, Saybe's, LLC ("Saybe's"), states as follows:

**Parties**

1. Diakon is, and at all relevant times was, incorporated under the laws of Delaware and headquartered in Virginia, and is accordingly a citizen of both Delaware and Virginia pursuant to 28 U.S.C. § 1332(c). Diakon is a national warehousing, logistics, and home delivery service provider serving various retailers in California. Diakon utilizes the services of independent contractor transportation service providers like Saybe's to facilitate the delivery of merchandise for Diakon's customers.

2. Saybe's is believed to be a single-member limited liability company organized pursuant to the laws of the state of California, and headquartered in La Mesa, California. Plaintiff/Counterclaim Defendant, Josue Soto ("Soto"), is believed to be the sole member of Saybe's.

**Jurisdiction And Venue**

3. This Court has supplemental jurisdiction over the claims asserted in the Third-Party Complaint under 28 U.S.C. § 1367(a) because the claims asserted in the Third-Party Complaint are so related to the claims asserted in the Complaint that they form a part of the same case and controversy under Article III of the United States Constitution.

4. This Court also has jurisdiction over the claims asserted in the Third-Party Complaint under 28 U.S.C. § 1332 because the amount in controversy, on information and belief, exceeds $75,000, and because the claims are between citizens of different states.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a).

**Facts**

6. Saybe's and Diakon entered into a Service Agreement on or about November 2, 2005 (the "2005 Service Agreement), and another Service Agreement on or about November 2, 2006 (the "2006 Service Agreement"), pursuant to which Saybe's agreed, among other things, to transport items for Diakon's customers as an independent contractor. Copies of the 2005 and 2006 Service Agreements are attached hereto as *Exhibits A* and *B* respectively.

7. Soto executed both the 2005 and 2006 Service Agreements on behalf of Saybe's and performed transportation services that Saybe's provided to Diakon pursuant to the 2005 and 2006 Service Agreements.

8. The 2006 Service Agreement provides that Plaintiff will

> defend, indemnify and hold the Company [Diakon] harmless from any and all claims, losses, liabilities, costs and expenses of any kind whatsoever, including, without limitation, attorneys' fees (all of the foregoing being collectively referred to as "Indemnified Amounts") incurred by or asserted against the Company and arising out of, or resulting from, in whole or in part, the Contractor's [Saybe's] performance including, without limitation, Indemnified Amounts arising out of, or resulting from, in whole or in part, the Contractor's performance of the services arising out of or relating to this agreement . . . .

*Ex. B*, *2006 Service Agreement*, § 6. The 2005 Service Agreement includes virtually the identical provision. *See Ex. A*, *2005 Service Agreement*, § 6.

9. The 2005 and 2006 Service Agreements each further provide that Plaintiff will

> pay to the Company [Diakon], on demand, any and all amounts necessary to indemnify the Company from and against all such Indemnified Amounts incurred by or asserted against the Company, and the Company shall have the right to set-off any such Indemnified Amounts against any amounts owed by the Company to the Contractor [Saybe's] under this Agreement.

*See Exhibits A* and *B*, *2005 and 2006 Service Agreements*, § 6.

10. Soto alleges in the Complaint that he and members of a putative class of similarly situated transportation service providers are entitled to compensatory damages, injunctive relief, restitution, disgorgement of profits, and civil penalties by virtue of Diakon's alleged misclassification of them as independent contractors.

**Cause of Action for Indemnity**

11. Diakon realleges and reincorporates herein by reference the allegations of paragraphs 1 through 10 above as though set forth fully herein.

12. Some of the claims Soto asserts in this case and the expenses Diakon has incurred to defend against them arise out of and result from Saybe's performance under the 2005 and 2006 Service Agreements.

13.   Pursuant to the 2005 and 2006 Service Agreements, Saybe's must indemnify, defend, and hold Diakon harmless from and against any and all claims, liabilities, losses, costs, and expenses, including but not limited to reasonable attorneys' fees and costs, resulting from or arising out of the claims asserted by Soto in this case that arise out of and result from Saybe's performance under the 2005 and 2006 Service Agreements.

WHEREFORE, Diakon requests an award against Saybe's in an amount sufficient to fully and completely indemnify Diakon from and against any and all claims, liabilities, losses, costs, and expenses, including but not limited to reasonable attorneys' fees and costs, resulting from or arising out of the claims asserted by Soto in this case that arise out of and result from Saybe's performance under the 2005 and 2006 Service Agreements, and any other relief this Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Diakon demands a trial by jury of all claims as to which it is entitled to a jury trial.

Respectfully submitted,

*/s/James H. Hanson*
James H. Hanson

Attorney for Defendant/Counterclaimant/
Third-Party Plaintiff, Diakon Logistics
(Delaware) Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically this 28th day of January, 2008. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Derek J. Emge | David A. Huch |
| Derek@inthelaw.com | dhuch@onebox.com |
| Emge & Associates | Law Offices of David A. Huch |

*/s/James H Hanson*
James H. Hanson

h:\users\lnewton\rjt\diakonlog-10610\72-bysoto\pleadings\3d party complaint draft.doc