Todd J. Hilts (CSB No. 190711)
LAW OFFICE OF TODD J. HILTS
2214 2nd Ave
San Diego, CA 92101
Telephone (619) 531-7900
Facsimile  (619) 531-7904

Derek J. Emge (CSB No. 161105)
EMGE & ASSOCIATES
550 West C Street, Ste. 1600
San Diego, CA 92101
Telephone (619) 595-1400
Facsimile  (619) 595-1480

David A. Huch (CSB No. 222892)
LAW OFFICES OF DAVID A. HUCH
7040 Avenida Encinas, Suite 104
Carlsbad, CA 92011
Telephone (760) 402-9528
Facsimile  (760) 683-3245

Attorneys for Plaintiff, JOSUE SOTO, Individually, on Behalf of All Others Similarly Situated, on Behalf of All Other Aggrieved Employees, and on Behalf of the General Public

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE SOTO, Individually, On Behalf of All Others Similarly Situated, and on Behalf of the General Public, <br><br> Plaintiff, <br><br> v. <br><br> DIAKON LOGISTICS (DELAWARE), INC., a foreign corp.; and DOES 1 through 50, inclusive, <br><br> Defendants. <br><br> _____ <br> AND ALL COUNTER-CLAIMS <br> _____ | Case No.  08-CV-0033 L (AJB) <br><br> **CLASS ACTION** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM AS TO JOSUE SOTO AND THIRD PARTY COMPLAINT AS TO SAYBE'S LLC PURSUANT TO FED. R. CIV. P. 12(b)(6)** <br><br> Date:  April 7, 2008 <br> Time: 10:30 a.m. <br> Judge: Hon. M. James Lorenz <br> Dpt: 14 <br><br> Original Complaint Filed: 12/5/2007 |

- 1 -

**PRELIMINARY STATEMENT**

Plaintiff JOSUE SOTO ("SOTO") brought this action against his alleged employer to remedy a misclassification of his employment status and recoup wages, unreimbursed business expenses and penalties. Rather than address the issue at hand – misclassification – Defendant DIAKON LOGISTICS (DELAWARE), INC. ("Defendant") is attempting, through a tortured interpretation of a general indemnification agreement, to scare SOTO into dropping his claim. The indemnification clause relied upon by Defendant was drafted to cover third party claims rather than employment-related claims by SOTO against his alleged employer. Defendant's attempted interpretation of the indemnification clause would have SOTO paying the cost of Defendant's defense as well as any settlement or judgment even if SOTO is the prevailing party in the present employment action! Such an interpretation defies logic and runs counter to established authority. As such, Defendant's counter-claim and Third-Party Complaint cannot, as a matter of law, result in a verdict in Defendant's favor.

**BACKGROUND FACTS**

As alleged specifically in Plaintiff SOTO'S complaint [exhibit "A" to **Doc. No. 1**] filed December 5, 2007 in San Diego Superior Court, SOTO was a driver of a delivery truck for Defendant. Defendant holds itself out as a national leader in the home delivery industry.[1] Defendant contracts with large retailers, including furniture and home appliance stores, to provide trucks and drivers to complete the retailers' home deliveries.[2]

On or about May 4, 2005, SOTO was hired as a delivery driver for Defendant.[3] He signed a Service Agreement in which he was labeled an independent contractor of Defendant.[4] He renewed his Service Agreements in November 2005 (exhibit "A" [**Doc. No. 10**] to Defendant's third party complaint [**Doc No. 9**] and again in November 2006 (exhibit "B" [**Doc. No. 10-2**] under

---

[1] Plaintiff's Answer and Counterclaim, [**Doc. No. 3**], ¶18.
[2] Id., ¶19.
[3] Id.,¶9.
[4] Exhibit A to **Doc. No. 3**.

- 2 -

the name of Saybe's LLC. SOTO is the sole member of Saybe's LLC.[5] Despite the categorization of the SOTO under the Service Agreements as an independent contractor, SOTO was under constant and complete control by Defendant in all aspects of his delivery duties. For example, he was not allowed to make personal deliveries or deliveries for other companies,[6] all delivery schedules were arranged by Defendant,[7] and all work duties were controlled by Defendant.[8] In short, SOTO was a misclassified employee rather than an independent contractor.

Throughout the course of his employment, SOTO was paid rates that fell below the State's minimum wage rules.[9] SOTO was not provided with proper meal breaks.[10] SOTO was not provided with state mandated rest periods.[11] Further, Defendant failed to reimburse SOTO for business expenses, including deposits for use of the delivery trucks, fuel and maintenance for the trucks, cell-phone charges, the cost of insurance, and damages to Defendant's trucks and its client's merchandise.[12]

**PROCEDURAL HISTORY**

On December 5, 2007, SOTO filed a complaint against Defendant in Superior Court on behalf of himself and all of Defendant's delivery drivers between December 5, 2003 and the present, alleging misclassification of employment status and wrongful denial of minimum wages, meal breaks, rest periods and expense reimbursements. SOTO also sued under the California Labor Code Private Attorney General Act of 2004 for civil penalties.

On January 4, 2008, Defendant removed Plaintiff's case to Federal Court and thereafter filed an answer and counterclaim against SOTO [Document 3]. Defendant's counterclaim contains a single cause of action for indemnity. On January 28, 2008, Defendant filed a third party complaint against SOTO'S LLC, SAYBE'S LLC [Documents 9 – 10-2] containing an identical

---

[5] **Doc. No. 9**, page 2 lines 10-11.
[6] Complaint, ¶20.
[7] Id., ¶20.
[8] Id., ¶25.
[9] Id., ¶¶37-39.
[10] Id., ¶¶40-43.
[11] Id., ¶¶44-46.
[12] Id., ¶¶47-50.

- 3 -

single cause of action for indemnity. On February 1, 2008 the parties stipulated and the Court granted their joint motion to have SOTO and SAYBE'S LLC'S responsive pleadings filed simultaneously within 20 days of service of the third-party complaint [**Doc No. 15**]. Plaintiff JOSUE SOTO and Third-Party Defendant SAYBE'S LLC (collectively hereafter referred to as "SOTO") now move the Court for an order dismissing both the counterclaim and the Third-Party Complaint on the grounds that Defendant has failed to state a cause of action upon which relief can be granted.

## **ARGUMENT**

**1.    LEGAL STANDARD FOR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss as a test of the sufficiency of the complaint. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of a claim or complaint under this Rule should be granted where "it appears beyond doubt that the [complainant] can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 335 U.S. 41, 45-46 (1957). Rule 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984).

**2.    DEFENDANT/COUNTER-CLAIMANT FAILS TO STATE A CAUSE OF ACTION FOR INDMENITY UPON WHICH RELIEF CAN BE GRANTED**

Defendant's counter-claim and Third-Party Complaint each contain a single cause of action entitled "INEMNITY." The claim for indemnity is based solely on the Service Agreements which contain the following identical provision:[13]

---

[13] The entirety of the indemnification agreement is included herein for a full understanding of the intent of the parties. Although not cited in full in the counterclaim, the agreements were included as an Exhibit "A" to **Doc. No. 3** and Exhibits "A" [**Doc. No. 10**] and "B" [**Doc. No. 10-2**] to **Doc. No. 9.**

- 4 -

**SECTION 6. <u>INDEMNIFICATION.</u>** Without limiting any other rights that the Company may have hereunder or under applicable law, the Contractor agrees to indemnify the Company harmless from any and all claims, losses, liabilities, costs and expenses of any kind whatsoever, including, without limitation, attorneys' fees (all of the foregoing being collectively referred to as "Indemnified Amounts") incurred by or asserted against the Company and arising out of, or resulting from, in whole or in part, the Contractor's performance including, without limitation, Indemnified Amounts arising out of, or resulting from, in whole or in part, the Contractor's performance of the services arising out of or relating to this Agreement, including, without limitation, Indemnified Amounts arising out of, or resulting from (i) injury or death to persons, including, without limitation, third parties, employees of the Contractor or persons driving, riding in, operating, repairing, maintaining, loading or unloading the Contractor's vehicles, equipment or other property, (ii) damage to the property of any person or legal entity, including, without limitation, loss or damage to items intended fro transport which are in the Contractor's possession or under his dominion and control, and (iii) violation of any law, ordinance or regulation of any Federal, state or local governmental authority by the Contractor or its employees, subcontractors or agents. The Contractor shall pay to the Company, on demand, any and all amounts necessary to indemnify the Company from and against all such Indemnified Amounts incurred by or asserted against the Company, and the Company shall have the right to set-off any such Indemnified Amounts against any amounts owed by the Company to the contractor under this Agreement.

Section 6 cited above discusses three scenarios wherein indemnification might arise, and all three contemplate a situation where the Company (Defendant) is sued <u>by a third party</u> for an act or conduct of the Contractor (SOTO). Section 6 does not, however, discuss the allocation of attorneys' fees in a situation where the indemnitor (SOTO) brings an action against the indemnitee (Defendant) for the conduct of Defendant. Nor does Defendant cite to or allege any other agreement or provision of the Service Agreement that would provide indemnification rights specific to a shifting of attorneys' fees in an indemnitor vs. indemnitee lawsuit. Nevertheless, Defendant would like this Court to apply greater meaning to the language of the Service Agreement than that which was written so that it might include indemnification of the indemnitee in situations where they are sued for statutory, regulatory and common law employment rights by

- 5 -

the indemnitor. SOTO disputes that this was the intent of the contracting parties at the time the Service Agreement was entered into.

Contract interpretation is a question of law. *Badie v. Bank of America,* 67 Cal.App.4th 779, 798 (1998). It is well accepted that the goal of contract interpretation is to give effect to the parties' mutual intent. Cal. Civ. Code § 1636; *Bank of the West v. Superior Court,* 2 Cal. 4th 1254, 1264 (1992). "It is the outward expression of the agreement, rather than a party's unexpressed intention, which the court will enforce." *Winet v. Price,* 4 Cal.App.4th 1159, 1166 (1992). The Court must therefore ascertain the intent of the parties by considering the contract as a whole, keeping in mind the rule "however broad may be terms of a contract, it extends only to those things concerning which it appears that the parties intended to contract." *Badie v. Bank of America,* 67 Cal.App.4th at 800. Additionally, the Court is guided by the principle that contract interpretation must make the agreement "definite, reasonable, and capable of being carried into effect" while "avoiding an interpretation that would make it harsh, unjust or inequitable." *Id.*

Here, Defendant's purported interpretation of the indemnification agreement extends well beyond that which was intended and what was, in fact, written. There is no discussion of indemnification for situations where the indemnitee sues the indemnitor for damages arising from the conduct of the indemnitor. On the contrary, each enumerated example: injury or death (example "i"), damage to property (example "ii"), and violation of law (example "iii") contemplates a third-party suing Defendant for the acts of SOTO. It does not contemplate the situation of SOTO suing Defendant for employment rights under California law.

The listing of the three specific instances where indemnification would apply gives meaning to the initial general language of "all claims, losses, liabilities, costs and expenses of any kind." The maxim *ejusdem generis* used for legislative interpretation is applicable in this instance. As explained by the California Supreme Court in *People v. Giordano,* 42 Cal.4th 644 (2007), "ejusdem generis applies whether specific words follow general words in a statute or vice versa. In either event, <u>*the general term or category is restricted to those things that are similar to those which are enumerated specifically*</u>. Although the phrase 'including, but no limited to' is a phrase

- 6 -

of enlargement, the use of this phrase does not conclusively demonstrate that the [drafter] intended a category to be without limits." *Id.* at 660 [emphasis added]; *See also, Circuit City Stores, Inc. v. Saint Clair Adams,* 532 U.S. 105, 114-115 (2001) ["Under this rule of construction the residual clause should be read to give effect to the terms 'seamen' and 'railroad employees,' and should itself be controlled and defined by reference to the enumerated categories of workers which are recited just before it".]

Defendant's tortured interpretation of the indemnity agreement also runs counter to the "American Rule" of attorneys' fees where a party prevailing in a lawsuit is not entitled to recover fees from the loser. *Alyeska Pipeline Service Co. v. Wilderness Society* 421 U.S. 240, 247 (1975) [*Superseded by statute on other grounds as stated in Perez v. Rodriguez Bou* 575 F.2d 21, 24 (1st Cir. 1978) – In the Civil Rights Attorney's Fees Award Act of 1976 Congress established an exception to the "American Rule" for private actions brought under 42 U.S.C. § 1983 and other specified measures designed to secure civil rights.]

In fact, if the indemnity clause is interpreted as Defendant's propose, SOTO would be required to pay Defendant's judgment and attorney's fees even if SOTO prevails in establishing that Defendant violated California's labor laws!  Such an interpretation would be "harsh, unjust and inequitable," not to mention absurd. *Winet v. Price,* 4 Cal.App.4th 1159, 1166 (1992).

Defendant's attempt to apply on overbroad reading of an indemnification agreement is not unique.  A similar attempt to expand an indemnity agreement to cover attorneys' fees and costs in a suit by an indemnitee against an indemnitor occurred in *Layman v. Brownell Combs, II* 994 F.2d 1344 (9th Cir. 1992).  There, the Court found that the identical purported interpretation created an "absurdity" that "undermines the reasonableness of the defendants' interpretation of the indemnification." *Id.* at 1352.  If the parties intend to deviate from the American rule on the payment of attorneys' fees, "[i]t is not too much to ask that a clause effectuating such a deviation from the norm be explicit. *Id.*

The California Supreme Court has similarly dismissed the notion that a general indemnification agreement extends to lawsuits by the indemnitor against the indemnitee arising out

- 7 -

of the conduct of the indemnitee. For example, in *Price v. Shell Oil Co.*, 2 Cal. 3d 245 (1970), the Court was faced with a situation where a lessee of a tank truck sued the manufacturer of the truck for injuries and the manufacturer countersued for indemnification under the agreement contained in the lease. The indemnification agreement, like the one presented in the present case, sought indemnity "against <u>any and all claims and liability</u> for injury or death of persons or damage to property caused by or happening in connection with the equipment…" *Id.* at 256 [emphasis added]. In refusing to construe the indemnity agreement as Defendant proposed, the Court summarized the rules governing express contracts for indemnity as follows:

> An indemnity clause phrased in general terms will not be interpreted, however, to provide indemnity for consequences resulting from the indemnitee's own actively negligent acts…Although the cases have held that one may provide by agreement for indemnification against his own negligence, the agreement for indemnification must be clear and explicit; the agreement must be strictly construed against the indemnitee." *Id.* at 257.

The Court in *Price v. Shell* recognized that that the indemnity clause at issue contained no language that "expressly and unequivocally" required the lessee to indemnify the manufacturer for liability caused by the manufacturer's own acts. *Id.* at 258. The identical situation exists in the present case. The indemnification agreement between SOTO and Defendant is general in nature, pertains by direct reference to claims from third parties, and fails to contain any language addressing the situation where SOTO makes employment law claims against Defendant for Defendant's illegal conduct.

Other federal courts have applied the same logic in denying the expansion of indemnification clauses, holding that there is no right to indemnification of claims between an indemnitor and indemnitee unless the contract <u>expressly</u> contemplates such an entitlement. *See, Petit v. BASF Corp.,* 2001 Mass. Super. LEXIS 124 (2001); *Astrolabe Inc., v. Esoteric Technologies Pty, Ltd.,* 2002 U.S. Dist. LEXIS 5764 (D. Mass. 2002); *Longport Ocean Plaza Condominium, Inc. v. Robert Cato & Assocs.,* 137 Fed. Appx. 464 (3rd Cir. 2005).

- 8 -

Even accepting as true all of Defendant's allegations contained in their counterclaim and Third-Party Complaint for the limited purpose of this motion to dismiss, Defendant has failed to state a claim upon which relief can be granted. As a matter of law, the indemnification agreement at issue cannot be read to cover or include indemnification of Defendant by SOTO for fees and costs incurred in defending SOTO'S employment law claims that Defendant's own conduct, whether negligent or intentional, resulted in injury to SOTO and the class of misclassified employees he seeks to represent.

## **CONCLUSION**

Based upon the foregoing argument and citation to authority, Plaintiff/Cross-Defendant/Third-Party Defendant SOTO submits that Defendant's claims for indemnity must fail as a matter of law and therefore respectfully requests that this Court grant this Motion to Dismiss the Counterclaim as to Plaintiff Josue Soto and Third-Party Complaint as to Third-Party Defendant Saybe's LLC.

DATED: February 8, 2008                    EMGE & ASSOCIATES

                                                                      /s/
Derek J. Emge
550 West "C" Street, Suite 1600
San Diego, CA 92101

LAW OFFICE OF TODD J. HILTS
Todd J. Hilts
2214 2nd Ave
San Diego, CA 92101

LAW OFFICES OF DAVID A. HUCH
David A. Huch
7040 Avenida Encinas, Suite 104
Carlsbad, CA 92011

Attorneys for Plaintiff and Cross-Defendant, JOSUE SOTO, Individually, on behalf of all others similarly situated, all aggrieved employees, and on behalf of the General Public and attorneys for Third-Party Defendant SAYBE'S LLC

- 9 -