1 EMGE & ASSOCIATES
550 West C Street, Ste. 1600
2 San Diego, CA 92101
Telephone (619) 595-1400
3 Facsimile (619) 595-1480

4
Issa J. Michael (CSB No. 184256)
5 THE MICHAEL LAW FIRM
1648 Union St #201
6 San Francisco, CA 94123
Telephone (415) 447-2833
7 Facsimile (415) 447-2834

8
Attorneys for Plaintiffs, JOSUE SOTO, GHAZI RASHID, MOHAMED ABDELFATTAH, On
9 Behalf of All Aggrieved Employees, All Others Similarly Situated, and the General Public

10          **IN THE UNITED STATES DISTRICT COURT**

11          **SOUTHERN DISTRICT OF CALIFORNIA**

12

13

14 JOSUE SOTO, GHAZI RASHID, MOHAMED )    Case No.  08-CV-0033 L (AJB)
ABDELFATTAH, On Behalf of All Aggrieved )
15 Employees, All Others Similarly Situated, and )    **CLASS ACTION**
the General Public, )
16                    )    **FIRST AMENDED COMPLAINT FOR**
             Plaintiff, )    **COMPENSATORY DAMAGES,**
17                    )    **INJUNCTIVE RELIEF, RESTITUTION,**
v. )    **DISGORGEMENT OF PROFITS, & CIVIL**
18                    )    **PENALTIES**
DIAKON LOGISTICS (DELAWARE), INC., a )
19 foreign corp.; and DOES 1 through 50, )    1.   **Failure to Pay Minimum Wages (Labor**
inclusive, )        **Code §§ 1194, 1197, 1197.1; Cal. Code**
20                    )        **Regs., Title 8 § 11090);**
             Defendants. )    2.   **Failure to Provide Meal Breaks, Or**
21                    )        **Compensation in Lieu Thereof (Labor**
)        **Code  §§ 226.7, 512; Cal. Code Regs.,**
22 )        **Title 8 § 11090);**
)    3.   **Failure to Provide Rest Periods, Or**
23 )        **Compensation in Lieu Thereof (Labor**
)        **Code  § 226.7; Cal. Code Regs., Title 8 §**
24 )        **11090);**
)    4.   **Failure to Reimburse for Reasonable**
25 )        **Business Expenses (Labor Code § 2802);**
26

27                   – 1 –

28

)   5.  **Failure to Provide Properly Itemized**
)       **Wage Statements (Labor Code § 226,**
)       **226.3);**
)   6.  **Unlawful and Unfair Business Practices**
)       **(Business & Professions Code § 17200 et**
)       **seq.);**
)   7.  **Labor Code Private Attorneys General**
)       **Act of 2004 (Labor Code §§ 2698-2699)**
)
)
)   **JURY TRIAL DEMANDED**
)
)
)

Plaintiffs JOSUE SOTO, GHAZI RASHID and MOHAMED ABDELFATTAH ("Plaintiffs"), on behalf of themselves, all aggrieved employees, all others similarly situated, and on behalf of the general public, allege as follows:

## I.

## INTRODUCTION

1.    This is a diversity class action brought on behalf of a Plaintiff class of delivery truck drivers currently and formerly employed by Defendant DIAKON LOGISTICS (DELAWARE), INC. ("Defendant") within the State of California. For at least four years prior to the filing of this action and through the present, Plaintiffs are informed and believe that Defendant has violated the California Labor Code and applicable California Wage Orders by improperly categorizing Class Members, including Plaintiffs, as independent contractors when they are, in fact, employees.

2.    Plaintiffs, on their own behalf and on behalf of all Class Members and Aggrieved Employees, bring this action pursuant to Labor Code §§ 218, 221, 223, 226, 226.3, 226.7, 512, 1174, 1194, 1197, 1197.1, 2699 and California Wage Order No. 9-2001 (Cal. Code Reg., Title 8, § 11090), seeking unpaid minimum wages, unpaid rest break and meal period compensation, reimbursement of all illegal deductions made from their wages, payment of all wages earned,

– 2 –

reimbursement of expenses and losses incurred by them in discharging their duties, civil penalties and reasonable attorneys' fees and costs.

3.    Plaintiffs, on their own behalf and on behalf of all Class Members and the General Public, also bring this action pursuant to Business & Professions Code §§ 17200-17208, seeking injunctive relief, restitution, and disgorgement of profits due to Defendant's unlawful violations of the Labor Code.

## II.

## JURISDICTION AND VENUE

4.    Plaintiffs reallege by reference, as if fully set forth herein, all of the above Paragraphs.

5.    This Court has jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. § 1332 in that the present matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a Plaintiff Class of employees who are citizens and residents of California and a Defendant corporation that is a *citizen* of the State of Virginia, with its principal place of business in the State of Virginia, and *a citizen of the State or Delaware, having been* incorporated in the State of Delaware

6.    Venue as to each Defendant is proper in this district court, pursuant to 28 U.S.C. § 1391.    Defendants' actionable and unlawful employment practices complained herein as to the named Plaintiff JOSUE SOTO and others occurred in the County of San Diego, State of California. As a result, a substantial part of the events or omissions giving rise to Plaintiffs' class claims occurred in the Southern District of California.

## III.

## PARTIES

7.    Plaintiffs reallege by reference, as if fully set forth herein, all of the above Paragraphs.

– 3 –

8.     Plaintiff JOSUE SOTO is a competent adult who resides in the County of San Diego, State of California.  From his date of hire, at or around May 2005 until the present, Plaintiff has been employed as a delivery truck driver by Defendant DIAKON LOGISTICS (DELAWARE), INC. in the County of San Diego, State of California.

9.     Plaintiff GHAZI RASHID is a competent adult who resides in the County of Sacramento, State of California.  From his date of hire, at or around July 2005 until his termination of employment on or about December 2006, Plaintiff was employed as a delivery truck driver by Defendant DIAKON LOGISTICS (DELAWARE), INC. in the County of Sacramento, State of California.

10.     Plaintiff MOHAMED ABDELFATTAH is a competent adult who resides in the County of Sacramento, State of California.  From his date of hire, at or around September 2003 until his termination of employment on or about March 2007, Plaintiff was employed as a delivery truck driver by Defendant DIAKON LOGISTICS (DELAWARE), INC. in the County of Sacramento, State of California.

11.     Plaintiffs will adequately represent the interests of the Class and will vigorously participate in this matter as a Class Action when certified.  Plaintiffs have secured counsel experienced in class action litigation and will likewise adequately represent the Class.

12.     Plaintiffs are informed and believe that Defendant DIAKON LOGISTICS (DELAWARE), INC. is a foreign corporate incorporated under the laws of the State of Delaware and has its principal place of business in the State of Virginia.  At all times mentioned herein, Defendant was doing business in the State of California.   According to Defendant's website, www.diakonlogistics.com, Defendant is "*one of the largest national warehousing, logistics, and home delivery companies in the U.S....operating in 26 states...serv[ing] some of the largest retailers in the country, including Sears, General Electric, Home Depot, and Ethan Allen.*"

13.     Plaintiffs do not know the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and will amend this First Amended Complaint ("FAC") to set forth

– 4 –

the true names and capacities of said defendants, along with the appropriate charging allegations when the same have been ascertained.

14.    Plaintiffs are informed and believe, and on that basis allege, that each of the fictitiously named Defendants was in some manner legally responsible for the actionable and unlawful actions, policies and practices as alleged herein.  Plaintiffs will amend this FAC to set forth the true names and capacities of said Defendants, along with the appropriate charging allegations, when the same have been ascertained.

15.    Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, all Defendants, and each of them, were acting as the agent and/or employee of each remaining co-Defendant, and were acting with permission and consent of each other, carried out a joint scheme, business plan, or policy in all respects pertinent to the present action, and within the course and scope of said agency and/or employment.  Plaintiffs are further informed and believe that each co-defendant, by and through its officers, directors or managing agents ratified, authorized and approved, expressly or implicitly, all of the conduct alleged herein.

16.    When, in this FAC, reference is made to any act of the "Defendant," such shall be deemed to mean that officers, directors, agents, employees, or representatives of the Defendants committed or authorized such acts, or failed and omitted to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation or control of the affairs of the Defendants and did so while acting within the scope of their employment or agency.  When, in this FAC, reference is made to any act by a "Defendant," such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly and severally.

17.    Plaintiffs are informed and believe, and thereon allege, that during the applicable statutory period, Defendant employed Plaintiffs and other similarly situated persons as non-exempt employees within the State of California.  Plaintiffs are further informed and believe that

– 5 –

Defendant directly or indirectly exercised control over the wages, hours and/or working conditions of said employees, including Plaintiffs.

## IV.

## FACTUAL BACKGROUND

18.    Plaintiffs reallege by reference, as if fully set forth herein, all of the above Paragraphs.

19.    Defendant is a national leader in the home delivery industry.  According to its website, www.diakonlogistics.com, Defendant specializes in the delivery of "*retailers' larger merchandise from their warehouses or other facilities to customers' homes, expert unpacking and setup, and personalized customer care...We specialize in delivering retailers' larger merchandise from their warehouses or other facilities to customers' homes, expert unpacking and setup, and personalized customer care.*"

20.    Defendant organizes the delivery of its retail customers' larger merchandise, including furniture and home appliances, by maintaining common distribution facilities located throughout California.  Class Members, including Plaintiffs, perform significant work on sites owned and controlled by Defendant.  Furthermore, the delivery trucks driven by Class Members, including Plaintiffs, are leased by Defendant.

21.    Class Members, including Plaintiffs, cannot drive Defendant's delivery trucks independently of deliveries scheduled by Defendant.  All deliveries performed by Class Members, including Plaintiffs, are pre-arranged and scheduled by Defendant.  Class Members are assigned to one of four pre-determined delivery zones on a daily basis and without input by Class Members. Defendant admits on its website, www.diakonlogistics.com, that Class Members, including Plaintiffs, are required to deliver products solely for Defendant's retail customers: "*Because we do not co-load other companies' products on our trucks, we're able to serve as our clients' dedicated delivery channel.*"    Additionally, Defendant requires Class Members, including Plaintiffs, to

– 6 –

complete daily sign in/sign out time records, or "Check In" sheets, and requires Class Members, including Plaintiffs, to work a minimum of eight hours per day.

22.    Defendant utilizes advanced technology and computerized tracking system to closely monitor the work of Class Members, including Plaintiffs, and to communicate with Class Members, including Plaintiff, at all times.    As admitted by Defendant on its website, www.diakonlogistics.com, "*What's more, our highly effective routing technology and cellular communication network ensures on-time delivery and customer satisfaction, while our proprietary tracking system allows us to keep clients apprised as to the location and expected delivery time of each piece of merchandise.*"

23.    There is a lack of investment in independent equipment by Class Members, including Plaintiffs, and a relatively low degree of skill is required to perform Class Members', including Plaintiffs', routine and manual delivery duties.

24.    Defendant's officers, managing agents and supervisors closely monitor the work of Class Members, including Plaintiffs, and hold weekly employee meetings to discuss how Class Members are to perform their work for Defendant.    Additionally, Class Members, including Plaintiffs, are required to maintain regular contact with Defendant's employees throughout the course and scope of their daily work shifts for Defendant, including route assignments, start times, completion times, performance analysis and assessment of customer complaints.

25.    The delivery of large merchandise by Class Members, including Plaintiffs, is an integral part of the business enterprise of Defendant.

26.    The economic realties of Class Members', including Plaintiffs', relationship with Defendant establishes that Class Members, including Plaintiffs, under conventional, legal and economic tests, are now and have been employees of Defendant and not independent contractors.

27.    At all relevant times, Defendant has exercised control over the performance of Class Members' work duties, including Plaintiffs' work duties.    At all relevant times, Defendant has also

– 7 –

exercised control over Class Members', including Plaintiffs', wages, work hours and working conditions.

28.    Because Class Members, including Plaintiffs, are employees and not independent contractors, numerous California Labor Code violations have occurred over the past four years and are occurring on an ongoing basis, including failure to provide minimum wages, meal breaks, rest periods, proper payroll withholding treatment, and the other protections of Labor Code §§ 221 and 2801, all of which Class Members, including Plaintiffs, are entitled to as valid non-exempt employees under California law.

**V.**

**CLASS ALLEGATIONS**

29.    Plaintiffs reallege by reference, as if fully set forth herein, all of the above Paragraphs.

30.    Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action.  The Class is composed of and defined as follows:

> **All persons presently and formerly employed by Defendant in the State of California as delivery personnel during the Class Period who were subject to the "Service Agreement" (or similar document), which categorized them as independent contractors and not employees (hereinafter, "the CLASS.").**

31.    Plaintiffs reserve the right to amend or modify the aforementioned class description with greater specificity or division into subclasses or limitation to particular issues.

32.    This action has been brought and may be properly maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

**A.    Numerosity**

33.    The members of the Class, as defined above, are so numerous that individual joinder of all members is impractical.  While the exact number of Class Members is current unknown, Plaintiffs are informed and believe that they number in the hundreds.

– 8 –

**B.    Common Questions Predominate**

34.    Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over any questions that affect individual members of the Class.    The common questions of fact include, but are not limited to:

(a)    Defendant requires each individual to execute a pre-printed document captioned, "Service Agreement."

(b)    Defendant requires Class Members, including Plaintiffs, to perform a significant percentage of their work duties driving vehicles leased and controlled by Defendant.

(c)    Defendant trains and instructs Class Members, including Plaintiffs, on how to load and unload retail merchandise and how to deliver retail merchandise using delivery trucks leased and controlled by Defendant.

(d)    Defendant reviews, supervises and monitors the work duties performed by Class Members, including Plaintiffs, through routing technology, tracking system and cellular communication network owned and operated by Defendant.

(e)    The degree of skill performed by Class Members, including Plaintiffs, is relatively low.

(f)    Class Members, including Plaintiffs, are paid bi-monthly, according to an existing formula established by Defendant.

(g)    The relationship between Defendant and Class Members, including Plaintiffs, is exclusive in that Class Members, including Plaintiffs, cannot drive Defendant's delivery trucks independently of deliveries scheduled by Defendant.

(h)    The relationship between Defendant and Class Members, including Plaintiffs, is relatively permanent with many Class Members, including Plaintiffs, working more than four years.

(i)    The delivery of large merchandise by Class Members, including Plaintiffs, is an integral part of the business enterprise of Defendant.

(j)    All deliveries performed by Class Members, including Plaintiffs, are pre-arranged and scheduled by Defendant.

(k)    Class Members, including Plaintiffs, are required to deliver products solely for Defendant's retail customers.

(l)    Defendant requires Class Members, including Plaintiffs, to complete daily sign in/sign out time records, or "Check In" sheets.

(m)    Defendant requires Class Members, including Plaintiffs, to work a minimum of eight hours per day.

(n)    Class Members cannot refuse certain deliveries.

35.    Common questions of law that exist include the following:

(a)    Whether Class Members are properly categorized as independent contractors.

(b)    Whether Defendant exercises control, directly or indirectly, over Class Members' wages.

(c)    Whether Defendant exercises control, directly or indirectly, over Class Members' work hours.

(d)    Whether Defendant exercises control, directly or indirectly, over Class Members' working conditions.

(e)    Whether Class Members are entitled to compensatory damages for violations of the Labor Code as set forth herein.

- 10 -

(f)    Whether Class Members are entitled to reimbursement of work related expenses for violations of the Labor Code as set forth herein.

(g)    Whether Class Members are entitled to attorneys' fees and litigation costs for violations of the Labor Code as set forth herein.

(h)    Whether Class Members are entitled to restitution for the unlawful business practices as set forth herein.

(i)    Whether Class Members are entitled to injunctive relief to enjoin further unlawful business practices as those set forth herein.

(j)    Whether Class Members are entitled to disgorgement of profits for the unlawful business practices as set forth herein.

**C.    <u>Typicality</u>**

36.    Plaintiffs' claims are typical of the claims of the Class Members in that Plaintiffs and the Class Members performed identical duties for Defendant and were uniformly mis-classified as independent contractors rather than properly classified as employees.  Additionally, Plaintiffs and all Class Members sustained similar damage arising out of Defendant's common course of conduct, which is in violation of laws and regulations governing the compensation of all California employees.

**D.    <u>Adequacy of Representation</u>**

37.    Plaintiffs will fairly and adequately represent and protect the interests of members of the Class.  Plaintiffs have no interests adverse to the interests of the other Class Members. Proposed class counsel, the Michael Law Firm, the Law Office of Todd J. Hilts, Emge & Associates, and the Law Offices of David A. Huch, are competent and experienced in litigation, including substantial experience with wage and hour class action litigation.

– 11 –

**E.    Superiority of Class Action**

38.    The nature of this action and the nature of the laws available to Plaintiffs make the use of the class action format a particularly effective and appropriate procedure to afford relief to Plaintiffs for the wrongs alleged herein:

    a.    This case involves a small number of large corporate Defendants and a large number of individual class members with common issues of law and fact;

    b.    If each individual member of the CLASS were required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the CLASS with Defendants' vastly superior financial and legal resources;

    c.    Requiring each individual member of the CLASS to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the CLASS who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well being;

    d.    Proof of a common business practice or factual pattern, of which the members of the CLASS experienced, is representative of the CLASS herein and will establish the right of each of the members of the CLASS to recover on the causes of action alleged herein;

    e.    The prosecution of separate actions by the individual members of the CLASS, even if possible, would create a substantial risk of inconsistent and varying verdicts or adjudications with respect to the individual members of the CLASS against Defendants, which would establish potentially incompatible standards of conduct for Defendants and/or legal determinations with respect to individual members of the CLASS.

- 12 -

Furthermore, the cost to the Court system of adjudication of each individual claim would be substantial.

f.  An important public interest will be served by addressing the present wage and hour suit as a class action. ("The prompt payment of wages due an employee is a fundamental policy of this state." *Belaire-West Landscaping, Inc. v. Superior Court* (2007) 149 Cal. App. 4th 554, 562.)

**FIRST CAUSE OF ACTION**
**(Against All Defendants on Behalf of Plaintiffs and the CLASS)**
**(Failure to Pay Minimum Wages)**

**(Labor Code §§ 1194, 1197, 1197.1)**

39.  Plaintiffs reallege by reference, as if fully set forth herein, all of the above Paragraphs.

40.  During the applicable statutory period, Defendant has maintained a consistent policy of failing to pay minimum wages to Class Members, including Plaintiffs, in violation of California's strict wage and hour laws.

41.  As a proximate result of the unlawful acts of Defendant, Plaintiffs and the Class Members have been damages in an amount according to proof at the time of trial, and are entitled to recovery of such amount, plus interest thereon, and attorneys' fees and costs pursuant to Labor Code §§ 1194 and 1197.1.

**SECOND CAUSE OF ACTION**
**(Against All Defendants on Behalf of Plaintiffs and the CLASS)**
**(Failure to Provide Proper Meal Breaks, or Compensation in Lieu Thereof)**

**(Labor Code §§ 226.7, 512; Cal. Code Regs., Title 8 § 11090 sections 7 & 11)**

42.  Plaintiffs reallege by reference, as if fully set forth herein, all of the above Paragraphs.

43.  By its failure to provide these Plaintiffs and Class Members with 30-minute meal breaks for each work shift during which they worked in excess of five hours, and by its failure to

– 13 –

provide in lieu compensation, Defendant has violated the provisions of Labor Code §§ 226.7 and 512, and the Title 8 CCR § 11010.

44.     By failing to keep time records of meal breaks, as required by Title 8 CCR § 11010, Defendant has failed to satisfy the requirements of California's strict meal break laws and regulations.

45.     As a proximate result of Defendant's unlawful acts, Plaintiffs and the Class Members has been deprived of state-mandated meal breaks and are each entitled to one hours' pay per day at the regular rate of pay for each such violation as set forth in Labor Code § 226.7 and Title 8 CCR § 11090, plus interest thereon, attorneys' fees and costs.

## THIRD CAUSE OF ACTION
**(Against All Defendants on Behalf of Plaintiffs and the CLASS)**
**(Failure to Provide Proper Rest Periods, or Compensation in Lieu Thereof )**

**(Labor Code § 226.7; Cal. Code Regs., Title 8 § 11090 section 12)**

46.     Plaintiffs reallege by reference, as if fully set forth herein, all of the above Paragraphs.

47.     By its failure to provide Plaintiffs and Class Members with 10-minute rest periods for every four hours of work, and by its failure to provide in lieu compensation, Defendant has violated the provisions of Labor Code § 226.7 and Title 8 CCR § 11010.

48.     As a proximate result of Defendant's unlawful acts, Plaintiffs and the Class Members has been deprived of state-mandated rest periods and are each entitled to one hours' pay per day at the regular rate of pay for each such violation as set forth in Labor Code § 226.7 and Title 8 CCR § 11090, plus interest thereon, attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
**(Against All Defendants on Behalf of Plaintiffs and the CLASS)**
**(Failure to Reimburse for Reasonable Business Expenses)**
**(Labor Code § 2802; Cal. Code Regs., Title 8 § 11090 sections 8 & 9)**

49.     Plaintiffs reallege by reference, as if fully set forth herein, all of the above Paragraphs.

– 14 –

50.    Labor Code Section 2802 provides that an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer. Title 8 CCR § 11090(8) provides that "No employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is cause by a dishonest or willful act, or by the gross negligence of the employee."

51.    During the applicable statutory period, Plaintiffs and the Class Members incurred necessary expenditures and losses in direct consequence of the discharge of their employment duties and their obedience to the directions of Defendant, including but not limited to:

(a)    Plaintiffs and the Class Members have been required to make a deposit of approximately $2,500.00 for use of delivery trucks used to perform home delivery services for Defendant.

(b)    Plaintiffs and the Class Members have necessarily incurred expenditures for gasoline, maintenance, repairs and insurance in connection with their operation of delivery trucks used to perform home delivery services for Defendant.    Plaintiffs are informed and believe that none of these expenditures or losses were reimbursed by Defendant to Plaintiffs and Class Members.

(c)    Plaintiffs and the Class Members have necessarily incurred expenditures in connection with cell phones used to communicate with Defendant in order to perform home delivery services for Defendant.    Plaintiffs are informed and believe that none of these expenditures or losses were reimbursed by Defendant to Plaintiffs and Class Members.

(d)    Plaintiffs and the Class Members have been required to purchase and contribute to general liability insurance, automobile and disability insurance

- 15 -

to cover accidental injury to them during the course and scope of their employment with Defendant, which constitutes workers' compensation insurance.  Said deductions have violated Labor Code § 3751(a).  Plaintiffs are informed and believe that none of these expenditures or losses were reimbursed by Defendant to Plaintiff and Class Members.

(e)     Defendant has routinely made deduction from Plaintiffs' and Class Members' wages for purported damage to property during the course and scope of their employment with Defendant.  Defendant has made said deductions as part of a wrongful attempt to make Plaintiffs and Class Members insurers of Defendant's customers' merchandise, which purpose is prohibited by California law.  Said deductions were made by Defendant as part of a deliberate subterfuge that has been designed, constructed, implemented and administered to circumvent the clear prohibitions of California case law and Title 8 CCR § 11090.

52.     Plaintiffs are informed and believe that pursuant to California Labor Code § 2802 and Title 8 CCR § 11090(8) & (9), Plaintiffs and Class Members are entitled to recover their un-reimbursed expenditures and losses, interest thereon and attorneys' fees and costs, in amounts to be proven at trial.

**FIFTH CAUSE OF ACTION**
**(Against All Defendants on Behalf of Plaintiffs and the CLASS)**
**(Failure to Provide Properly Itemized Wage Statements)**

**(Labor Code §§ 226 and 226.3; Cal. Code Regs., Title 8 § 11090 sections 7)**

53.     Plaintiffs reallege by reference, as if fully set forth herein, all of the above Paragraphs.

54.     Labor Code Section 226 requires an employer to keep accurate, itemized pay statements.  Under California law, gross wages earned, the precise, actual number of hours and minutes worked by a non-exempt employee, all deductions, net wages earned, inclusive dates of

- 16 -

the pay period, the name of the employee, the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period must be accurately itemized on each pay statement. Furthermore, the deductions made from payment of wages must be recorded, properly dated, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

55.     During the applicable statutory period, Defendant has routinely failed to provide Class Members, including Plaintiffs, at the time of each payment of wages, an itemized statement in writing showing the requirements of Labor Code § 226 and section 7 of Title 8 CCR § 11090. Defendant's failure to provide itemized statements to Class Members, including Plaintiffs, has been knowing and intentional and was in clear violation of Labor Code § 226(a). In direct violation of California law, Defendant has refused to provide Class Members, including Plaintiffs, with any record or documentation of expenses deducted from Class Members' earnings.

56.     Plaintiffs and the Class Members have suffered injuries as a result of the knowing and intentional failure of Defendant to comply with Labor Code § 226(a) and Title 8 CCR § 11090(7), in that Defendant's failure to provide Class Members with an itemized wage statement made it impossible for Plaintiffs and the Class Members to be aware that unlawful deductions were being made from their earnings, that they were not being paid all wages earned, and that in certain instances their wages fell below the statutory hourly minimum wage and overtime wage rates.

57.     Plaintiffs are informed and believe, and thereon allege, that Defendant's knowing and intentional failure to furnish Plaintiffs and the Class Members with itemized wage statements, as alleged above, violated Labor Code § 226(a), as well as Title 8 CCR § 11090(7). Labor Code § 226(e) entitles Plaintiffs and the Class Members to recover the greater of their actual damages caused by Defendant's violations, or $50 per employee for the initial pay period in which the violation occurred, and $100 per employee for each violation in subsequent pay periods, not exceeding an aggregate penalty of $4,000 per employee.

– 17 –

## SIXTH CAUSE OF ACTION

**(Against All Defendants on Behalf of Plaintiffs, the CLASS and the General Public)**
**(Unlawful and Unfair Business Practices)**

### (Business & Professions Code § 17200 et seq.)

58.     Plaintiffs reallege by reference, as if fully set forth herein, all of the above Paragraphs.

59.     California Business & Professions Code § 17200 defines unfair competition to include "unlawful, unfair or fraudulent business practices."

60.     California Business & Professions Code § 17203 provides that "[t]he court may make such orders or judgments…as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore any person in interest any money or property, real or personal, which may have been acquired by means of unfair competition."

61.     California Business & Professions Code § 17204 provides for suits for injunctive relief, restitution and disgorgement of profits.

62.     Within each of the four years prior to the commencement of this action, Plaintiffs are informed and believe, and thereon allege, that Defendant has unlawfully failed to pay minimum wages to Class Members, including Plaintiffs, in violation of Labor Code §§ 1194, 1197 and 1197.1; unlawfully failed to provide meal breaks, or compensation in lieu thereof, to Class Members, including Plaintiffs, in violation of Labor Code §§ 226.7 and 512; unlawfully failed to provide rest periods, or compensation in lieu thereof, to Class Members, including Plaintiffs, in violation of Labor Code § 226.7; unlawfully failed to reimburse Class Members, including Plaintiffs, for reasonable business expenditures in violation of Labor Code § 2802; and unlawfully failed to provide properly itemized wage statements to Class Members, including Plaintiffs, in violation of Labor Code § 226.

– 18 –

63.    By committing the alleged acts and/or omissions as described in this FAC, Defendant has engaged, and continues to engage, in unlawful and/or unfair business practices within the meaning of California Business & Professions Code § 17200 *et seq.*

64.    Plaintiffs are informed and believe that as a result of Defendant's alleged acts and/or omissions as described in this FAC, Defendants has unlawfully and unfairly obtained wages, expenditures, earnings and other compensation due to members of the CLASS, including Plaintiffs, and has unlawfully earned profits from such unlawful and/or unfair business practices.

65.    A request for injunctive relief, restitution and for the disgorgement of unlawfully earned profits is specifically authorized by California Business & Professions Code § 17200 *et seq.* Thus, on behalf of themselves, members of the CLASS, and on behalf of the general public, Plaintiffs seek injunctive relief, restitution (to members of the CLASS, including Plaintiffs) of all unlawfully withheld funds, and the disgorgement of all unlawfully earned profits (to members CLASS, including Plaintiffs) obtained by Defendant as a result of Defendant's alleged acts and/or omissions as described in this FAC.

66.    Plaintiffs are informed and believe, and thereon allege, that unless restrained and ordered to pay restitution and disgorge profits derived from said unfair and unlawful business practices, Defendant will continue to engage in the alleged acts and/or omissions as described in this FAC.    In addition, unless the Court imposes an injunction against Defendant requiring Defendant to stop making illegal deductions, pay all legal hourly and overtime wages, reimburse for necessary expenditures and losses, and provide state-mandated meal breaks, rest periods and itemized wage statements, the members of the CLASS, including Plaintiffs, will continue to suffer irreparable harm.

**SEVENTH CAUSE OF ACTION**
**(Against All Defendants)**
**(Labor Code Private Attorneys General Act of 2004: Labor Code § 2698 *et seq.*)**
**(On Behalf of Plaintiffs, the State of California and All Other Aggrieved Employees)**

67.    Plaintiffs reallege by reference, as if fully set forth herein, all of the above

Paragraphs.

68.    Plaintiffs are informed and believe, and thereon allege, as set forth herein, Defendant has violated, and continues to violate, several provisions of the California Labor Code, including but not limited to:

i.      Section 226 (Failure to Keep Adequate Records);

ii.     Section 226.7  (Failure to Compensate for Missed Meal Break);

iii.    Section 226.7  (Failure to Compensate for Missed Rest Periods);

iv.    Section 512 (Failure to Provide Meal Breaks);

v.     Section 1174 (Failure to Maintain Accurate Time Records);

vi.    Section 1194 (Failure to Pay Minimum Wages);

vii.   Section 1197 (Minimum Wage Violations);

viii.  Section 1197.1 (Failure to Pay Minimum Wages);

ix.    Section 2802 (Indemnification of Employees for Work-Related Expenditures).

69.    Pursuant to Labor Code Section 2699, Plaintiffs bring this cause of action on behalf of himself, the State of California and all other current or former employees of Defendant against whom one or more of the alleged violations was committed and/or is being committed ("aggrieved employees," as defined by Section 2699(c)).

70.    Pursuant to Labor Code Section 2699, Plaintiffs seek to recover from Defendant civil penalties for each Labor Code violation, to be calculated at the rate at which the civil penalty is to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees.

71.    Pursuant to Labor Code Section 2699, for all provisions of the California Labor Code that do not specifically provide for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, Plaintiffs seek to recover from Defendant civil penalties for each Labor Code violation at the following rate: one hundred dollar ($100) for each aggrieved employee per

– 20 –

pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

72.    Pursuant to Section 2699, Plaintiffs seek an award of reasonable attorney's fees and costs for bringing this cause of action on behalf of themselves and other past and present employees of Defendant against whom one or more of the alleged violations was committed.

73.    In compliance with Section 2699.3, Plaintiff SOTO provided Defendant and the California Labor & Workforce Development Agency ("LWDA") with written notice, via certified mail, of the specific provisions of the Labor Code alleged to have been violated by Defendant, and the facts and theories to support the allegations.

74.    On August 16, 2007, the LWDA notified Defendant and Plaintiff SOTO's counsel in writing that it did not intend to investigate the alleged violations, as asserted by Plaintiff SOTO.

75.    Pursuant to Section 2699.3(a)(2)(A), Plaintiffs may commence a civil action against Defendants for civil penalties on behalf of other aggrieved employees and on behalf of the State of California.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, all others similarly situated, all other aggrieved employees, and on behalf of the general public, pray for judgment as follows:

A.    That the Court issue an Order certifying the CLASS herein, appointing the named Plaintiffs as representatives of all others similarly situated and appointing the law firms representing the named Plaintiffs as counsel for members of the CLASS;

As to the First Cause of Action for Minimum Wages, on Behalf of the CLASS

B.    For compensatory damages according to proof, including all wages due and owing as a result of Defendant's failure to pay minimum wages to members of the CLASS;

C.    For pre-judgment interest at the legal rate pursuant to Civil Code Section 3289 and Labor Code Section 1194;

– 21 –

D.      For attorneys' fees and costs pursuant to Labor Code Section 1194, or as otherwise permitted by statute;

E.      For such other and further relief as the court deems just and proper;

As to the Second Cause of Action for Failure to Provide Meal Breaks, Or Compensation in Lieu Thereof on Behalf of the CLASS

F.      For compensatory damages in the form of additional wages equal to one hour's regular pay for each member of the CLASS for each work shift in which such member worked five or more hours without being provided with the required meal period;

G.      For pre-judgment interest at the legal rate pursuant to Civil Code Section 3289 and Labor Code Section 218.6;

H.      For attorneys' fees and costs pursuant to Labor Code Section 218.5, or as otherwise permitted by statute;

I.      For such other and further relief as the court deems just and proper;

As to the Third Cause of Action for Failure to Provide Meal Breaks, Or Compensation in Lieu Thereof on Behalf of the CLASS

J.      For compensatory damages in the form of additional wages equal to one hour's regular pay for each member of the CLASS for each work period in which such member worked four hours without being provided with the required rest period;

K.      For pre-judgment interest at the legal rate pursuant to Civil Code Section 3289 and Labor Code Section 218.6;

L.      For attorneys' fees and costs pursuant to Labor Code Section 218.5, or as otherwise permitted by statute;

M.      For such other and further relief as the court deems just and proper;

As to the Fourth Cause of Action for Indemnification of Employees for Expenditures or Losses in Discharge of Duties or Obedience to Directions on Behalf of the CLASS

- 22 -

N.    For compensatory damages according to proof, including but not limited to expenditures, losses, lost wages, earnings and other employee benefits and all other sums of money owed to each member of the CLASS incurred during the proper discharge of their duties for Defendant, or during the course and scope of their employment for Defendant.

O.    For pre-judgment interest at the legal rate pursuant to Civil Code Section 3289 and Labor Code Section 218.6;

P.    For attorneys' fees and costs pursuant to Labor Code Section 218.5, Labor Code § 2802, or as otherwise permitted by statute;

Q.    For such other and further relief as the court deems just and proper;

As to the Fifth Cause of Action for Improperly Itemized Wage Statements on Behalf of the CLASS

R.    For compensatory damages or minimum statutory damages of $50 for the first violation and $100 for each subsequent violation pursuant to Labor Code Section 226(e);

S.    For pre-judgment interest at the legal rate pursuant to Civil Code Section 3289 and Labor Code Section 226(e);

T.    For attorneys' fees and costs pursuant to Labor Code Section 226(e), or as otherwise permitted by statute;

U.    For such other and further relief as the court deems just and proper;

As to the Sixth Cause of Action for Unlawful and Unfair Business Practices on Behalf of the CLASS and the General Public

V.    For an Order requiring Defendant to identify each of the members of the CLASS by name, home address and home telephone number;

W.    For an Order compelling Defendant to restore unpaid wages, earnings, expenditures, compensation and other related benefits (in the form of restitution) to each of the members of the CLASS who have suffered as a result of Defendant's unlawful and unfair business practices alleged herein;

- 23 -

X.    For an order compelling Defendant to disgorge and pay over to each of the members of the CLASS all profits and savings resulting from Defendant's unlawful and unfair business practices alleged herein;

Y.    For issuance of a permanent injunction enjoining Defendant from continuing to engage in the unlawful and unfair business practices alleged herein;

Z.    For interest at the legal rate pursuant to Civil Code Section 3289, Labor Code section 1194 and Labor Code Section 218.6;

aa.    For attorneys' fees and costs pursuant to Labor Code Section 218.5, Labor Code Section 1194, Code of Civil Procedure Section 1021.5 and as otherwise permitted by statute;

bb.    For such other and further relief as the court deems just and proper;

As to the Seventh Cause of Action for Labor Code Private Attorneys General Act of 2004 on Behalf of PLAINTIFF, all Aggrieved Employees and the State of California

cc.    For civil penalties, according to the method of calculations and distribution set forth in Labor Code Section 2699;

dd.    For attorneys' fees pursuant to Labor Code Section 2699 or as otherwise permitted by statute;

ee.    For costs of suit incurred herein;

ff.    For such other and further relief as the court deems just and proper.

DATED:  April 18, 2008                    LAW OFFICES OF DAVID A. HUCH


                                          s/David A. Huch
                                          DAVID A. HUCH
                                          LAW OFFICES OF DAVID A. HUCH
                                          7040 Avenida Encinas, Suite 104
                                          Carlsbad, CA 92011
                                          dhuch@onebox.com

- 24 -

Derek J. Emge
EMGE & ASSOCIATES
550 West "C" Street, Suite 1600
San Diego, CA  92101
derek@inthelaw.com

Issa J. Michael
THE MICHAEL LAW FIRM
1648 Union St #201
San Francisco, CA 94123

LAW OFFICE OF TODD J. HILTS
Todd J. Hilts
2214 2nd Ave.
San Diego, CA 92101

Attorneys for Plaintiff, JOSUE SOTO, GHAZI RASHID, MOHAMED ABDELFATTAH, On Behalf of All Aggrieved Employees, All Others Similarly Situated, and the General Public

– 25 –