SCOPELITIS, GARVIN, LIGHT,
  HANSON & FEARY
James H. Hanson, Pro Hac Vice, Ind. Bar No. 08100-49
jhanson@scopelitis.com
Robert L. Browning, Pro Hac Vice, Ind. Bar No. 15128-49
rbrowning@scopelitis.com
R. Jay Taylor Jr., Pro Hac Vice, Ind. Bar No. 19693-53
jtaylor@scopelitis.com
10 West Market Street, Suite 1500
Indianapolis, IN 46204
(317) 637-1777
Fax: (317) 687-2414

Christopher C. McNatt, Jr.
Cal. Bar. No. 174559
SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, LLC
cmcnatt@scopelitis.com
2 North Lake Avenue, Suite 460
Pasadena, CA 91101
(626) 795-4700
Fax: (626) 795-4790

Attorney for Defendant, DIAKON LOGISTICS (DELAWARE) INC.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSUE SOTO, GHAZI RASHID, MOHAMED ABDELFATTAH, on behalf of All Aggrieved Employees, All Others Similarly Situated, and the General Public, | **Case No. 08-cv-0033 L (AJB)** |
| Plaintiffs/Counterdefendant, | **CLASS ACTION** |
| vs. | |
| DIAKON LOGISTICS (DELAWARE) INC., a foreign corporation; and DOES 1 through 50, inclusive, | **ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF, RESTITUTION, DISGORGEMENT OF PROFITS, AND CIVIL PENALTIES, AND COUNTERCLAIM FOR INDEMNITY** |
| Defendants/Counterplaintiff. | |
| DIAKON LOGISTICS (DELAWARE) INC., Third-Party Plaintiff, | |
| vs. | |
| SAYBE'S, LLC, Third-Party Defendant | |

Defendant/Counterplaintiff, Diakon Logistics (Delaware) Inc. ("Diakon"), by counsel, and pursuant to Fed.R.Civ.P. 8(b) and (c) and 13(a) respectfully submits the following Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint for Injunctive Relief, Restitution, Disgorgement of Profits, and Civil Penalties filed by Plaintiffs, Josue Soto ("Soto"), Ghazi Rashid ("Rashid"), and Mohamed Abdelfattah ("Abdelfattah") (the "Complaint"), and its Counterclaim for Indemnity against Soto.

## ANSWER

### I.
### Introduction

1. Diakon denies the allegations contained in paragraph 1 of the Complaint.

2. Diakon admits Plaintiffs purport to bring this action pursuant to the statutory and regulatory provisions set out in paragraph 2 of the Complaint, but denies the remaining allegations contained in paragraph 2 of the Complaint.

3. Diakon admits Plaintiffs purport to bring this action pursuant to the statutes identified in paragraph 3 of the Complaint, but denies the remaining allegations contained in paragraph 3 of the Complaint.

### II.
### Jurisdiction and Venue

4. For its answer to paragraph 4, Diakon incorporates by reference its answers to paragraphs 1 through 3 of the Complaint.

5. Diakon admits the allegations contained in paragraph 5 of the Complaint.

6. Diakon admits venue is proper in this Court, but denies the remaining allegations contained in paragraph 6 of the Complaint.

### III.
### Parties

7. For its answer to paragraph 7, Diakon incorporates by reference its answers to paragraphs 1 through 6 of the Complaint.

8. Diakon admits Soto is an adult, is without information sufficient to form a belief as to Soto's competency and therefore denies the same, and denies the remaining allegations contained in paragraph 8 of the Complaint.

9. Diakon admits Rashid is an adult, is without information sufficient to form a belief as to Rashid's competency and therefore denies the same, and denies the remaining allegations contained in paragraph 9 of the Complaint.

10. Diakon admits Abdelfattah is an adult, is without information sufficient to form a belief as to Abdelfattah's competency and therefore denies the same, and denies the remaining allegations contained in paragraph 10 of the Complaint.

11. Diakon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and therefore denies the same.

12. Diakon admits the allegations contained in paragraph 12 of the Complaint.

13. Diakon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and therefore denies the same.

14. Diakon denies the allegations contained in paragraph 14 of the Complaint.

15. Diakon denies the allegations contained in paragraph 15 of the Complaint.

16. The allegations in paragraph 16 of the Complaint do not require a response. To the extent a response is required, Diakon denies the allegations contained in paragraph 16 of the Complaint.

17. Diakon denies the allegations contained in paragraph 17 of the Complaint.

### IV.
### Factual Background

18. For its answer to paragraph 18, Diakon incorporates by reference its answers to paragraphs 1 through 17 of the Complaint.

19. Diakon admits the allegations contained in paragraph 19 of the Complaint.

20. Diakon admits it helps facilitate the delivery of merchandise for its retail customers through independent contractor transportation service providers, admits certain independent contractor transportation service providers it has utilized have performed services using vehicles leased from Diakon, but denies the remaining allegations contained in paragraph 20 of the Complaint.

21. Diakon admits certain of the independent contractor transportation service providers it has utilized have performed services in vehicles leased from Diakon, admits it provides independent contractor transportation service providers the opportunity to deliver items based upon the requirements of Diakon's customers, admits the content of its website, www.diakonlogistics.com, speaks for itself, admits that pursuant to the Federal Motor Carrier Safety Regulations ("FMCSR") it requires independent contractor transportation service providers to complete a record of their on-duty hours on a daily basis, but denies the remaining allegations contained in paragraph 21 of the Complaint.

22. Diakon admits that the content of its website, www.diakonlogistics.com, speaks for itself, but denies the remaining allegations contained in paragraph 22 of the Complaint.

23. Diakon denies the allegations contained in paragraph 23 of the Complaint.

24. Diakon denies the allegations contained in paragraph 24 of the Complaint.

25. Diakon denies the allegations contained in paragraph 25 of the Complaint.

26. Diakon denies the allegations contained in paragraph 26 of the Complaint.

27. Diakon denies the allegations contained in paragraph 27 of the Complaint.

28. Diakon denies the allegations contained in paragraph 28 of the Complaint.

## V.
## Class Allegations

29. For its answer to paragraph 29, Diakon incorporates by reference its answers to paragraphs 1 through 28 of the Complaint.

30. Diakon admits that Plaintiffs seek to bring this action on behalf of themselves and all others similarly situated as a class action, but denies the remaining allegations contained in paragraph 30 of the Complaint.

31. The allegations in paragraph 31 of the Complaint do not require a response. To the extent a response is required, Diakon denies the allegations contained in paragraph 29 of the Complaint.

32. Diakon denies the allegations contained in paragraph 32 of the Complaint.

**A.   Numerosity**

33. Diakon admits it has used the services of more than 100 independent contractor transportation service providers in the state of California, but denies the remaining allegations contained in paragraph 33 of the Complaint.

**B.   Common Questions Predominate**

34. Diakon denies the allegations contained in paragraph 34 of the Complaint, and further states:

- (a) Diakon admits that independent contractor transportation service providers perform their services pursuant to written "Service Agreements," but denies the remaining allegations contained in subparagraph 34(a) of the Complaint.
- (b) Diakon admits certain independent contractor transportation service providers it has utilized have performed services in vehicles leased for a limited period of time from Diakon, but denies the remaining allegations contained in subparagraph 34(b) of the Complaint.
- (c) Diakon admits certain of the independent contractor transportation service providers it has utilized have performed services in vehicles leased for a limited period of time from Diakon, but denies the remaining allegations contained in subparagraph 34(c) of the Complaint.

(d) Diakon admits it utilizes technology to meet the expectations and requirements of its customers, but denies the remaining allegations contained in subparagraph 34(d) of the Complaint.

(e) Diakon denies the allegations of subparagraph 34(e).

(f) Diakon admits that the compensation to which independent contractor transportation service providers are entitled is distributed bi-monthly, but denies the remaining allegations contained in subparagraph 34(f) of the Complaint.

(g) Diakon denies the allegations of subparagraph 34(g) of the Complaint.

(h) Diakon denies the allegations contained in subparagraph 34(h) of the Complaint.

(i) Diakon denies the allegations contained in subparagraph 34(i) of the Complaint.

(j) Diakon denies the allegations contained in subparagraph 34(j) of the Complaint.

(k) Diakon denies the allegations contained in subparagraph 34(k) of the Complaint.

(l) Diakon admits that, pursuant to the FMCSR, it requires independent contractor transportation service providers to complete a record of their on-duty hours on a daily basis, but denies the remaining allegations contained in subparagraph 34(l) of the Complaint.

(m) Diakon denies the allegations of subparagraph 34(m) of the Complaint.

(n) Diakon denies the allegations of subparagraph 34(n) of the Complaint.

35. The allegations contained in paragraph 35 of the Complaint are questions of law to which no response is required.  To the extent a response is required, Diakon denies the allegations contained in paragraph 35 of the Complaint.

**C.   Typicality**

36. Diakon denies the allegations contained in paragraph 36 of the Complaint.

**D.   Adequacy of Representation**

37. Diakon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

**E.   Superiority of Class Action**

38. Diakon denies the allegations contained in paragraph 38 of the Complaint.

**FIRST CAUSE OF ACTION**
**(Against All Defendant on Behalf of Plaintiffs and the CLASS)**

**Failure to Pay Minimum Wages**

39. For its answer to paragraph 39, Diakon incorporates by reference its answers to paragraphs 1 through 38 of the Complaint.

40. Diakon denies the allegations contained in paragraph 40 of the Complaint.

41. Diakon denies the allegations contained in paragraph 41 of the Complaint.

**SECOND CAUSE OF ACTION**
**(Against All Defendant on Behalf of Plaintiffs and the CLASS)**

**Failure to Provide Proper Meal Breaks, or Compensation in Lieu Thereof**

42. For its answer to paragraph 42, Diakon incorporates by reference its answers to paragraphs 1 through 41 of the Complaint.

43. Diakon denies the allegations contained in paragraph 43 of the Complaint.

44. Diakon denies the allegations contained in paragraph 44 of the Complaint.

45. Diakon denies the allegations contained in paragraph 45 of the Complaint.

### THIRD CAUSE OF ACTION
### (Against All Defendant on Behalf of Plaintiffs and the CLASS)

### Failure to Provide Proper Rest Periods, or Compensation in Lieu Thereof

46. For its answer to paragraph 46, Diakon incorporates by reference its answers to paragraphs 1 through 45 of the Complaint.

47. Diakon denies the allegations contained in paragraph 47 of the Complaint.

48. Diakon denies the allegations contained in paragraph 48 of the Complaint.

### FOURTH CAUSE OF ACTION
### (Against All Defendant on Behalf of Plaintiffs and the CLASS)

### Failure to Reimburse for Reasonable Business Expenses

49. For its answer to paragraph 49, Diakon incorporates by reference its answers to paragraphs 1 through 48 of the Complaint.

50. Diakon denies the allegations contained in paragraph 50 of the Complaint.

51. Diakon denies the allegations contained in paragraph 51 of the Complaint.

52. Diakon denies the allegations contained in paragraph 52 of the Complaint.

### FIFTH CAUSE OF ACTION
### (Against All Defendant on Behalf of Plaintiffs and the CLASS)

### Failure to Provide Properly Itemized Wage Statements

53. For its answer to paragraph 53, Diakon incorporates by reference its answers to paragraphs 1 through 52 of the Complaint.

54. The allegations contained in paragraph 54 of the Complaint are assertions of law to which no answer is required. To the extent an answer is required, Diakon denies the allegations contained in paragraph 54 of the Complaint.

55. Diakon denies the allegations contained in paragraph 55 of the Complaint.

56. Diakon denies the allegations contained in paragraph 56 of the Complaint.

57. Diakon denies the allegations contained in paragraph 57 of the Complaint.

## SIXTH CAUSE OF ACTION
### (Against All Defendant on Behalf of Plaintiffs and the CLASS)
### Unlawful and Unfair Business Practices

58. For its answer to paragraph 58, Diakon incorporates by reference its answers to paragraphs 1 through 57 of the Complaint.

59. The allegations contained in paragraph 59 of the Complaint are assertions of law to which no answer is required. To the extent an answer is required, Diakon denies the allegations contained in paragraph 59 of the Complaint.

60. The allegations contained in paragraph 60 of the Complaint are assertions of law to which no answer is required. To the extent an answer is required, Diakon denies the allegations contained in paragraph 60 of the Complaint.

61. The allegations contained in paragraph 61 of the Complaint are assertions of law to which no answer is required. To the extent an answer is required, Diakon denies the allegations contained in paragraph 61 of the Complaint.

62. Diakon denies the allegations contained in paragraph 62 of the Complaint.

63. Diakon denies the allegations contained in paragraph 63 of the Complaint.

64. Diakon denies the allegations contained in paragraph 64 of the Complaint.

65. The allegations set out in paragraph 65 of the Complaint relating to relief purportedly authorized by the California Business and Professions Code are assertions of law to which no answer is required. To the extent an answer is required, Diakon denies those allegations, and denies the remaining allegations contained in paragraph 65 of the Complaint.

66. Diakon denies the allegations contained in paragraph 66 of the Complaint.

## SEVENTH CAUSE OF ACTION

67. For its answer to paragraph 67, Diakon incorporates by reference its answers to paragraphs 1 through 66 of the Complaint.

68. Diakon denies the allegations contained in paragraph 68 of the Complaint.

69. Diakon admits that Plaintiffs seek to bring this action on behalf of themselves and all other independent contractor transportation service providers, but denies the remaining allegations of paragraph 69 of the Complaint.

70. Diakon denies the allegations contained in paragraph 70 of the Complaint.

71. Diakon denies the allegations contained in paragraph 71 of the Complaint.

72. Diakon denies the allegations contained in paragraph 72 of the Complaint.

73. Diakon admits it received a copy of a letter from Derek J. Emge, counsel for Plaintiffs, to the California Labor and Workforce Development Agency (the "LWDA") dated July 18, 2007, purporting to notify the LWDA of alleged violations of the California Labor Code, but denies the remaining allegations contained in paragraph 73 of the Complaint.

74. Diakon admits that it received a copy of a letter from the LWDA dated August 16, 2007, purporting to advise that the LWDA did not intend to investigate certain allegations, but denies the remaining allegations contained in paragraph 74 of the Complaint.

75. The allegations in paragraph 75 of the Complaint are assertions of law to which no response is required. To the extent an answer is required, Diakon denies the allegations contained in paragraph 75 of the Complaint.

WHEREFORE, Defendant Diakon Logistics (Delaware) Inc. respectfully requests that Plaintiffs take nothing by way of their Complaint, for an award of attorneys fees and costs of this action, and for all other necessary and proper relief.

## AFFIRMATIVE DEFENSES

1. As independent contractors, Plaintiffs are not entitled to any of the relief requested.

2. The Complaint should be dismissed because Plaintiffs have failed to join persons needed for just adjudication, including Saybe's, LLC, Rashid Trucking, Inc., and Abdul Trucking, Inc.

3. The Complaint should be dismissed because Plaintiffs are not the real parties in interest.

4. The Complaint should be dismissed because Plaintiffs lack standing to assert claims on behalf of Saybe's, LLC, Rashid Trucking, Inc., and Abdul Trucking, Inc.

5. The Complaint should be dismissed because Plaintiffs have failed to exhaust all administrative remedies available and required to secure the benefits and protections to which they claim to have been entitled pursuant to California law.

6. Plaintiffs' Complaint should be dismissed because questions regarding the benefits and protections to which Plaintiffs claim to have been entitled, including Plaintiffs' entitlement to those benefits, and the amount of any benefits, are within the exclusive and primary jurisdiction of certain California state and/or federal administrative agencies.

7. Plaintiffs' claims for damages are barred, in whole or in part, by Plaintiffs' failure to mitigate their damages.

8. Plaintiffs have been reimbursed for all of their alleged business expenses through compensation they received for their services and therefore cannot recover those expenses.

9. Some or all of Plaintiffs' claims are barred by the doctrine of laches.

10. Some or all of Plaintiffs' claims are barred by the doctrine of payment.

11. Some or all of Plaintiffs' claims are barred by the doctrine of waiver.

12. Some or all of Plaintiffs' claims are barred by the doctrine of estoppel.

13. Plaintiffs' claims regarding Diakon's alleged failure to provide meal and rest break periods under California law are barred because they are an undue burden upon interstate commerce in violation of the Commerce Clause of the U.S. Constitution, U.S. CONST. art. I, § 8, cl. 3.

14. Plaintiffs' claims regarding Diakon's alleged failure to provide meal and rest break periods under California law are preempted under the Supremacy Clause of the U.S. Constitution, U.S. CONST. art. VI, cl. 2, because (a) California's meal and rest break rules

conflict with the federal hours of service regulations, 49 C.F.R. Part 395, by imposing a different standard than that carefully set at the federal level by the Federal Motor Carrier Safety Administration ("FMCSA"); (b) the FMCSA's regulation of the hours of service of drivers in interstate commerce through the federal hours of service regulations, 49 C.F.R. Part 395, leaves no room for additional or supplemental state regulation of drivers' hours of service; and (c) California's meal and rest break rules affect Diakon's rates, routes, and services within the meaning of the express preemption provision of the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501.

15. Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

16. Some or all of Plaintiffs' claims are barred because Plaintiffs consented to the alleged conduct of Diakon.

17. Some or all of Plaintiffs' claims should be reduced by the doctrine of set off.

18. Plaintiffs are not entitled to any penalty award under any California Labor Code provision because at all times relevant and material herein, Diakon acted in good faith and had reasonable grounds for believing that it did not violate the wage provisions of the California Labor Code.

19. Diakon will rely on all defenses lawfully available to it at the time of trial and reserves the right to amend its answer and affirmative defenses to include additional defenses after the completion of discovery.

WHEREFORE, Diakon respectfully requests that Plaintiffs take nothing by way of their Complaint, for an award of attorney fees and costs of this action, and for all other necessary and proper relief.

## COUNTERCLAIM FOR INDEMNITY

### Parties

1. Diakon is a Delaware corporation with its principal place of business located in Virginia, and is therefore a citizen of the states of Delaware and Virginia. Diakon is a national warehousing, logistics, and home delivery service provider serving various retailers in California. Diakon utilizes the services of independent contractor transportation service providers like Soto facilitate the delivery of merchandise for Diakon's customers.

2. Soto is a resident and therefore a citizen of California and entered into a Service Agreement (the "Service Agreement") with Diakon on or about May 4, 2005, pursuant to which Soto agreed to provide transportation services to Diakon. A copy of the Service Agreement is attached hereto as Exhibit A.

### Jurisdiction and Venue

3. This Court has supplemental jurisdiction over this Counterclaim under 28 U.S.C. § 1367(a) because the claims asserted in the Counterclaim are so related to the claims asserted in the Complaint that they form a part of the same case and controversy under Article III of the United States Constitution.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a).

### Facts

5. In the Service Agreement, Soto agreed, among other things, to transport items for Diakon's customers as an independent contractor.

6. The Service Agreement provides that Soto will

> indemnify the Company [Diakon] harmless from any and all claims, losses, liabilities, costs and expenses of any kind whatsoever, including, without limitation, attorneys' fees (all of the foregoing being collectively referred to as "Indemnified Amounts") incurred by or asserted against the Company and arising out of, or resulting from, in whole or in part, the Contractor's [Soto's] performance including, without limitation, Indemnified Amounts arising out of, or resulting from, in whole or in part, the Contractor's performance of the services arising out of or relating to this agreement ….

Service Agreement, § 6.

7.    The Service Agreement further provides that Soto will

> pay to the Company [Diakon], on demand, any and all amounts necessary to indemnify the Company from and against all such Indemnified Amounts incurred by or asserted against the Company, and the Company shall have the right to set-off any such Indemnified Amounts against any amounts owed by the Company to the Contractor [Soto] under this Agreement.

Service Agreement, § 6.

8.    The claims asserted by Soto in this case, and the expenses Diakon has incurred to defend against them, arise out of and result from Soto's performance under the Service Agreement.

9.    Pursuant to the Service Agreement, Soto must indemnify, defend, and hold Diakon harmless from and against any and all claims, losses, costs, and expenses, including but not limited to judgments, reasonable attorneys' fees, and costs, resulting from or arising out of the claims Soto has asserted in this case.

WHEREFORE, Diakon requests an award against Soto in an amount sufficient to fully and completely indemnify Diakon from and against any and all claims, losses, costs, and expenses, including but not limited to judgments, reasonable attorneys' fees, and costs, resulting from or arising out of the claims Soto has asserted in this case, plus pre-judgment and post-judgment interest, and any other relief this Court deems equitable and just.

### **DEMAND FOR JURY TRIAL**

Diakon demands a trial by jury of all claims as to which it is entitled to a jury trial.

Dated: May 5, 2008                        Respectfully submitted,

**SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY**

By: *s/James H. Hanson*     .
James H. Hanson

Attorney for Defendant, Diakon Logistics (Delaware) Inc.

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was filed electronically this May 5th, 2008. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Derek J. Emge | David A. Huch |
| Emge & Associates | Law Offices of David A. Huch |
| 550 West C Street, Suite 1600 | 7040 Avenida Encinas, Suite 104 |
| San Diego, California 92101 | Carlsbad, California 92011 |

Todd J. Hilts
Law Office of Todd J. Hilts
2214 Second Avenue
San Diego, California 92101

                                        *s/James H. Hanson*
                                        James H. Hanson

SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY
10 West Market Street, Suite 1500
Indianapolis, Indiana 46204
(317) 637-1777
(317) 687-2414 Fax
e-mail: jhanson@scopelitis.com