James H. Hanson, Pro Hac Vice, Ind. Bar No. 08100-49
jhanson@scopelitis.com
Robert L. Browning, Pro Hac Vice, Ind. Bar No. 15128-49
rbrowning@scopelitis.com
R. Jay Taylor Jr., Pro Hac Vice, Ind. Bar No. 19693-53
jtaylor@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1500
Indianapolis, IN 46204
(317) 637-1777
Fax: (317) 687-2414

Christopher C. McNatt, Jr., Cal. Bar. No. 174559
cmcnatt@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 460
Pasadena, CA 91101
(626) 795-4700
Fax: (626) 795-4790

Attorney for Defendant, DIAKON LOGISTICS (DELAWARE) INC.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE SOTO, GHAZI RASHID, MOHAMED ABDELFATTAH, on behalf of All Aggrieved Employees, All Others Similarly Situated, and the General Public, <br><br>  Plaintiffs/Counter-Defendant, <br><br> vs. <br><br> DIAKON LOGISTICS (DELAWARE) INC., a foreign corporation; and DOES 1 through 50, inclusive, <br><br>  Defendants/Counter-Plaintiff. <br><br> DIAKON LOGISTICS (DELAWARE) INC., <br><br>  Third-Party Plaintiff, <br><br> vs. <br><br> SAYBE'S, LLC, <br><br>  Third-Party Defendant. | Case No. 08-cv-0033 L (AJB) <br><br><br><br> **CLASS ACTION** <br><br><br><br><br> **DIAKON LOGISTICS (DELAWARE) INC.'S AMENDED COUNTERCLAIM FOR INDEMNITY AGAINST JOSUE SOTO** |

Defendant/Counter-Plaintiff, Diakon Logistics (Delaware) Inc. ("Diakon"), by counsel and pursuant to Fed.R.Civ.P. 15(a)(1)(A), respectfully submits the following Amended Counterclaim for Indemnity against Plaintiff, Josue Soto ("Soto").

## **AMENDED COUNTERCLAIM FOR INDEMNITY**

### **Parties**

1. Diakon is a Delaware corporation with its principal place of business located in Virginia, and is therefore a citizen of the states of Delaware and Virginia. Diakon is a national warehousing, logistics, and home delivery service provider serving various retailers in California. Diakon utilizes the services of independent contractor transportation service providers like Soto facilitate the delivery of merchandise for Diakon's customers.

2. Soto is a resident and therefore a citizen of California and entered into a Service Agreement (the "Service Agreement") with Diakon on or about May 4, 2005, pursuant to which Soto agreed to provide transportation services to Diakon. A copy of the Service Agreement is attached hereto as *Exhibit A*.

### **Jurisdiction and Venue**

3. This Court has supplemental jurisdiction over this Amended Counterclaim under 28 U.S.C. § 1367(a) because the claims asserted in the Amended Counterclaim are so related to the claims asserted in the Complaint that they form a part of the same case and controversy under Article III of the United States Constitution.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a).

### **Facts**

5. In the Service Agreement, Soto agreed, among other things, to transport items for Diakon's customers as an independent contractor.

6. The Service Agreement provides that Soto will

> indemnify the Company [Diakon] harmless from any and all claims, losses, liabilities, costs and expenses of any kind whatsoever, including, without limitation, attorneys' fees (all of the foregoing being collectively referred to as "Indemnified Amounts") incurred by or asserted against the Company and arising out of, or resulting from, in whole or in part, the Contractor's [Soto's] performance including, without limitation, Indemnified Amounts arising out of, or resulting from, in whole or in part,

> the Contractor's performance of the services arising out of or relating to this agreement ….

Service Agreement, § 6.

    7.    The Service Agreement further provides that Soto will

> pay to the Company [Diakon], on demand, any and all amounts necessary to indemnify the Company from and against all such Indemnified Amounts incurred by or asserted against the Company, and the Company shall have the right to set-off any such Indemnified Amounts against any amounts owed by the Company to the Contractor [Soto] under this Agreement.

Service Agreement, § 6.

    8.    The claims asserted by Soto in this case, and the expenses Diakon has incurred to defend against them, arise out of and result from Soto's performance under the Service Agreement.

    9.    Pursuant to the Service Agreement, Soto must indemnify, defend, and hold Diakon harmless from and against any and all claims, losses, costs, and expenses, including but not limited to judgments, reasonable attorneys' fees, and costs, resulting from or arising out of the claims Soto has asserted in this case.

    WHEREFORE, Diakon requests an award against Soto in an amount sufficient to fully and completely indemnify Diakon from and against any and all claims, losses, costs, and expenses, including but not limited to judgments, reasonable attorneys' fees, and costs, resulting from or arising out of the claims Soto has asserted in this case, plus pre-judgment and post-judgment interest, and any other relief this Court deems equitable and just.

## **DEMAND FOR JURY TRIAL**

Diakon demands a trial by jury of all claims as to which it is entitled to a jury trial.

Respectfully submitted,

/s/ James H. Hanson
James H. Hanson

Attorney for Defendant, Diakon Logistics (Delaware) Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Derek J. Emge<br>Emge & Associates<br>Derek@inthelaw.com | David A. Huch<br>Law Offices of David A. Huch<br>dhuch@onebox.com |
| Todd J. Hilts<br>Law Office of Todd J. Hilts<br>info@hiltslaw.com | Issa J. Michael<br>The Michael Law Firm<br>Jmichaelesq@yahoo.com |

/s/ James H. Hanson
James H. Hanson

c:\iscrub docs\~rad38fbd.tmp.doc