SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY
James H. Hanson, Pro Hac Vice, Ind. Bar No. 08100-49
jhanson@scopelitis.com
Robert L. Browning, Pro Hac Vice, Ind. Bar No. 15128-49
rbrowning@scopelitis.com
R. Jay Taylor Jr., Pro Hac Vice, Ind. Bar No. 19693-53
jtaylor@scopelitis.com
10 West Market Street, Suite 1500
Indianapolis, IN 46204
(317) 637-1777
Fax: (317) 687-2414

Christopher C. McNatt, Jr., Cal. Bar No. 174559
cmcnatt@scopelitis.com
2 North Lake Avenue, Suite 460
Pasadena, CA 91101
(626) 795-4700
Fax: (626) 795-4790

Attorneys for Diakon Logistics (Delaware) Inc.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE SOTO, GHAZI RASHID, MOHAMED ABDELFATTAH, on behalf of All Aggrieved Individuals, All Others Similarly Situated, and the General Public,<br>    Plaintiffs and<br>    Counterclaim Defendant,<br>vs.<br>DIAKON LOGISTICS (DELAWARE) INC., a foreign corporation;<br>    Defendant and<br>    Counterclaimant,<br>and<br>DOES 1 through 50, inclusive,<br>    Defendants.<br>_____<br>DIAKON LOGISTICS (DELAWARE) INC.,<br>    Third-Party Plaintiff,<br>vs.<br>SAYBE'S, LLC, ABDUL TRUCKING, INC., and RASHID TRUCKING, INC.<br>    Third-Party Defendant. | CASE NO. 08-CV-0033-L-AJB<br><br>**CLASS ACTION**<br><br>**THIRD-PARTY COMPLAINT AGAINST ABDUL TRUCKING, INC. AND RASHID TRUCKING, INC.** |

Defendant/Counterclaimant/Third-Party Plaintiff, Diakon Logistics (Delaware) Inc. ("Diakon"), by counsel, pursuant to Fed.R.Civ.P. 14(a) and for its Third-Party Complaint against Third-Party Defendants, Abdul Trucking, Inc., ("Abdul Trucking"), and Rashid Trucking, Inc. ("Rashid Trucking"), states as follows:

## Parties

1. Diakon is, and at all relevant times was, incorporated under the laws of Delaware with its principal place of business located in Virginia, and is accordingly a citizen of both Delaware and Virginia pursuant to 28 U.S.C. § 1332(c). Diakon is a national warehousing, logistics, and home delivery service provider serving various retailers in California. Diakon utilizes the services of independent contractor transportation service providers such as Abdul Trucking and Rashid Trucking to facilitate the delivery of merchandise for Diakon's customers.

2. Abdul Trucking, a California corporation incorporated on September 24, 2004, is believed to have its principal place of business located in California. It is registered with the California Secretary of State's office as Corporation No. C2675803. Abdul Trucking is believed to be owned entirely by Plaintiff, Mohamed Abdelfattah ("Abdelfattah").

3. Rashid Trucking, a California corporation incorporated on July 8, 2005, is believed to have its principal place of business located in California. It is registered with the California Secretary of State's office as Corporation No. C2755777. Rashid Trucking is believed to be owned entirely by Plaintiff, Ghazi Rashid ("Rashid").

## Jurisdiction And Venue

4. This Court has supplemental jurisdiction over the claims asserted in the Third-Party Complaint under 28 U.S.C. § 1367(a) because the claims asserted in the Third-Party Complaint are so related to the claims asserted in Plaintiffs' Complaint that they form a part of the same case and controversy under Article III of the United States Constitution.

5. This Court also has jurisdiction over the claims asserted in the Third-Party Complaint under 28 U.S.C. § 1332 because the amount in controversy, on information and belief, exceeds $75,000, and because the claims are between citizens of different states.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a).

## Facts

7. Abdul Trucking and Diakon entered into Service Agreements ("SAs") on or about October 13, 2004 (the "2004 Abdul SA"), October 9, 2005 (the "2005 Abdul SA"), and July 31, 2006 (the "2006 Abdul SA"). In its SAs, Abdul Trucking agreed, among other things, to

transport items for Diakon's customers as an independent contractor. Copies of Abdul Trucking's SAs are attached hereto as *Exhibits A, B,* and *C*, respectively.

8. Abdul Trucking employed Abdelfattah to carry out its obligations under its SAs.

9. Rashid Trucking and Diakon entered into SAs on or about July 15, 2005 (the "2005 Rashid SA"), and May 26, 2006 (the "2006 Rashid SA"). In its SAs, Rashid Trucking agreed, among other things, to transport items for Diakon's customers as an independent contractor. Copies of Rashid Trucking's SAs are attached hereto as *Exhibits D* and *E*, respectively.

10. Rashid Trucking employed Rashid to carry out its obligations under its SAs.

11. The 2004 Abdul SA, the 2005 Abdul SA, and the 2005 Rashid SA provide that Abdul Trucking and Rashid Trucking, respectively, will

> indemnify [Diakon] harmless from any and all claims, losses, liabilities, costs and expenses of any kind whatsoever, including, without limitation, attorneys' fees (all of the foregoing being collectively referred to as "Indemnified Amounts") incurred by or asserted against [Diakon] and arising out of, or resulting from, in whole or in part, the Contractor's [Abdul Trucking or Rashid Trucking] performance including, without limitation, Indemnified Amounts arising out of, or resulting from, in whole or in part, the Contractor's performance of the services arising out of or relating to this agreement . . . .

*Exhibits A,* § 6; *B,* § 6; and *D,* § 6. The 2006 Abdul SA and the 2006 Rashid SA have virtually identical provisions. *See Exhibits C,* § 6; and *E,* § 6.

12. Each of the SAs of Abdul Trucking and Rashid Trucking further provide that Abdul Trucking and Rashid Trucking, respectively, will

> pay to [Diakon], on demand, any and all amounts necessary to indemnify [Diakon] from and against all such Indemnified Amounts incurred by or asserted against [Diakon], and [Diakon] shall have the right to set-off any such Indemnified Amounts against any amounts owed by [Diakon] to the Contractor [Abdul Trucking or Rashid Trucking] under this Agreement.

*See Exhibits A,* § 6; *B,* § 6; *C,* § 6; *D,* § 6; and *E,* § 6.

13. Abdelfattah and Rashid allege in the Complaint that they and members of a putative class of similarly situated transportation service providers are entitled to compensatory damages, injunctive relief, restitution, disgorgement of profits, and civil penalties by virtue of Diakon's alleged misclassification of them as independent contractors.

### Cause of Action for Indemnity

14. Diakon realleges and reincorporates herein by reference the allegations of paragraphs 1 through 13 above as though set forth fully herein.

15. Some of the claims Abdelfattah and Rashid assert in this case and the expenses Diakon has incurred to defend against them arise out of and result from the performance of Abdul Trucking and Rashid Trucking under their respective SAs.

16. Pursuant to their respective SAs, Abdul Trucking and Rashid Trucking must indemnify Diakon from and against any and all claims, liabilities, losses, costs, and expenses, including but not limited to reasonable attorneys' fees and costs, resulting from or arising out of the claims asserted by Abdelfattah and Rashid in this case that arise out of and result from the performance of Abdul Trucking and Rashid Trucking under their respective SAs.

WHEREFORE, Diakon requests an award against Abdul Trucking and Rashid Trucking in an amount sufficient to fully and completely indemnify Diakon from and against any and all claims, liabilities, losses, costs, and expenses, including but not limited to reasonable attorneys' fees and costs, resulting from or arising out of the claims asserted by Abdelfattah and Rashid in this case that arise out of and result from the performance of Abdul Trucking and Rashid Trucking under their respective SAs, and any other relief this Court deems equitable and just.

### DEMAND FOR JURY TRIAL

Diakon demands a trial by jury of all claims as to which it is entitled to a jury trial.

Respectfully submitted,

*/s/James H. Hanson*
James H. Hanson

Attorney for Defendant/Counterclaimant/
Third-Party Plaintiff, Diakon Logistics
(Delaware) Inc.

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically this 19th day of May, 2008. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Derek J. Emge<br>Derek@inthelaw.com<br>Emge & Associates | David A. Huch<br>dhuch@onebox.com<br>Law Offices of David A. Huch |
| Todd J. Hilts<br>Hilts911@aol.com<br>Law Office of Todd J. Hilts | Issa J. Michael<br>imichaelesq@yahoo.com<br>The Michael Law Firm |

/s/James H Hanson
James H. Hanson

h:\users\lnewton\rjt\diakonlog-10610\consolidated plead\diakon 3pc v r & a final.doc