EMGE & ASSOCIATES
550 West C Street, Ste. 1600
San Diego, CA 92101
Telephone (619) 595-1400
Facsimile (619) 595-1480

Issa J. Michael (CSB No. 184256)
THE MICHAEL LAW FIRM
1648 Union St #201
San Francisco, CA 94123
Telephone (415) 447-2833
Facsimile (415) 447-2834

Attorneys for Plaintiffs, JOSUE SOTO, GHAZI RASHID, MOHAMED ABDELFATTAH, On Behalf of All Aggrieved Employees, All Others Similarly Situated, and the General Public

# IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE SOTO, GHAZI RASHID, MOHAMED ABDELFATTAH, On Behalf of All Aggrieved Employees, All Others Similarly Situated, and the General Public, <br><br> Plaintiffs, <br> v. <br><br> DIAKON LOGISTICS (DELAWARE), INC., a foreign corp.; and DOES 1 through 50, inclusive, <br> Defendants. <br>_____<br> DIAKON LOGISTICS (DELAWARE) INC., <br>       Third-Party Plaintiff, <br>   vs. <br><br> SAYBE'S, LLC, ABDUL TRUCKING, INC., and RASHID TRUCKING, INC., <br>       Third-Party Defendants. <br>_____ | Case No. 08-CV-0033 L (AJB) <br><br> **CLASS ACTION** <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT DIAKON LOGISTICS (DELAWARE) INC.'S MOTION TO DISMISS** |

- 0 -

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS
08CV0033 L (AJB)**

Plaintiffs JOSUE SOTO, GHAZI RASHID and MOHAMED ABDELFATTAH ("Plaintiffs"), on behalf of themselves, all aggrieved employees, all others similarly situated, and on behalf of the general public, oppose Defendant DIAKON LOGISTICS (DELAWARE) INC.'s motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant's motion erroneously argues that Plaintiffs have brought the present suit "under Service Agreements" entered into by the parties, and therefore are not real parties in interest. However, Plaintiffs have not alleged any claims arising under the Service Agreements. Instead, Plaintiffs' First Amended Complaint ("FAC") sets forth eight wage and hour claims under the California Labor Code. As articulated throughout Plaintiffs' FAC, Plaintiffs simply allege that they and other similarly situated employees have been misclassified as independent contractors and are therefore entitled to fundamental statutory rights under California wage and hour law. Accordingly, Defendant's motion must fail.

## I.

## THE OPERATIVE COMPLAINT

Defendant's motion argues against a pleading that does not exist in the present action. That is, all of the authority cited by Defendant addresses either contractual disputes or claims of injury to a corporation/business entity. Plaintiffs have not brought such claims. Plaintiffs' claims and remedies sought under the California Labor Code are summarized in the first three paragraphs of the FAC:

> For at least four years prior to the filing of this action and through the present, Plaintiffs are informed and believe that Defendant has violated the California Labor Code and applicable California Wage Orders by improperly categorizing Class Members, including Plaintiffs, as independent contractors when they are, in fact, employees. (FAC, ¶ 1)
>
> Plaintiffs, on their own behalf and on behalf of all Class Members and Aggrieved Employees, bring this action pursuant to Labor Code §§ 218, 221, 223, 226, 226.3, 226.7, 512, 1174, 1194, 1197, 1197.1, 2699 and California Wage Order No. 9-2001 (Cal. Code Reg., Title 8, § 11090), seeking unpaid minimum wages, unpaid rest break and meal period compensation, reimbursement of all illegal

- 1 -

deductions made from their wages, payment of all wages earned, reimbursement of expenses and losses incurred by them in discharging their duties, civil penalties and reasonable attorneys' fees and costs. (FAC, ¶ 2)

Plaintiffs, on their own behalf and on behalf of all Class Members and the General Public, also bring this action pursuant to Business & Professions Code §§ 17200-17208, seeking injunctive relief, restitution, and disgorgement of profits due to Defendant's unlawful violations of the Labor Code. (FAC, ¶ 3)

The FAC also identifies the parties to this action and describes the alleged employee-employer relationship between the parties under which the present misclassification case arises:

Plaintiff JOSUE SOTO is a competent adult who resides in the County of San Diego, State of California. From his date of hire, at or around May 2005 until the present, Plaintiff has been employed as a delivery truck driver by Defendant DIAKON LOGISTICS (DELAWARE), INC. in the County of San Diego, State of California. (FAC, ¶ 8)

Plaintiff GHAZI RASHID is a competent adult who resides in the County of Sacramento, State of California. From his date of hire, at or around July 2005 until his termination of employment on or about December 2006, Plaintiff was employed as a delivery truck driver by Defendant DIAKON LOGISTICS (DELAWARE), INC. in the County of Sacramento, State of California. (FAC, ¶ 9)

Plaintiff MOHAMED ABDELFATTAH is a competent adult who resides in the County of Sacramento, State of California. From his date of hire, at or around September 2003 until his termination of employment on or about March 2007, Plaintiff was employed as a delivery truck driver by Defendant DIAKON LOGISTICS (DELAWARE), INC. in the County of Sacramento, State of California. (FAC, ¶ 10)

Plaintiffs are informed and believe that Defendant DIAKON LOGISTICS (DELAWARE), INC. is a foreign corporate incorporated under the laws of the State of Delaware and has its principal place of business in the State of Virginia. At all times mentioned herein, Defendant was doing business in the State of California. According to Defendant's website, www.diakonlogistics.com, Defendant is "*one of the largest national warehousing, logistics, and home delivery companies in the U.S....operating in 26 states...serv[ing] some of the largest retailers in the country, including Sears, General Electric, Home Depot, and Ethan Allen.*" (FAC, ¶ 12)

> Plaintiffs are informed and believe, and thereon allege, that during the applicable statutory period, Defendant employed Plaintiffs and other similarly situated persons as non-exempt employees within the State of California. Plaintiffs are further informed and believe that Defendant directly or indirectly exercised control over the wages, hours and/or working conditions of said employees, including Plaintiffs. (FAC, ¶ 17)

Nowhere in the FAC do Plaintiffs allege a contract cause of action. Nowhere in the FAC do Plaintiffs allege damage or injury to third-party business entities. With respect to the Service Agreements, Plaintiffs have made the following allegation that is relevant to the employee vs. independent contractor inquiry: "Defendant requires each individual to execute a pre-printed document captioned, 'Service Agreement'." (FAC, ¶ 34.a.) Plaintiffs' class description also incorporates the Service Agreement; however, the proposed class does not allege a breach of the Service Agreement or other contractual dispute arising out of the Service Agreement. Instead, the putative class is comprised of misclassified employees "who were subject to the 'Service Agreement' (or similar document), which categorized them as independent contractors and not employees." (FAC, ¶ 30) Again, the allegation pertains solely to claims by employees under the California Labor Code.

**II.**

**PLAINTIFFS SATISFY CALIFORNIA'S REAL PARTY IN INTEREST REQUIRMENT**

Defendant erroneously argues that Plaintiffs are not real parties in interest and therefore may not maintain the wage and hour claims set forth in the FAC. The leading Commentators on California civil procedure define the real party in interest requirement: "Generally, the real party in interest is the person who has the *right to sue under the substantive law*." Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2007) P. 2:2 [*citing Gantman v. United Pac. Ins. Co* (1991) 232 CalApp.3d 1560, 1566]) [Emphasis in original.] Or, as explained in a leading case relied on by Defendant, California's real party in interest standard simply requires a plaintiff to be the true "owner of the cause of action." *Windham at Carmel Mountain Ranch Assn. v. Superior Court* (2003) 109 Cal. App. 4th 1162, 1173:

- 3 -

> A real party in interest is the owner of the cause of action. For example, [s]omeone who is not a party to [a] contract has no standing to enforce the contract or to recover extra-contract damages for wrongful withholding of benefits to the contracting party.

In the case at hand, Plaintiffs (allegedly misclassified employees) are the "owners" of the California Labor Code causes of action set forth in the FAC (failure to pay minimum wages, failure to provide meal breaks, etc.). As set forth in the FAC, the *work* performed for Defendant's delivery business was not alleged to have been performed by the business entities, but rather by Plaintiffs themselves. Simply put, allegedly misclassified employees have a right to sue under California wage and hour law.

Defendant fails to cite one California or federal case holding that an employee is forbidden from pursuing an action for employee rights due to the employee's failure to satisfy California's real party in interest requirement. *Windham at Carmel Mountain Ranch Assn. v. Superior Court, supra* is a good example of the type of case relied upon by Defendant, in which a party has been deemed to lack standing for bringing a <u>contract claim</u> due to not being a party to the contract. This is precisely why Defendant's motion is focused on the written independent contractor agreement.[1] However, Plaintiffs' claims do not rise out of contract. They arise out of tort pursuant to *individual* statutory rights set forth in the California Labor Code. *See Nally v. Grace Cmty. Church* (1988) 47 Cal. 3d 278, 292. ["A tort, whether intentional or negligent, involves a violation of a **legal duty, imposed by statute**, contract or otherwise, owed by the defendant to the person injured."] [Emphasis added.]

---

[1] As is explained in Section IV.C, below, California and federal courts consistently reject written independent contractor agreements as automatically creating independent contractor status. Instead, the main inquiry to determine employee status is whether the employer controlled the manner and means by which the worker accomplishes the work. *Air Couriers Intern. v. Employment Development Dept.* (2007) 150 Cal.App.4th 923, 934.

- 4 -

## III.

## **PLAINTIFFS DO NOT ALLEGE INJURY OR DAMAGE TO THE CORPORATIONS**

Defendant erroneously claims that the creation of Plaintiffs' business entities automatically bar Plaintiffs from bringing employment claims to enforce individual statutory rights. The main case relied upon by Defendant in support of this argument is completely distinguishable. In *Erlich v. Glasner* (9th Cir. 1969) 418 F.2d 226, the Ninth Circuit determined that the causes of action brought by the individual shareholder could only be reasonably viewed as an action for damage suffered to the corporation:

> **It is clear that the claimed damages were suffered by the corporation, rather than by appellant**. In the final analysis, appellant charges that appellee Glasner's interference with the business of West Coast Poultry Company "is a direct interference with plaintiff's right to operate his business and earn a livelihood for himself and family . . ." and that appellee Glasner's interference "with the business of West Coast Poultry Company is a direct interference with the right of the plaintiff to peacefully operate his business and earn a livelihood for himself and family * * *", and that as a direct result of "overt acts hereinabove set forth, plaintiff has sustained damage and injuries to *his business* and right and ability to earn a livelihood for himself and his family, all to plaintiff's damage in the sum of $250,000.00." (Emphasis supplied.) He also claims punitive damages. Nothing in the affidavits filed in opposition to the motion for summary judgment changes the nature of the appellant's demand for damages. For that matter, on the record before us, aside from a possible state action for malicious prosecution, **it is difficult to even imagine any claim for damages, other than those suffered by the corporation, if any.** *Id.* at 227-28. [Emphasis added.]

In the case at hand, Plaintiffs are clearly bringing wage and hour claims for damages suffered in their capacities as individual, misclassified employees. Plaintiffs do not even allege any injury to the corporate entities. Instead, they claim the following individual damages: "unpaid minimum wages, unpaid rest break and meal period compensation, reimbursement of all illegal deductions made from their wages, payment of all wages earned, reimbursement of expenses and losses incurred by them in discharging their duties." (FAC, ¶ 2.)

Furthermore, Defendant's legal analysis on this issue is (at best) lacking and (at worst) misleading. Inexplicably, Defendant has chosen not to address a key Ninth Circuit decision that broadens the Court's analysis in *Erlich v. Glasner* and consequently supports the Plaintiff's position in the present motion. In *Soranno's Gasco, Inc. v. Morgan* (9th Cir. 1989) 874 F.2d 1310, the Ninth Circuit held:

> However, a shareholder does have standing where he or she has been injured directly and independently of the corporation. In this case, there are direct and independent injuries to the individual plaintiffs. *Id.* at 1318.

The more expansive holding of *Sorrano's Gasco, Inc.* is explained well in a published district court decision with similar facts to the case at hand, *Piazza v. Major League Baseball* (E.D. PA 1993) 831 F. Supp. 420:

> I reject Baseball's eleventh hour assertion that plaintiffs have no standing to sue under § 1983 because plaintiffs were 'merely investors' in an allegedly injured partnership, giving only the Partnership entity standing to maintain such an action. As sole support for this argument Baseball cites *Erlich v. Glasner,* which held that a shareholder lacks standing to bring a § 1983 action on behalf of a corporation in which he holds shares. There are two difficulties with Baseball's argument. First, plaintiffs here are partners in a partnership, not shareholders of a corporation. **Second, and perhaps more important, the Ninth Circuit after *Glasner* held that "a shareholder does have standing when he or she has been injured directly and independently of the corporation. *Sorrano's Gasco, Inc. v. Morgan*. Plaintiffs Piazza, Tirendi, and PTB plead repeatedly throughout their complaint that *their* own constitutional rights have been infringed and that they seek redress under § 1983 only for those infringements.** *Id.* at 429, fn. 12. [Emphasis added.] [Internal citations omitted.]

Similarly, in the case at hand, Plaintiffs' FAC repeatedly alleges that Plaintiffs are *solely* seeking to enforce fundamental employment law rights for wages and working conditions mandated by California law.[2] The fact that Defendant relies upon the distinguishable 40-year old *Erlich v. Glasner* decision [which has been distinguished numerous times on the same grounds

---

[2] "The prompt payment of wages due an employee is a fundamental policy of this state." *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal. App. 4th 554, 562.

- 6 -

articulated by Plaintiffs] and chose not to address the on-point holding in *Sorrano's Gasco, Inc. v. Morgan* demonstrates the utter weakness of Defendant's motion.

## IV.

### DEFENDANT'S MOTION TO DISMISS IS A THINLY DISGUISED MOTION FOR SUMMARY JUDGMENT THAT SHOULD BE DENIED

Defendant's motion to dismiss seeks a ruling from the Court that Plaintiffs may not bring statutory claims for Defendant's alleged misclassification of their employment status due to the fact that Defendant's written independent contractor agreements were executed with business entities formed by Plaintiffs. The proper procedural motion for such a ruling is a motion for summary judgment, in which all relevant factors and evidence should be examined by the Court.

### A. Whether Plaintiffs Have Been Misclassified as Independent Contractors Is a Question of Fact Not Subject to Challenge at the Pleading Stage

"The determination of employee or independent-contractor status is one of fact if dependent upon the resolution of disputed evidence or inferences…" *S. G. Borello & Sons v. Dep't of Indus. Relations* (1989) 48 Cal. 3d 341, 349. *See also Estrada v. FedEx Ground Package System, Inc*. (2007) 154 Cal.App.4th 1, 11 ["The determination (employee or independent contractor) is one of fact and thus must be affirmed if supported by substantial evidence."] *See also Air Couriers Intern. v. Employment Development Dept*. (2007) 150 Cal.App.4th 923, 936 ["Each service arrangement must be evaluated on its facts, and the dispositive circumstances in evaluating the employment relationship may vary from case to case."]

In the case at hand, the Court has yet to view all of the relevant facts and therefore should not be able to make a definitive ruling on whether the Service Agreements automatically bar Plaintiffs from maintaining their wage and hour claims.

- 7 -

### B. There Is a Presumption of Employment Status Under California Law

California's presumption of employment status is still another reason that Defendant's motion is suspect. California's state enforcement agency, the Division of Labor Standards Enforcement ("DLSE"),[3] has maintained the following consistent position:

> The party seeking to avoid liability has the burden of proving that persons whose services he has retained are independent contractors rather than employees. In other words, there is a presumption of employment. <u>The 2002 Update of the DLSE Enforcement Policies and Interpretations Manual (Revised)</u>, Section 28.2.[4]

### C. A Written Independent Contractor Agreement Is Not Necessarily a Factor in Determining Employment Status

As explained recently in several California cases holding defendant employers liable for misclassification of independent contractor status, the key factor is one of employer control:

> The most important factor in evaluating the employment relationship is the right to control the manner and means of accomplishing the result desired. If the employer has the authority to exercise complete control, whether or not that right is exercised with respect to all details, an employer-employee relationship exists. *Air Couriers Intern. v. Employment Development Dept.* (2007) 150 Cal.App.4th 923. 933.[5]

Several additional factors are also to be weighed by the trier of fact; however, only a handful of these factors pertain to the executed Service Agreements:

---

[3] California courts have consistently held that DLSE policies should be looked to for direction and assistance in interpreting California wage and hour law. *See Morillion v. Royal Packing* (2000) 22 Cal.4th 575, 590 ["Long-standing, consistent administrative construction of a statute by those charged with its administration . . . is entitled to great weight and should not be disturbed unless clearly erroneous."]; *See also Bell v. Farmers Ins. Exch.* (2001) 87 Cal. App. 4th 805, 815 [DLSE advisory opinions constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance.]
[4] *See* Exhibit "A" to the Declaration of Derek J. Emge in Support of Plaintiff's Opposition, filed concurrently herewith.
[5] *See also Estrada v. FedEx Ground Package System, Inc*. (2007) 154 Cal.App.4th 1, 10 ["Because the Labor Code does not expressly define 'employee'…the common law test of employment applies. The essence of the test is the 'control of details'—that is, whether the principal has the right to control the manner and means by which the worker accomplishes the work."]

- 8 -

>(1) whether the worker is engaged in a distinct occupation or business, (2) whether, considering the kind of occupation and locality, the work is usually done under the principal's direction or by a specialist without supervision, (3) the skill required, (4) whether the principal or worker supplies the instrumentalities, tools, and place of work, (5) the length of time for which the services are to be performed, (6) the method of payment, whether by time or by job, (7) whether the work is part of the principal's regular business, and (8) whether the parties believe they are creating an employer-employee relationship. *Estrada v. FedEx Ground Package System, Inc.*, *supra,* 154 Cal.App.4th at 10. [*citing S. G. Borello & Sons v. Dep't of Indus. Relations* (1989) 48 Cal. 3d 341.]

Furthermore, the leading cases have repeatedly held that employment status may exist despite the fact that written independent contractor agreements were executed between the employer-employee. For example, in *Antelope Valley Press v. Poizner* (2008) 162 Cal. App. 4th 839, the court upheld the lower court's finding of employment status, which rejected the Independent Contractor Distribution Agreement" executed by newspaper delivery employees:

>[T]here was an extreme disparity in bargaining position between the Carriers and AV[P]. What is also clear is that the Carriers wanted work, and they signed what they needed to in order to get it.  *Id.* at p. 847.

The *Antelope Valley Press* court explained that similar rationale was adopted by the California Supreme Court in the landmark case of *S. G. Borello & Sons v. Dep't of Indus. Relations, supra:*

>The Supreme Court in *Borello* took note of that same situation when it stated that "there is no indication that Borello offers its cucumber harvesters any real choice of terms [of the independent contractor agreement]. The record fails to demonstrate that the harvesters voluntarily undertake an 'independent' and unprotected status." *Id.* at p. 847, fn. 8 [*citing S.G. Borello & Sons, supra,* 48 Cal.3d at 359.]

Similarly, in *Estrada v. FedEx Ground Package System, Inc*. (2007) 154 Cal.App.4th 1, the court rejected a written independent contractor agreement that was required to be executed by the delivery drivers:

>The court described the Operating Agreement as 'a brilliantly drafted contract creating the constraints of an employment relationship with [the drivers] in the guise

- 9 -

of an independent contractor model'—because FedEx 'not only has the right to control, but has close to absolute actual control over [the drivers] based upon interpretation and obfuscation.' *Id.* at p. 9. *See also Air Couriers Intern. v. Employment Development Dept.* (2007) 150 Cal.App.4th 923 [couriers who executed independent contractor agreements still deemed to be employees.]

In examining the recent cases on point, it is quite obvious that a written independent contractor agreement is not a dispositive factor and certainly cannot be the basis for dismissing Plaintiffs' wage and hour suit at the pleading stage. Just as was true in *Antelope Valley Press, Borello* and *FedEx Ground Packaging Systems, Inc.*, in the present case Plaintiffs have alleged that signing the Service Agreement was a condition precedent to employment for Defendant. (FAC, ¶ 34.a.) At the very least, a detailed factual inquiry regarding Defendant's reliance upon and enforcement of the Service Agreements, Plaintiff's understanding of the scope and application of the Service Agreements, and other factual issues must be litigated before the ultimate question of fact can be determined. Defendant's pleading motion, and Plaintiffs' opposition thereto, certainly cannot prove or disprove the various questions of fact.

## V.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendant's motion to dismiss. In the alternative, Plaintiffs request leave of court to amend the operative complaint should the Court grant Defendant's motion.

DATED: June 30, 2008             EMGE & ASSOCIATES

                                 s/Derek J. Emge
                                 DEREK J. EMGE
                                 derek@emgelawfirm.com

                                 Attorneys for Plaintiffs, JOSUE SOTO, GHAZI
                                 RASHID, MOHAMED ABDELFATTAH, On Behalf
                                 of All Aggrieved Employees, All Others Similarly
                                 Situated, and the General Public

- 10 -