```
 1  EMGE & ASSOCIATES
    550 West C Street, Ste. 1600
 2  San Diego, CA 92101
    Telephone (619) 595-1400
 3  Facsimile  (619) 595-1480
 4
    Issa J. Michael (CSB No. 184256)
 5  THE MICHAEL LAW FIRM
    1648 Union St #201
 6  San Francisco, CA 94123
    Telephone (415) 447-2833
 7  Facsimile (415) 447-2834
 8
    Attorneys for Plaintiffs, JOSUE SOTO, GHAZI RASHID, MOHAMED ABDELFATTAH, On
 9  Behalf of All Aggrieved Employees, All Others Similarly Situated, and the General Public
```

## IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE SOTO, GHAZI RASHID, MOHAMED ABDELFATTAH, On Behalf of All Aggrieved Employees, All Others Similarly Situated, and the General Public, | Case No. 08-CV-0033 L (AJB) <br><br> **CLASS ACTION** |
| Plaintiffs, | **DECLARATION OF DEREK J. EMGE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT DIAKON LOGISTICS (DELAWARE) INC.'S MOTION TO DISMISS** |
| v. | |
| DIAKON LOGISTICS (DELAWARE), INC., a foreign corp.; and DOES 1 through 50, inclusive, | |
| Defendants. | |
| DIAKON LOGISTICS (DELAWARE) INC., Third-Party Plaintiff, | |
| vs. | |
| SAYBE'S, LLC, ABDUL TRUCKING, INC., and RASHID TRUCKING, INC., Third-Party Defendants. | |

- 0 -

I, Derek J. Emge, declare:

1.  I am an attorney at law duly admitted to practice before the United States District Court, Southern District of California and one of the attorneys of record herein for Plaintiffs JOSUE SOTO, GHAZI RASHID and MOHAMED ABDELFATTAH in District Court Case Number 08-CV-0033 L (AJB). The following facts are known to me of my own personal knowledge and circumstances in the above entitled matter as they relate to this declaration, and if called upon, I could and would testify competently thereto.

2.  Attached hereto as **Exhibit "A"** is a true and correct copy of The 2002 Update of the DLSE Enforcement Policies and Interpretations Manual (Revised), §28.2 "Burden of Proof."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 30th day of June 2008 at San Diego, California.

                                                          /S/Derek Emge

                                                          Derek J. Emge

EXHIBIT A

# The 2002 Update Of

# The DLSE

# Enforcement Policies and Interpretations

# Manual

# (Revised)

## ACKNOWLEDGEMENTS

The Division of Labor Standards Enforcement (DLSE) Enforcement Policies and Interpretations Manual summarizes the policies and interpretations which DLSE has followed and continues to follow in discharging its duty to administer and enforce the labor statutes and regulations of the State of California.

We would like to thank the following DLSE management, deputies, attorneys and clerical staff members for editing, cite checking and otherwise contributing to the Manual:

Robert Jones, Acting State Labor Commissioner

| | | | |
|---|---|---|---|
| Guadalupe Almaraz | David Balter | Benjamin Chang | John Chiolero |
| Leslie Clements | Dan Cornet | Susan Dovi | Fred Duscha |
| John Fennacy | Rachel Folberg | Mary Ann Galapon | Edna Garcia-Earley |
| Linda Gelsinger | Char Grafil | Tom Grogan | Randi Guerrero |
| Dave Gurley | Johanna Hsu | Michael Jackman | Tom Kerrigan |
| Tim Kolesnikow | Teresa McDonald | Allen Perlof | William Reich |
| Anne Rosenzweig | Brenda Schrader | Nance Steffen | Robert Villalovos |
| Michael Villeneauve | | | |

March, 2006

# DIVISION OF LABOR STANDARDS ENFORCEMENT
# ENFORCEMENT POLICIES AND INTERPRETATIONS MANUAL

28     **INDEPENDENT CONTRACTOR vs. EMPLOYEE.**

28.1     **Labor Code § 2750, Contract Of Employment:** "The contract of employment is a contract by which one, who is called the employer, engages another, who is called the employee, to do something for the benefit of the employer or a third person."

28.2     **Burden Of Proof.** The party seeking to avoid liability has the burden of proving that persons whose services he has retained are independent contractors rather than employees. In other words, there is a presumption of employment. (Labor Code § 3357; *S.G. Borello & Sons, Inc. v. Dept. of Industrial Relations* (1989) 48 Cal. 3d 341 at pp. 349, 354.)

28.3     **Multi-Factor Borello Test.** In determining whether an individual providing service to another is an independent contractor or an employee, there is no single determinative factor. Rather, it is necessary to closely examine the facts of each service relationship and to then apply the "multi-factor" or "economic realities" test adopted by the California Supreme Court in *Borello, supra,* 48 Cal.3d 341.

28.3.1     **The Test Prior To** *Borello*. Prior to *Borello*, the leading case on this subject was *Tieberg v. Unemployment Insurance Appeals Bd.* (1970) 2 Cal.3d 943, which held that "the principle test of an employment relationship is whether the person to whom service is rendered has the right to control the manner and means of accomplishing the result desired." Under this test, "if the employer has the authority to exercise complete control, whether or not that right is exercised with respect to all details, an employer-employee relationship exists." *Empire Star Mines Co. v. Cal. Emp. Com.* (1946) 28 Cal.2d 33, 43.

28.3.2     **Control As A Factor.** *Borello* brought about a sharp departure from this overriding focus on control over work details. The growers who were found to be employers by the *Borello* court did not have the contractual authority to exercise supervision over work details, yet the court ruled that they retained "all necessary control" over their operations. The simplicity of the work, or the existence of a piece-rate based payment system, may make it unnecessary for an employer to assert direct control over work details and the employer may retain "all necessary control" by indirect means.

28.3.2.1     "The 'control' test, applied rigidly and in isolation, is often of little use in evaluating the infinite variety of service arrangements." (*Borello*, 48 Cal.3d at p. 350) While the right to control the work remains a significant factor, the *Borello* court identified the following additional factors that must be considered:

1. Whether the person performing services is engaged in an occupation or business distinct from that of the principal;
2. Whether or not the work is a part of the regular business of the principal;
3. Whether the principal or the worker supplies the instrumentalities, tools, and the place for the person doing the work;
4. The alleged employee's investment in the equipment or materials required by his task;
5. The skill required in the particular occupation;
6. The kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the principal or by a specialist without supervision;
7. The alleged employee's opportunity for profit or loss depending on his managerial skill;