James H. Hanson, *Pro Hac Vice,* Ind. Bar No. 08100-49
jhanson@scopelitis.com
Robert L. Browning, *Pro Hac Vice,* Ind. Bar No. 15128-49
rbrowning@scopelitis.com
R. Jay Taylor Jr., *Pro Hac Vice,* Ind. Bar No. 19693-53
jtaylor@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1500
Indianapolis, IN 46204
(317) 637-1777
Fax: (317) 687-2414

Christopher C. McNatt, Jr., Cal. Bar No. 174559
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 460
Pasadena, CA 91101
(626) 795-4700
Fax: (626) 795-4790
cmcnatt@scopelitis.com

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSUE SOTO, *et al*, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> vs. <br><br> DIAKON LOGISTICS (DELAWARE) INC., a foreign corporation; <br><br> Defendant/Counterclaimant, <br><br> And DOES 1 through 50, inclusive, <br><br> Defendants, | CASE NO. 08-CV-0033-L-AJB <br><br> CLASS ACTION <br><br> DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS <br><br> The Honorable M. James Lorenz <br> Courtroom 14, 5th Floor <br> Hearing Date: August 11, 2008 <br> Time: 10:30 a.m. PST |
| DIAKON LOGISTICS (DELAWARE) INC., <br><br> Third-Party Plaintiff, <br> vs. <br><br> SAYBE'S, LLC, ABDUL TRUCKING, INC., and RASHID TRUCKING, INC., <br><br> Third-Party Defendants. | |

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................. 1

II. ARGUMENT ........................................................................................................ 2

    A. Plaintiffs Do Not Have Standing Under The Labor Code Because They Never Performed Labor For Diakon .................................................................. 2

    B. Plaintiffs Have Made No Allegations Authorizing The Court To Pierce The Veils Of Their Business Entities ................................................................ 4

    C. Plaintiffs Have Not Demonstrated Injury Independent Of That Alleged To Have Been Sustained By Their Businesses ........................................................ 5

    D. Rule 12 Is The Proper Vehicle For Addressing Plaintiffs' Lack Of Standing ....... 7

III. CONCLUSION ..................................................................................................... 8

Case 3:08-cv-00033-L-AJB   Document 51   Filed 07/07/2008   Page 3 of 12

# TABLE OF AUTHORITIES

**Federal Cases**

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1988) ............................... 7

*Erlich v. Glasner*, 418 F.2d 226, 228 (9th Cir. 1969) ................................................. 5

*Piazza v. Major League Baseball*, 831 F. Supp. 420 (E.D. Pa. 1993) ......................... 6

*Playboy Enters. v. Terri Welles, Inc.*, 78 F. Supp. 2d 1066 (S.D. Cal. 1999) ............... 4

*Mullis v. United States Bankr. Court*, 828 F.2d 1385 (9th Cir. 1987) ......................... 4

*Shell Petroleum, N.V. v. Graves*, 709 F.2d 593 (9th Cir. 1983) ................................... 6

*Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310 (9th Cir. 1989) .............................. 6

*Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293 (9th Cir. 1998) ................................. 4

*Western Mining Council v. Watt*, 643 F.2d 618 (9th Cir. 1981) ................................. 6

*Carmel Mountain Ranch Ass'n v. Sup. Court*, 109 Cal. App. 4th 1162 (Cal. Ct. App. 2003) ....... 3

**State Cases**

*Air Couriers Int'l v. Employment Dev. Dep't*, 150 Cal. App. 4th 923 (Cal. Ct. App. 2007) ......... 8

*Antelope Valley Press v. Poizner*, 162 Cal. App. 4th 839 (Cal. Ct. App. 2008) ............................ 8

*Communist Party v. 522 Valencia, Inc.*, 35 Cal. App. 4th 980 (Cal. Ct. App. 1995) .................... 5

*Estrada v. Fedex Ground Package Sys., Inc.*, 154 Cal. App. 4th 1 (Cal. Ct. App. 2007) .............. 8

*Hatchwell v. Blue Shield of California*, 198 Cal. App. 3d 1027 (Cal. Ct. App. 1998) ................. 5

*Mesler v. Bragg Mgm't Co.*, 702 P.2d 601 (Cal. 1985) ................................................................. 4

**Secondary Materials**

Weil & Brown, Cal. Prac. Guide (2007) ....................................................................................... 3

ii                                                                                                                                          CASE NO. 08-CV-0033

Defendant, Diakon Logistics (Delaware) Inc. ("Diakon"), respectfully submits the following Reply Memorandum of Points and Authorities in Support of its Motion to Dismiss the claims asserted by Plaintiffs, Josue Soto ("Soto"), Ghazi Rashid ("Rashid"), and Mohamed Abdelfattah ("Abdelfattah"), in their individual capacities.

I.  **INTRODUCTION**

Contrary to Plaintiffs' misleading assertions, this is not a garden-variety misclassification case. Plaintiffs never worked directly for Diakon. Instead, they formed distinct business entities and directed those entities to enter into agreements with Diakon as independent contractors. This means that Plaintiffs were employed, if at all, by their own businesses. Consequently, Plaintiffs never performed "labor" for Diakon and thus do not have standing under the California Labor Code to assert claims against Diakon directly. Plaintiffs' strategic decision to avoid mentioning their business entities or Service Agreements in their First Amended Complaint does not change these facts. If anything, it shows that these facts expose a fundamental weakness in Plaintiffs' causes of action.

Because Plaintiffs worked for their own businesses, and not Diakon, the Court cannot consider Plaintiffs' claims that they were improperly classified unless it first makes the threshold determination that their businesses are shams and may be disregarded. But Plaintiffs have made no allegations in their First Amended Complaint authorizing the Court to reach such a holding and certainly have not shown that respecting the corporate form in this case would promote a fraud. To the contrary, Plaintiffs voluntarily created their businesses, agreed to do business with Diakon as such for the many benefits that arrangement provides, and should not now be permitted to ignore their businesses merely because it is convenient. Simply put, Plaintiffs lack standing under the Labor Code to proceed against Diakon directly, and their claims should be dismissed.

Recognizing the difficultly the business entities pose to their misclassification claims, Plaintiffs attempt to sidestep Rule 17's real-party-in-interest requirement and gain standing by claiming injuries separate and apart from those sustained by their businesses. This attempt fails, however, because Plaintiffs have identified no injury that is not properly attributed to their

businesses. To the extent they have identified an independent injury, it is merely economic in nature and therefore insufficient to warrant the Court in permitting Plaintiffs' shareholder suits to proceed. The Court should grant Diakon's Motion to Dismiss.

## II. ARGUMENT

### A. Plaintiffs Do Not Have Standing Under The Labor Code Because They Never Performed Labor For Diakon

Plaintiffs never worked directly for Diakon.[1] Instead, they formed distinct business entities and directed those entities to enter into Service Agreements with Diakon as independent contractors. *See Diakon Mem. Supp. Mot. to Dismiss* at 2–6 (Doc. No. 36-2). In opposing this Motion, Plaintiffs have not challenged these facts. *See Pls.' Opp. to Mot. to Dismiss* ("Opp. Brief") at 1–7 (Doc. No. 48). Instead, Plaintiffs have argued that these facts are irrelevant because their First Amended Complaint (Doc. No. 28) does not assert claims that "rise out of contract." *Opp. Brief* at 4. This misses the point entirely. That Plaintiffs have strategically worded their pleading so as to ignore their business entities and the Service Agreements does not render those inconvenient facts irrelevant. To the contrary, Plaintiffs' effort to distance themselves from these facts is itself a tacit concession that the evidence identified by Diakon represents a fundamental obstacle to the claims Plaintiffs assert.

This evidence poses a fundamental obstacle because it shows that Plaintiffs do not have standing to assert any claims against Diakon in their individual capacities under the Labor Code. On this point, California courts require that claims be brought only by those who "have the right

---

[1] There is one exception to this statement. *See Diakon Mem. Supp. Mot. to Dismiss* (Doc. No. 36-2) at 3–4. Soto's claims arising under the Soto Service Agreement are not subject to dismissal for lack of standing because Soto executed the Soto Service Agreement with Diakon in his personal capacity on May 4, 2005 and performed transportation services for Diakon's customers under that contract until November 2, 2005. Therefore, Soto has standing to assert to claims relating to the work he performed from May 4 to November 2, 2005, during which time he contracted with Diakon directly. However, to the extent Soto has asserted claims against Diakon that post-date the formation of Sabye's, LLC arising under either of the Saybe's, LLC Service Agreements, Soto is has no standing and so may not maintain those claims.

to sue under the substantive law," or who are the "owners of the cause of action." *Opp. Brief* at 3 (citing Weil & Brown, Cal. Prac. Guide ¶ 2:2 (2007); *Windham at Carmel Mountain Ranch Ass'n v. Superior Court*, 109 Cal. App. 4th 1162, 1172–73 (Cal. Ct. App. 2003)). Plaintiffs fail both tests. They neither have the "right to sue under the substantive law," because they are not parties to the Service Agreements, and they are not "owners of the cause of action," because the only cause of action that could be asserted under the Service Agreements belongs to Plaintiffs' businesses. Even under Plaintiff's own recitation of the governing law, they lose. Simply put, the only parties that had any legal relationship with Diakon were Plaintiffs' businesses, not Plaintiffs themselves.

In an effort to avoid this truth, Plaintiffs claim that they "own" the causes of action asserted in their First Amended Complaint because those claims "arise out of tort pursuant to individual statutory rights set forth in the California Labor Code." *Opp. Brief* at 4.[2] But one may not assert a claim arising under the Labor Code unless it personally performed "labor" for the putative employer's benefit. "Labor" is defined as "labor, work, or service" that is "rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment." Cal. Lab. Code § 200(b). Plaintiffs cannot satisfy this definition because they were not in privity with Diakon, working instead for their own businesses. Plaintiffs' bald assertion to the contrary in their First Amended Complaint (¶¶ 20, 26) is little more than a conclusory legal allegation asserted as though it were a fact, and the Court need not accept it as true in ruling on Diakon's Motion to Dismiss. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) (under Rule 12(b)(6), a district court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations). Because Plaintiffs have not performed "labor" for Diakon, they do not "own" any cause of action arising under the Labor Code.

---

[2] Plaintiffs fail to acknowledge that one of their causes of action arises under the Business and Professions Code. *See 1st Amend. Compl.*, ¶¶ 58–66.

Apart from arguing that their businesses and the Service Agreements are irrelevant, Plaintiffs have also argued that the assertions in their First Amended Complaint that they "worked" for Diakon trump Diakon's evidence to the contrary. *Opp. Brief* at 4; *1st Amend. Compl.*, ¶¶ 20, 27. In response to these allegations, Diakon has identified the Service Agreements (which were strategically omitted from Plaintiffs' pleading) and evidence from the California Secretary of State regarding Plaintiffs' businesses (of which the Court may take judicial notice[3]), all of which directly contradicts Plaintiffs' conclusory allegation that they worked for Diakon. The Court may disregard allegations of the complaint that are contradicted by exhibits attached to pleadings. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998). It may also refuse to accept as true allegations contradicted by judicially noticed facts. *Mullis v. United States Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987). Pursuant to these precepts, the evidence offered by Diakon controls over Plaintiffs' conclusory allegations. In light of that evidence, Plaintiffs never worked for Diakon and therefore do not have standing.

### B.  Plaintiffs Have Made No Allegations Authorizing The Court To Pierce The Veils Of Their Business Entities

Because there was no privity between Plaintiffs and Diakon, the Court cannot consider Plaintiffs' claims that they were improperly classified unless it first makes the threshold determination that their businesses entities are shams and may be disregarded. But Plaintiffs have made no allegations in their First Amended Complaint authorizing the Court to reach such a holding and certainly have not shown that respecting the corporate form in this case would promote a fraud. *See Playboy Enters. v. Terri Welles, Inc.*, 78 F. Supp. 2d 1066, 1098 (S.D. Cal. 1999) ("the corporate form will be disregarded only in narrowly circumscribed circumstances [to avoid fraud]. . . .") (citing *Mesler v. Bragg Mgm't Co.*, 702 P.2d 601, 606 (Cal. 1985)). Even if they had, it is unclear that the party controlling the business entity may pierce its own

---

[3] Both the Service Agreements and evidence of Plaintiffs' businesses are properly before the Court on this Motion, *see Diakon Mem. Supp. Mot. to Dismiss* at 3–4 n.2, a point Plaintiffs have not contested.

corporation's veil. *See Communist Party v. 522 Valencia, Inc.*, 35 Cal. App. 4th 980 (Cal. Ct. App. 1995) (alter ego "is not a doctrine that allows the persons who actually control the corporation to disregard the corporate form"). Absent such allegations, the Court must respect the business entities created by Plaintiffs and dismiss their individual claims against Diakon, except for the May 4 to November 2, 2005 time period Soto contracted with Diakon directly. Simply put, Plaintiffs have no standing under the Labor Code to sue Diakon directly, and their claims should be dismissed.

### C. Plaintiffs Have Not Demonstrated Injury Independent From That Alleged To Have Been Sustained By Their Businesses

As shown above, Plaintiffs cannot sue Diakon directly because they never worked for Diakon and therefore do not have standing under the Labor Code. Further, they do not have standing to sue under the Service Agreements because they are not parties to those contracts and thus fail to satisfy Rule 17's real-party-in-interest requirement. In an alternative attempt to gain standing, Plaintiffs have argued that they may sue to enforce the Service Agreements in their individual capacities because they have purportedly suffered injuries which are independent from those sustained by their businesses. But this is not true. The alleged injuries for which Plaintiffs seek redress resulted, if at all, from Plaintiffs' ownership of their businesses, and even then were only economic in nature. Under California law, such derivative economic injuries are insufficient to permit Plaintiffs to assert claims directly against Diakon. Instead, those claims must be asserted, if at all, by their businesses, the real parties in interest under the Service Agreements.

As a preliminary matter, Plaintiffs do not challenge the principle that "[s]omeone who is not a party to [a] contract has no standing to enforce the contract . . . ." *Windham*, 109 Cal. App. 4th at 1173 (citing *Hatchwell v. Blue Shield of California*, 198 Cal. App. 3d 1027, 1034 (Cal. Ct. App. 1998)). Nor do Plaintiffs challenge that this maxim holds true even if the plaintiff is the sole shareholder of the contracting corporation. *Erlich v. Glasner*, 418 F.2d 226, 228 (9th Cir. 1969) (applying California law) ("even though a stockholder owns all . . . of the stock in a corporation, such a fact of itself does not authorize him to sue as an individual"). Under these

well settled principles, Plaintiffs may not sue under the Service Agreements because they are not parties to those contracts, even assuming they are the sole shareholders of their businesses. While Plaintiffs' businesses may have standing to sue Diakon directly, Plaintiffs themselves do not. Consequently, any claims by Plaintiffs arising under the Labor Code would have to be asserted against their own businesses, as those are the only entities for which Plaintiffs performed any labor (with the limited exception of Soto).

Nonetheless, Plaintiffs argue that cases subsequent to *Erlich* have "broaden[ed]" its holding to permit shareholders to sue directly so long as they claim injuries independent of the business. *Opp. Brief* at 7. While it is true that a shareholder may assert a claim so long as the injury sought to be redressed is independent from that sustained by the business, the shareholder's injury must be non-economic in nature. *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1319 (9th Cir. 1989) ("it is not sufficient for the plaintiff to assert a personal economic injury resulting from a wrong to the corporation . . . ."); *Shell Petroleum, N.V. v. Graves*, 709 F.2d 593, 595 (9th Cir. 1983) ("To have standing to maintain an action, a shareholder must assert more than personal economic injury resulting from a wrong to the corporation."). Following this rule, courts applying California law have permitted individual shareholder suits only where the injury was non-economic. *See Soranno's*, 874 F.2d at 1319 (First Amendment and emotional distress claims); *Piazza v. Major League Baseball*, 831 F. Supp. 420, 423 (E.D. Pa. 1993) (First and Fifth Amendment claims).

Here, each count of Plaintiffs' First Amended Complaint identifies damages consisting chiefly of economic injuries personal to the Plaintiffs. Count I asserts that Plaintiffs were owed the minimum wage. *1st Amend. Compl.*, ¶¶ 39–40. Count II asserts that Plaintiffs were denied compensation in lieu of meal periods. *Id.*, ¶¶ 42–45. Count III asserts that Plaintiffs were denied compensation in lieu of rest breaks. *Id.*, ¶¶ 46–48. Count IV asserts that Plaintiffs are entitled to indemnification for certain enumerated "expenditures and losses." *Id.*, ¶¶ 49–52. Count V asserts that Plaintiffs are entitled to statutory damages (ranging from $50 to $4000) for Diakon's alleged failure to provide itemized wage statements. *Id.*, ¶¶ 53–57. Count VI asserts that Plaintiffs are entitled to receive any profits Diakon is forced to disgorge, among other forms of

relief. *Id.*, ¶¶ 58–66. And Count VII requests civil penalties and Plaintiffs' attorneys' fees. *Id.*, ¶¶ 67–75. These damages are chiefly economic in nature, and do not qualify for the narrow exception to the real-party-in-interest requirement identified by Plaintiffs.

### D.  Rule 12 Is The Proper Vehicle For Addressing Plaintiffs' Lack Of Standing

In a last-ditch effort to avoid dismissal, Plaintiffs claim that Diakon is improperly asking the Court to address the merits of their claims on a motion to dismiss, when summary judgment is the proper venue for such a determination. *Opp. Brief* at 7–9. This is not so. Diakon is not asking the Court to rule on the merits of Plaintiffs' claims. To do so would presume that Plaintiffs worked directly for Diakon, which is not true. Instead, Diakon contends that Plaintiffs claims *cannot* be considered on their merits because, essentially, Plaintiffs lack standing to pursue them.

To be certain, Diakon is asking the Court to rule, as a matter of law, that Plaintiffs are not entitled to any of the relief requested in their First Amended Complaint. But a motion to dismiss is the proper vehicle for this request, as opposed to one for summary judgment, precisely because Plaintiffs never worked for Diakon and are not real parties in interest under the Service Agreements.[4] Consequently, Plaintiffs have not identified a cognizable legal theory authorizing them to proceed directly against Diakon in their individual capacities. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (dismissal pursuant to Rule 12(b)(6) is proper where there is a "lack of a cognizable legal theory").

Diakon has no quarrel with Plaintiffs' assertion that the *existence* of an independent contractor agreement is not itself *dispositive* of a worker's employment status under the Labor

---

[4] When a defendant alleges that a plaintiff is not a real party in interest, the proper vehicle for litigating that claim is a motion to dismiss under Rule 12(b)(6). *See, e.g.*, *Bosse v. Crowell Collier & MacMillan*, 565 F.2d 602, 613 (9th Cir. 1977) ("These last two claims were dismissed by the district court for failure to state a claim [under Rule 12(b)(6)] in that plaintiffs were not the 'real parties in interest' under Fed.R.Civ.P. 17(a)."); *United States v. White*, 893 F. Supp. 1423, 1428 (C.D. Cal. 1995) ("As defendants argue that the Attorney General is the 'real party in interest,' it appears that they should have made their challenge under Fed. R. Civ. P. 12(b)(6) based on Rule 17.").

Code. Opp. Brief at 8–9 (citing *Antelope Valley Press v. Poizner*, 162 Cal. App. 4th 839 (Cal. Ct. App. 2008); *Air Couriers Int'l v. Employment Dev. Dep't*, 150 Cal. App. 4th 923 (Cal. Ct. App. 2007); *Estrada v. Fedex Ground Package Sys., Inc.*, 154 Cal. App. 4th 1 (Cal. Ct. App. 2007)).[5] But no case cited by Plaintiffs in support of this proposition involved workers who had formed business entities for the purpose of contracting with their putative employers. In any event, the issue here is not whether the Service Agreements are dispositive of the nature of the parties' relationship with Diakon, but instead whether Plaintiffs have standing to assert any claims against Diakon directly, either under the Labor Code or the Service Agreements. Thus, while these cases may be pertinent should Plaintiffs reach the merits of their claims in this litigation, they are wholly inapposite here, where the Court is asked to rule on Plaintiffs' threshold *ability* to assert claims against Diakon, not the *merits* of those claims. Rule 12 is the proper vehicle for this inquiry.

### III. CONCLUSION

The Court should dismiss the claims asserted by Plaintiffs in their individual capacities because they are not real parties in interest under the Service Agreements and therefore lack standing.

Dated: July 7, 2008                                                      Respectfully submitted,

/s/ James H. Hanson
James H. Hanson
Robert L. Browning
R. Jay Taylor Jr.
Christopher C. McNatt Jr.

Attorneys for Defendant,
Diakon Logistics (Delaware) Inc.

---

[5] These cases make clear, however, that the existence and terms of the Service Agreements will be one factor—though not a dispositive factor—if and when the Court reaches the merits of Plaintiffs' substantive allegations.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Derek J. Emge<br>Emge & Associates<br>Derek@inthelaw.com<br><br>Todd J. Hilts<br>Law Office of Todd J. Hilts<br>info@hiltslaw.com | David A. Huch<br>Law Offices of David A. Huch<br>dhuch@onebox.com<br><br>Issa J. Michael<br>The Michael Law Firm<br>Jmichaelesq@yahoo.com |

/s/ James H. Hanson

c:\iscrub docs\~radd61f2.tmp.doc