| | |
|---|---|
| 1 | SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY |
| | James H. Hanson, Pro Hac Vice, Ind. Bar No. 08100-49 |
| 2 | jhanson@scopelitis.com |
| | Robert L. Browning, Pro Hac Vice, Ind. Bar No. 15128-49 |
| 3 | rbrowning@scopelitis.com |
| | R. Jay Taylor Jr., Pro Hac Vice, Ind. Bar No. 19693-53 |
| 4 | jtaylor@scopelitis.com |
| | 10 West Market Street, Suite 1500 |
| 5 | Indianapolis, IN 46204 |
| | (317) 637-1777 |
| 6 | Fax: (317) 687-2414 |
| 7 | Christopher C. McNatt, Jr. |
| | Cal. Bar No. 174559 |
| 8 | cmcnatt@scopelitis.com |
| | 2 North Lake Avenue, Suite 460 |
| 9 | Pasadena, CA 91101 |
| | (626) 795-4700 |
| 10 | Fax: (626) 795-4790 |
| | **Attorneys for Defendant** |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE SOTO, GHAZI RASHID, MOHAMED ABDELFATTAH, on Behalf of All Aggrieved Employees, All Others Similarly Situated, and the General Public, <br>　　　　Plaintiffs, <br>vs. <br>DIAKON LOGISTICS (DELAWARE) INC., a foreign corporation; and DOES 1 through 50, inclusive, <br>　　　　Defendants. | CASE NO. 08-CV-0033-L-AJB <br><br> **CLASS ACTION** |
| DIAKON LOGISTICS (DELAWARE) INC., <br>　　　　Counterclaimant, <br>vs. <br>JOSUE SOTO, <br>　　　　Counterclaim Defendant. | **WAIVER OF SERVICE OF SUMMONS** |
| DIAKON LOGISTICS (DELAWARE) INC., <br>　　　　Third-Party Plaintiff, <br>vs. <br>SAYBE'S, LLC, ABDUL TRUCKING, INC., and RASHID TRUCKING, INC., <br>　　　　Third-Party Defendants. | |

TO    James H. Hanson    and    Christopher C. McNatt
　　　　Robert L. Browning　　　　　　　SCOPELITIS, GARVIN, LIGHT,
　　　　R. Jay Taylor Jr.　　　　　　　　　HANSON & FEARY
　　　　SCOPELITIS, GARVIN, LIGHT,　　2 North Lake Street, Suite 460
　　　　HANSON & FEARY　　　　　　　Pasadena, California 91101
　　　　10 West Market Street, Suite 1500
　　　　Indianapolis, Indiana 46204

1 | I, Issa J. Michael, acknowledge receipt of your request that Third-Party Defendants, Saybe's, LLC, Abdul Trucking, Inc., and Rashid Trucking, Inc. waive service of summons in the action of *Josue Soto et al. v. Diakon Logistics (Delaware) Inc v. Saybe's, LLC, Abdul Trucking, Inc., and Rashid Trucking, Inc.*, which is Case No. 08-cv-0033-L-AJB in the U.S. District Court for the Southern District of California. I have also received a copy of the First Amended Third-Party Complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the First Amended Third-Party Complaint in this lawsuit by not requiring that Saybe's, LLC, Abdul Trucking, Inc., and Rashid Trucking, Inc. be served with judicial process in the manner provided in Rule 4.

Saybe's, LLC, Abdul Trucking, Inc., and Rashid Trucking, Inc. will retain all defenses or objections to the lawsuit or the jurisdiction or venue of the court except for objections based on a defect in the summons or the service of summons.

Dated: August 4, 2008

Issa J. Michael
Attorney for Third-Party Defendants
Saybe's, LLC, Abdul Trucking, Inc., and
Rashid Trucking, Inc.

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waiver service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service to the summons retains all defenses and objections (expect any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the lace where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of that response with the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.


Issa J. Michael, Esq.
The Michael Law Firm
1648 Union Street, Suite 201
San Francisco, California 94123
Phone: (619) 595-1400; (415) 447-2833
Fax: (619) 447-2834
jmichaelesq@yahoo.com

h:\users\newton\rjt\diakonlog-10610\consolidated plead\waiver of service of summons& 1st amend 3d party compl.doc