1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17

| | |
|---|---|
| JOSUE SOTO *et al.* Individually , on Behalf of All Others Similarly Situated, and on Behalf of the General Public ,<br><br>          Plaintiffs,<br><br>v.<br><br>DIAKON LOGISTICS (DELAWARE), INC.,<br><br>          Defendant,<br>_____<br>AND RELATED COUNTERCLAIM AND THIRD-PARTY COMPLAINT.<br>_____ | Civil No. 08cv33-L(AJB)<br><br>**ORDER (1) DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT; (2) GRANTING MOTION DISMISS AMENDED COUNTERCLAIM; (3) GRANTING MOTION TO DISMISS FIRST AMENDED THIRD-PARTY COMPLAINT; AND (4) DISMISSING WITH PREJUDICE AMENDED COUNTERCLAIM AND FIRST AMENDED THIRD-PARTY COMPLAINT** |

18      Pending before the court are motions pursuant to Federal Rule of Civil Procedure

19   12(b)(6) to dismiss the First Amended Complaint for Compensatory Damages, Injunctive Relief,

20   Restitution, Disgorgement of Profits & Civil Penalties ("Complaint"), Diakon Logistics

21   (Delaware) Inc.'s Amended Counterclaim for Indemnity Against Josue Soto ("Counterclaim"),

22   and the First Amended Third-Party Complaint of Diakon Logistics (Delaware) Inc. Against

23   Saybe's LLC, Abdul Trucking, Inc. and Rashid Trucking, Inc. ("Third-Party Complaint").  For

24   the reasons which follow, the motion to dismiss the Complaint is **DENIED** and the motions to

25   dismiss the Counterclaim and the Third-Party Complaint are **GRANTED**.  The Counterclaim

26   and the Third-Party Complaint are **DISMISSED WITH PREJUDICE**.

27      Defendant, Counterclaimant and Third-Party Plaintiff Diakon Logistics (Delaware), Inc.

28   ("Diakon") provides home delivery services to various retailers, including Sears, Ethan Allen

1   and other retailers selling large items.  Plaintiffs Josue Soto, Ghazi Rashid and Mohamed

2   Abdelfattah ("Soto," "Rashid," and "Abdelfattah," respectively and "Plaintiffs" collectively) are

3   truck drivers who worked for Diakon in California.  They claim they were inappropriately

4   classified by Diakon as independent contractors when they were in fact non-exempt employees.

5        Soto filed a complaint in state court seeking recovery from Diakon for failure to pay

6   minimum wages, provide proper meal breaks and rest periods, reimburse for reasonable business

7   expenses, issue itemized wage statements and for other alleged violations of the California Labor

8   Code provisions.  He also alleged that Diakon violated California Business and Professions Code

9   Sections 17200 *et seq.*  Diakon removed the action to this court pursuant to 28 U.S.C. § 1441,

10  and based federal subject matter jurisdiction on diversity as provided in 28 U.S.C. § 1332(a)(1)

11  and (d)(2).

12       Subsequently, the complaint was amended to add Rashid and Abdelfattah as Plaintiffs.

13  Diakon filed a motion to dismiss, arguing that it neither employed nor contracted with Plaintiffs,

14  except that it contracted for a short time with Soto.  Diakon claims it entered into Service

15  Agreements with business entities formed by each Plaintiff.  Soto allegedly formed Saybe's,

16  LLC ("Saybe's"), Rashid formed Rashid Trucking, Inc. ("Rashid Trucking"), and Abdelfattah

17  formed Abdul Trucking, Inc. ("Abdul Trucking").

18       Diakon also filed the Counterclaim against Soto and the Third-Party Complaint against

19  Saybe's, Rashid Trucking and Abdul Trucking (Saybe's, Rashid Trucking and Abdul Trucking

20  are collectively referred to as "Third-Party Defendants").  The Counterclaim and the Third-Party

21  Complaint are based entirely on the indemnity clause contained in the Service Agreements

22  Diakon entered into with Soto and each of the Third-Party Defendants.  Diakon claims it should

23  be indemnified based on the filing of Plaintiffs' claims.  Soto and Third-Party Defendants filed

24  motions to dismiss the Counterclaim and the Third-Party Complaint arguing that the indemnity

25  clause does not apply in this case.

26       A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint.  *Navarro v.*

27  *Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is warranted under Rule 12(b)(6) where the

28  complaint lacks a cognizable legal theory.  *Robertson v. Dean Witter Reynolds, Inc.*,749 F.2d

08cv33

1    530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6)

2    authorizes a court to dismiss a claim on the basis of a dispositive issue of law").  Alternatively, a

3    complaint may be dismissed where it presents a cognizable legal theory yet fails to plead

4    essential facts under that theory.  *Robertson*, 749 F.2d at 534.  "[A] plaintiff's obligation to

5    provide the grounds for his entitlement to relief requires more than labels and conclusions, and

6    formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be

7    enough to raise a right to relief above the speculative level . . .."  *Bell Atl. Corp. v. Twombly*, 550

8    U.S. 544, ___; 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks and citations omitted).

9            In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of

10   all factual allegations and must construe them in the light most favorable to the nonmoving

11   party.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  However, legal

12   conclusions need not be taken as true merely because they are cast in the form of factual

13   allegations.  *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v.

14   Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Similarly, "conclusory allegations of law and

15   unwarranted inferences are not sufficient to defeat a motion to dismiss."  *Pareto v. Fed. Deposit

16   Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998.)

17           Diakon's motion to dismiss is based entirely on the theory that Plaintiffs are not real

18   parties in interest as required by Federal Rule of Civil Procedure 17(a) because, contrary to the

19   allegations in the Complaint, Diakon did not employ or contract with them, except that it

20   contracted for a short time with Soto.  Diakon claims it contracted with Third-Party Defendants.

21   In support of this theory, Diakon submits the Service Agreements it entered into with Third-

22   Party Defendants (Mem. of P. & A. in Supp. of Mot. to Dismiss Ex. C-E), along with California

23   Secretary of State documents showing that each Plaintiff formed one of the Third-Party

24   Defendant business entities (*id.* Ex. B).  None of these documents are attached to the Complaint.

25   Diakon therefore requests the court to judicially notice them.

26           When ruling on a motion to dismiss, the court may consider the facts alleged in the

27   complaint, documents attached to the complaint, documents relied upon but not attached to the

28   complaint when authenticity is not contested, and matters of which the court takes judicial

notice.  *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998), superseded by statute on other grounds as stated in *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds by Gailbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

A matter of public record outside the pleadings may be considered along with the complaint when deciding a motion to dismiss.  See *MGIC Indem.*, 803 F.2d at 504.  Records and reports of administrative agencies are matters of public record which can be judicially noticed. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).  The court therefore takes judicial notice of the Secretary of State records filed by Diakon.

With respect to the Service Agreements, "a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Parrino*, 146 F.3d at 705-06.  The Complaint does not attach or incorporate any Service Agreements, however, it references them (*see* Am. Compl. ¶¶ 30, 34), and Plaintiffs do not dispute the authenticity of the Service Agreements included in Diakon's Exhibits C, D and E.  The court therefore grants Diakon's request to consider them.

Nevertheless, taking the Service Agreements and Secretary of State documents at their face value, Diakon has not presented any judicially noticeable fact or cited any authority to conclusively negate Plaintiffs' allegations that they personally performed delivery work for Diakon.  (*See, e.g.,* First Am. Compl. ¶¶ 8-10 and 21-27.)  The California Labor Code does not define the terms "employee" and "independent contractor" for purposes of the claims asserted in the Complaint.  *See Estrada v. FedEx Ground Package Sys., Inc.*, 154 Cal. App. 4th 1, 10 (2007).  The relevant determination is made based on a fact intensive analysis.[1]  *See id.* (listing factors).  A contract such as a Service Agreement, which designates a contracting party as an independent contractor and not an employee, does not necessarily negate a finding of an employment relationship.  *See id.*

---

[1]    The court is not in the position to perform this analysis in the present posture of the case, and none of the parties suggest to the contrary.

Furthermore, Diakon has not cited any legal authority showing that the Third-Party Defendant business entities as a matter of law preclude the finding of an employment relationship. In a similar context and applying a similar fact intensive analysis, the existence of business entities did not *per se* preclude the finding. *See Merchants Home Delivery Serv., Inc. v. NLRB*, 580 F.2d 966 (9th Cir. 1978). Although the business entities weighed against the finding of an employment relationship, their existence alone was not determinative, but was considered as one of the factors in the analysis. *Id*. Accordingly, Diakon's motion to dismiss the Complaint is **DENIED**.

Soto and Third-Party Defendants filed motions to dismiss the Counterclaim and the Third- Party Complaint, arguing that the indemnity clause in the Service Agreements does not apply to render them liable to Diakon. A representative indemnity clause reads:

> **Indemnification**. Without limiting any other rights that the Company may have hereunder or under applicable law, the Contractor agrees to indemnify the Company harmless from any and all claims, losses, liabilities, costs and expenses of any kind whatsoever, including, without limitation, attorneys' fees (all of the foregoing being collectively referred to as "Indemnified Amounts") incurred by or asserted against the Company and arising out of, or resulting from, in whole or in part, the Contractor's performance including, without limitation, Indemnified Amounts arising out of, or resulting from, in whole or in part, the Contractor's performance of the services arising out of or relating to this Agreement, including without limitation, Indemnified Amounts arising out of or resulting from (i) injury or death to persons, including without limitation, third parties, employees of the Contractor or persons driving, riding in, operating, repairing, maintaining, loading or unloading the Contractor's vehicles, equipment or other property, (ii) damage to the property of any person or legal entity, including without limitation, loss or damage to items intended for transport which are in the Contractor's possession or under his dominion and control, and (iii) violation of any law, ordinance or regulation of any Federal, state or local governmental authority by the Contractor or its employees, subcontractors or agents. The Contractor shall pay to the Company, on demand, any and all amounts necessary to indemnify the Company from and against all such Indemnified Amounts incurred by or asserted against the Company, and the Company shall have the right to set-off any such Indemnified Amounts against any amount owed by the Company to the Contractor under this Agreement.

(First Am. Third-Party Compl., Ex. A, Sect. 6.) The parties do not dispute that the foregoing is virtually identical to the indemnity clauses in all the remaining agreements attached to the Counterclaim and the Third-Party Complaint.

Diakon argues that if Plaintiffs prevail on their Complaint, then Soto and Third-Party Defendants must indemnify it for damages, costs, attorneys' fees and any other "Indemnified

1   Amounts."  If Plaintiffs do not prevail, Diakon argues, Soto and Third Party-Defendants still

2   have to indemnify it for costs and attorneys' fees.  Soto and Third-Party Defendants contend,

3   among other things, that the indemnity clause does not apply to indemnify Diakon for its own

4   violations of California labor laws.

5       Virginia state law applies to the interpretation of the Service Agreements.  (*See* First Am.

6   Third-Party Compl., Ex. A, Sect. 14.)  Under Virginia law, "[a] court's primary focus in

7   considering disputed contractual language is to determine the parties' intention, which should be

8   ascertained, whenever possible, from the language the parties employed in their agreement."

9   *Pocahontas Mining Ltd. Liab. Co. v. CNX Gas Co., LLC*, 666 S.E.2d 527, 531 (Va. 2008).

10  "When an agreement is plain and unambiguous on its face, the Court will not look for meaning

11  beyond the instrument itself," *Eure v. Norfolk Shipbldg & Drydock Corp., Inc.*, 561 S.E.2d 663,

12  667 (Va. 2002), and must give the contractual terms "their plain meaning," *Landmark HHH,*

13  *LLC v. Gi Hwa Park*, 671 S.E.2d 143, 146 (Va. 2009).

14      "An ambiguity exists when the contract's language is of doubtful import, is susceptible of

15  being understood in more than one way or of having more than one meaning, or refers to two or

16  more things at the same time."  *Pocahontas Mining*, 666 S.E.2d at 531.  "The mere fact that the

17  parties disagree about the meaning of the contract's terms is not evidence that the contract

18  language is ambiguous."  *Id*.  "The question whether the language of a contract is ambiguous is a

19  question of law."  *Eure*, 561 S.E.2d at 631.

20      In determining whether disputed contractual terms are ambiguous, we consider the
21      words employed by the parties in accordance with their usual, ordinary, and
        popular meaning.  No word or phrase employed in a contract will be treated as
22      meaningless if a reasonable meaning can be assigned to it, and there is a
        presumption that the contracting parties have not used words needlessly.  Further,
23      the omission of a particular term from a contract is evidence that the parties
        intended to exclude that term.  [¶]  In ascertaining  the parties' intention regarding
24      specific contract provisions, we consider the document as a whole.

25  *Pocahontas Mining*, 666 S.E.2d at 531 (citations omitted).

26      None of the parties maintain that the indemnity clause is ambiguous.  Based on review of

27  the Service Agreement as a whole, the indemnity clause is unambiguous in the context of this

28  case.

6                                                                          08cv33

The indemnity clause applies to the "Indemnified Amounts . . . incurred by or asserted against [Diakon] and arising out of, or resulting from, in whole or in part, the Contractor's performance." The contract says nothing about "Indemnified Amounts" "incurred by or asserted against" Diakon "and arising out of, or resulting from" Diakon's own actions or inactions.

The underlying Complaint does not "arise out of, or result from" Third-Party Defendants' or Plaintiffs' performance, but is based solely on Diakon's alleged failure to follow California labor laws. If the parties intended the Service Agreements to indemnify Diakon for its own misconduct, this intent should have been expressly stated in the plain language of the Service Agreements. *See Landmark HHH*, 671 S.E.2d at 147. "[W]hen interpreting a contract, [the court] construe[s] it as written, and will not add terms the parties themselves did not include." *Id.*

The court therefore finds that the indemnity clause does not apply in the context of this action. Soto's and Third-Party Defendants' motions to dismiss the Counterclaim and the Third-Party Complaint are **GRANTED**.

Diakon does not seek leave to amend the Counterclaim or the Third-Party Complaint if the motions to dismiss are granted. Nevertheless, the court must consider whether a motion to dismiss should be granted with leave to amend. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 2004). A motion to dismiss can be granted without leave to amend if amendment would be futile. *Thinket Ink Info. Res., Inc. v. Sun Microsys., Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004). Because the indemnity clause is unambiguous and does not apply to the circumstances of this case, amending the Counterclaim or the Third-Party Complaint would be futile. Accordingly, the Counterclaim and the Third-Party Complaint are **DISMISSED WITH PREJUDICE**.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. the motion to Dismiss the First Amended Complaint for Compensatory Damages, Injunctive Relief, Restitution, Disgorgement of Profits & Civil Penalties is **DENIED**;

2. the motion to dismiss Diakon Logistics (Delaware) Inc.'s Amended Counterclaim for Indemnity Against Josue Soto is **GRANTED**;

08cv33

3.  Diakon Logistics (Delaware) Inc.'s Amended Counterclaim for Indemnity Against Josue Soto is **DISMISSED WITH PREJUDICE**;

4.  the motion to dismiss the First Amended Third-Party Complaint of Diakon Logistics (Delaware) Inc. Against Saybe's LLC, Abdul Trucking, Inc. and Rashid Trucking, Inc. is **GRANTED**; and

5.  the First Amended Third-Party Complaint of Diakon Logistics (Delaware) Inc. Against Saybe's LLC, Abdul Trucking, Inc. and Rashid Trucking, Inc. is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

DATED:  March 13, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. ANTHONY J. BATTAGLIA
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

8

08cv33