UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSUE SOTO *et al*.,, | ) | Civil No. 08cv33-L(AJB) |
| Plaintiffs, | ) ) | **ORDER (1) DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION WITHOUT PREJUDICE; AND (2) DENYING DEFENDANT'S EX PARTE APPLICATION FOR SUPPLEMENTAL BRIEFING** |
| v. | ) ) | |
| DIAKON LOGISTICS (DELAWARE), INC., | ) ) ) | |
| Defendant. | ) ) | |

This putative class action claiming violation of California wages and hours laws was brought by three drivers working for Defendant. Plaintiffs filed a motion for class certification pursuant to Federal Rule of Civil Procedure 23. Defendant filed an opposition and Plaintiffs replied.[1] The parties also filed a Stipulation Serving as Supplemental Briefing to Clarify Record Regarding Plaintiff's Motion for Class Certification and two notices of recent decisions. In addition, Defendant filed an Ex Parte Application for Supplemental Briefing on Plaintiffs' Motion for Class Certification. For the reasons which follow, Plaintiffs' motion for class certification is **DENIED WITHOUT PREJUDICE**. The time for Plaintiffs to file a motion for

/ / / / /

---

[1] The parties failed to comply with Civil Local Rule 5.1(a) (footnotes). Failure to comply with all applicable federal rules, rules of court and orders of this court may result in sanctions. Civ. L. Rule 83.1. Any future non-conforming pleadings will be rejected.

class certification is hereby extended to **September 20, 2010**. Defendant's ex parte application for supplemental briefing is **DENIED.**

Defendant Diakon Logistics (Delaware), Inc. provides home delivery services to various retailers, including Sears, Ethan Allen and other retailers selling large items. Plaintiffs Josue Soto, Ghazi Rashid and Mohamed Abdelfattah are truck drivers who worked for Defendant in California. They claim they were inappropriately classified by Defendant as independent contractors when they were in fact non-exempt employees.

Mr. Soto filed a putative class action complaint in state court seeking recovery from Defendant for failure to pay minimum wages, provide proper meal and rest periods, reimburse for reasonable business expenses, issue itemized wage statements and for other alleged violations of the California Labor Code provisions. He also alleged that Defendant violated California Business and Professions Code Sections 17200 *et seq*. He requested damages and injunctive relief. Defendant removed the action to this court pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction under 28 U.S.C. Section 1332(a)(1) and (d)(2). Subsequently, the complaint was amended to add the remaining two Plaintiffs.

Plaintiffs filed a motion to certify a class action under Federal Rule of Civil Procedure 23. They define the putative class as:

> All persons presently and formerly employed by Defendant in the State of California between December 5, 2003 and the present as delivery personnel during the Class Period who were subject to the "Service Agreement" (or similar document), which categorized them as independent contractors and not employees.

(Pls' Mem. of P.&A. at 2.). Rule 23 contains two distinct sets of requirements set forth in Rule 23(a) and (b). *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union v. ConocoPhillips Co.*, 593 F.3d 802, 806 (9th Cir. 2010) ("*United Steel*").

> Rule 23(a) outlines four requirements, all of which must be met for class certification: (1) the class must be so numerous that joinder of all members is impracticable; (2) there must be questions of law or fact common to the class; (3) the claims or defenses of the class representatives must be typical of the claims or defenses of the class; and (4) the class representatives must fairly and adequately protect the interests of all members of the class. The four requirements of Rule 23(a) are commonly referred to as "numerosity," "commonality," "typicality," and "adequacy of representation" (or just "adequacy"), respectively.

*Id.* (citations omitted). "Where a putative class satisfies all four requirements of Rule 23(a), it must still meet at least one of the three additional requirements outlined in Rule 23(b) in order to be eligible for certification." *Id.* "The party seeking class certification bears the burden of demonstrating that the requirements of Rules (a) and (b) are met." *United Steel*, 593 at 807.

> Neither the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies Rule 23.

*Id.* at 809 (brackets, internal quotation marks and citation omitted).

Plaintiffs contend that this case meets all the requirements of Rule 23(a) and Defendant does not dispute it. Plaintiffs had identified over 200 putative class members as of October 2009, all of whom can be ascertained through Defendant's records.[2] Accordingly, the putative class satisfies the numerosity requirement of Rule 23(a)(1).

The commonality requirement of Rule 23(a)(2) is satisfied if "there are questions of fact and law which are common to the class." Fed. R. Civ. P. 23(a)(2). "All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Plaintiff argues that an issue common to all putative class members is whether they should have been classified as employees rather than independent contractors. This is a factual as well as a legal issue. If they were erroneously classified as independent contractors, then additional issues common to the putative class members are whether they were paid the minimum wage, provided with meal and rest periods, and whether they were reimbursed for certain expenses as required by California law. This is sufficient to satisfy the commonality requirement of Rule 23(a)(2).[3]

---

[2] A notice that their contact information was being sought has been sent to all putative class members following a joint motion for pre-certification opt-out privacy notice. (Pls' Mem. of P.&A. at 14; *see also* order entered Jul. 30, 2009.)

[3] This requirement is less stringent than the companion requirement of Rule 23(b)(3), that common questions of law or fact *predominate* over any questions affecting only individual members. *Hanlon*, 150 F.3d at 1019.

The typicality requirement of Rule 23(a)(3) is met if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "[R]epresentative claims are typical if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. Plaintiffs fit within the class definition – they were drivers for Defendant during the class period, they were classified as independent contractors and signed substantially identical agreements with Defendant. They were subject to the same policies regarding independent contractor classification, compensation and reimbursement of work-related expenses. Because these policies appear to have been company-wide, Plaintiffs' claims are typical of the putative class as required by Rule 23(a)(3).

The adequacy requirement of Rule 23(a)(4) is satisfied if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named Plaintiffs and their counsel prosecute vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020. Plaintiffs failed to meet this requirement because none of their counsel's declarations states that they are free from conflict of interest.

Furthermore, Rule 23(c)(1)(B) requires that any order certifying a class action appoint counsel pursuant to Rule 23(g). Based on the record before the court, counsel cannot be appointed because the counsel's declarations do not address all the issues the court must consider for appointment. *See* Fed. R. Civ. Proc. 23(g); *see also* Fed. Jud. Ctr., Manual for Complex Litigation ("Manual"), ¶ 21:271 at 278-79 (4th ed.). For example, none of the declarations addresses "the resources that counsel will commit to representing the class." Fed. R. Civ. Proc. 23(g)(1)(A)(iv). In considering appointment of counsel, the court may also consider the attorney's fees and nontaxable costs. Fed. R. Civ. Proc. 23(g)(1)(C).

Based on the foregoing, Plaintiffs failed to make a sufficient showing that they meet all the requirements of Rule 23(a). Accordingly, Plaintiffs' motion is **DENIED**. However, because it appears that Plaintiffs may be able to meet the standard, the motion is denied **WITHOUT**

**PREJUDICE**.  Should Plaintiffs choose to again file a motion for class certification in this case, they shall, in addition to thoroughly addressing *all* the pertinent factors under Rule 23 and supporting them with admissible evidence, propose reasonable terms for attorney's fees and nontaxable costs.

In the alternative, the motion is denied because Plaintiffs did not adequately address relevant issues under Rule 23(b)(3).  Rule 23(b) provides:

> A class action may be maintained if Rule 23(a) is satisfied and if:
>
> (1) prosecuting separate actions by or against individual class members would create a risk of:
>
> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Plaintiffs initially argued that this action meets the requirements of Rule 23(b)(1) and (3). However, after Defendant opposed Plaintiffs' arguments with respect to each subsection, Plaintiffs failed to address Defendant's arguments regarding inapplicability of Rule 23(b)(1). Instead, they chose to devote their reply brief entirely to Rule 23(b)(3) without indicating their intentions with respect to Rule 23(b)(1) as an alternative basis for class certification.  The court

therefore concludes that Plaintiffs have abandoned their position that a class action can be certified based on Rule 23(b)(1). Moreover, because Plaintiffs primarily seek monetary damages for the class, certification under Rule 23(b)(1) would not be appropriate. *See Zinser v. Accufix Research Inst.*, 253 F.3d 1180, 1193 (9th Cir. 2001).

Defendant argues that a class cannot be certified under Rule 23(b)(3) because the questions of law or fact common to class members do not predominate over the questions affecting individual members. "The predominance inquiry focuses on the relationship between the common and individual issues and tests whether the proposed class[ is] sufficiently cohesive to warrant adjudication by representation." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009) (internal quotation marks, footnote and citation omitted).

> Rule 23(b)(3)'s predominance and superiority requirements were added to cover cases in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results. Accordingly, a central concern of the Rule 23(b)(3) predominance test is whether adjudication of common issues will help achieve judicial economy.

*Id.* (ellipsis, internal quotation marks and citations omitted).

Plaintiffs' action is premised on the claim that they and the putative class members were misclassified by Defendant as independent contractors, when they should have been classified as non-exempt employees. The Service Agreement, which each Plaintiff and putative class member signed in substantially the same form, provided that the contracting party was Defendant's independent contractor. (*See, e.g.,* Pls' Ex. C, Service Agreement, Sect. 2.) It is undisputed that although the Service Agreements were revised by Defendant during the proposed class period, they were substantially the same in the matters pertinent to class certification. It is also undisputed that the same form, as revised, was used for all Plaintiffs and putative class members.

Although it is further undisputed that the terms of the Service Agreement do not determine whether a party was an independent contractor or employee, the parties disagree

/ / / / /

/ / / / /

which law applies to make the determination.[4] The Service Agreement states that it "shall be governed by and construed in accordance with the laws of Commonwealth of Virginia, without regard to conflict of law rules." (Pls' Ex. C, Service Agreement, Sect. 14.)

The scope of the choice-of-law clause is determined by the law designated in the clause. *Narayan v. EGL, Inc.*, __ F.3d __, 2010 WL 3035487 at *6 (9th Cir. Aug. 5, 2010). Under Virginia law, "[a] court's primary focus in considering disputed contractual language is to determine the parties' intention, which should be ascertained, whenever possible, from the language the parties employed in their agreement." *Pocahontas Mining Ltd. Liab. Co. v. CNX Gas Co., LLC*, 666 S.E.2d 527, 531 (Va. 2008). "When an agreement is plain and unambiguous on its face, the Court will not look for meaning beyond the instrument itself," *Eure v. Norfolk Shipbldg & Drydock Corp., Inc.*, 561 S.E.2d 663, 667 (Va. 2002), and must give the contractual terms "their plain meaning," *Landmark HHH, LLC v. Gi Hwa Park*, 671 S.E.2d 143, 146 (Va. 2009).

Based on its unambiguous terms, the choice-of-law provision applies to the claims arising under the Service Agreement. Although the agreement may be considered, the issue whether Plaintiffs and putative class members are independent contractors or employees is not determined by the Service Agreement. *See Atkinson v. Sachno*, 541 S.E.2d 902, 906 (Va. 2001). Accordingly, the choice-of-law clause does not apply. California law applies to the issue whether Plaintiffs and putative class members were independent contractors or employees for purposes of the alleged California labor law violations. *See Narayan*, 2010 WL 3035487 at *7.

The California Labor Code does not define the terms "employee" and "independent contractor" for purposes of the claims asserted by Plaintiffs. *See Estrada v. FedEx Ground*

/ / / / /

---

[4] Defendant filed an ex parte application for additional briefing after Plaintiffs filed a notice of a recent Ninth Circuit case addressing the choice-of-law issue. *See Narayan v. EGL, Inc.*, __ F.3d __. 2010 WL 3035487 (9th Cir. Aug. 5, 2010). Defendant's request is **DENIED** because *Narayan* does not announce a new rule or law. Furthermore, Defendant raised the choice-of-law issue and had a full opportunity to brief it. The court notes that in briefing this issue, Defendant did not cite a single binding authority. (*See* Opp'n at 7-8.) Furthermore, in briefing the factors pertinent to determining employment status, Defendant compared Virginia and California law to the extent it considered it appropriate. (*See, e.g., id.* at 8 n.6.)

1  *Package Sys., Inc.*, 154 Cal. App. 4th 1, 10 (2007).  The relevant determination is made based on
2  a fact intensive analysis:
3      The essence of the test is the "control of details" – that is, whether the principal
      has the right to control the manner and means by which the worker accomplishes
4      the work – but there are a number of additional factors in the modern equation,
      including (1) whether the worker is engaged in a distinct occupation or business,
5      (2) whether, considering the kind of occupation and locality, the work is usually
      done under the principal's direction or by a specialist without supervision, (3) the
6      skill required, (4) whether the principal or worker supplies the instrumentalities,
      tools, and place of work, (5) the length of time for which the services are to be
7      performed, (6) the method of payment, whether by time or by job, (7) whether the
      work is part of the principal's regular business, and (8) whether the parties believe
8      they are creating an employer-employee relationship.
9  *Id.*, citing *S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, 48 Cal.3d 341, 350-51 (1989),
10 among others.  A contract such as the Service Agreement, which designates a party as an
11 independent contractor, does not necessarily negate a finding of an employment relationship.
12 *See Estrada*, 154 Cal. App. 4th at 10; *see also Borello*, 48 Cal.3d at 349 (1989) ("label placed by
13 the parties on their relationship is not dispositive").
14       Defendant argues that a class cannot be certified because the factors relevant to the
15 employment analysis cannot be established on a class-wide basis.  Defendant contends that the
16 drivers were free to, and in some instances did, operate multiple trucks with multiple delivery
17 teams, and in some instances did not personally perform any deliveries at all.  (*See* Opp'n at 17
18 and declarations cited therein; *see also* Soto Depo. at 34-37.)  This practice appears to be
19 relevant the employment analysis factors such as, for example, control of details and whether the
20 parties believed they were creating an employer-employee relationship.  *See Estrada*, 154 Cal.
21 App. 4th at 10.  The extent of this practice is therefore relevant in deciding whether
22 "adjudication of common issues will help achieve judicial economy."  *Vinole*, 571 F.3d at 944.
23 Although Plaintiffs attempt to minimize this issue by characterizing it as "a small percentage of
24 drivers . . . 'occasionally' drove a second truck," this assertion is not supported by any evidence.
25 (Reply at 10.)  Neither Plaintiffs nor Defendant presented evidence which would enable the
26 court to estimate the portion of the putative class engaged in this practice.  The court therefore
27 cannot conclude at this time that the case meets the requirements of Rule 23(b)(3).  If Plaintiffs
28 file another motion for class certification, they must address the issue of the prevalence of this

practice among putative class members and to what extent such individuals should be included in the proposed definition of the class.

Defendant also raises the issue that its policies pertinent to the employment analysis were not uniform among all of its locations and clients, thus further fragmenting the putative class. During the proposed class period, Defendant maintained several locations in California, with each location serving a separate client, such as Sears, Ethan Allen, etc. (Decl. of Charles E. Johnson at 2.) According to Defendant, the extent of control exercised over the drivers, a factor relevant to the employment analysis, *see Estrada*, 154 Cal. App. 4th at 10, varied from location to location. (*See* Opp'n at 9-17 and evidence cited therein.) Another fact which suggests that the putative class may be fragmented is that some putative class members owned the trucks they used for deliveries, while others rented them through Defendant. (*See* Hoswell Depo. at 62.) Whether the principal or worker supplies the instrumentalities of work is a relevant factor. *See Estrada*, 154 Cal. App. 4th at 10. Although it is apparent, even based on Defendant's evidence, that some policies were company-wide and affected all putative class members, it is not clear from the present record whether the employment factors can be considered on a class-wide basis so as to meet predominance and superiority requirements of Rule 23(b)(3).

If Plaintiffs file another motion for class certification, both parties must focus their evidence on the factors relevant to the employment analysis and address the issues (1) whether and to what extent the factors can be addressed on a class-wide basis; (2) whether dividing the putative class into subclasses would remedy any shortcomings; and (3) whether any groups of individuals should be excluded from the proposed class definition. The parties shall address the same issues with respect to every labor law claim alleged by Plaintiffs.

Rule 23(b)(3) lists four pertinent considerations. Fed. R. Civ. Proc. 23(b)(3)(A)-(D). Defendant does not contend that this action fails to meet three of them – Rule 23(b)(3)(B) through (D). However, because Plaintiffs do not meet their burden with respect to these requirements, their motion is denied on this alternative ground as well.

In an attempt to address Rule 23(b)(3)(B), Plaintiffs argue that there is no other litigation in California concerning the claims raised in this case. However, no declarations have been filed

in support of this assertion.  In addition, this action was consolidated with a similar action filed in the Northern District of California, but Plaintiffs do not address the issue of "desirability or undesirability of concentrating the litigation of the claims in [this] forum" as opposed to elsewhere in California.  *See* Fed. R. Civ. Proc. 23(b)(3)(C).  Plaintiffs did not address the last pertinent consideration, "the likely difficulties in managing a class action."  Fed. R. Civ. Proc. 23(b)(3)(D).  Accordingly, although Defendant does not oppose Plaintiffs' motion on either of these three points, Plaintiffs have provided insufficient argument and evidence to meet their burden.

Finally, in cases where a class certification motion is granted, Rule 23(c)(2)(B) requires that the order address the content, manner and timing of a class notice and set the time for class members to opt out.  Plaintiffs did not provide the court with any information in this regard.  (*See also* Manual ¶ 21.21 at 268).  If they choose to file another motion for class certification, they must provide sufficient input for the court to issue an order in compliance with Rule 23(c).

For the foregoing reasons, it is hereby **ORDERED** as follows:

1. Plaintiffs' motion for class certification is **DENIED WITHOUT PREJUDICE**.  The time for Plaintiffs to file a motion to certify a class action is extended until **September 20, 2010**.

2. Any such motion must throughly address all requirements of Rule 23 and the issues highlighted in this order, and must be supported by evidence.

3. Based on the parties' briefing and evidence filed so far, the court finds:  (1) Plaintiffs have met their burden on the requirements of Rule 23(a)(1) through (3); (2) Plaintiffs abandoned their contention that a class action can be certified under Rule 23(b)(1); and (3) California law applies to the analysis whether Plaintiffs and the putative class members were Defendant's employees.  These matters shall be considered established for purposes of any further motion for class certification.

/ / / / /
/ / / / /
/ / / / /
/ / / / /

4. Defendant's Ex Parte Application for Supplemental Briefing on Plaintiffs' motion for Class Certification is **DENIED**.

**IT IS SO ORDERED**.

DATED: August 30, 2010

M. James Lorenz
United States District Court Judge

COPY TO:

HON. ANTHONY J. BATTAGLIA
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL