UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE SOTO *et al.*,<br><br>              Plaintiffs,<br><br>   v.<br><br>DIAKON LOGISTICS (DELAWARE), INC.,<br><br>              Defendant. | Civil No. 08cv33-L(WMC)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

This putative class action claiming violation of California wages and hours laws was brought by three truck drivers working for Defendant. Defendant filed a motion to dismiss the first, second, third, sixth and seventh causes of action alleged in the first amended complaint. Plaintiffs filed an opposition and Defendant replied. For the reasons which follow, Defendant's motion to dismiss is **DENIED.**

Defendant Diakon Logistics (Delaware), Inc. provides home delivery services to various retailers, including Sears, Ethan Allen and other retailers selling large items. Plaintiffs Josue Soto, Ghazi Rashid and Mohamed Abdelfattah are truck drivers who worked for Defendant in California. They claim they were inappropriately classified by Defendant as independent contractors when they were in fact non-exempt employees.

Mr. Soto filed a putative class action complaint in state court seeking recovery from Defendant for failure to pay minimum wages, provide proper meal and rest periods, reimburse

for reasonable business expenses, issue itemized wage statements and for other alleged violations of California Labor Code provisions.  He also alleged that Defendant violated California Business and Professions Code Sections 17200 *et seq*.  He requested damages and injunctive relief.  Defendant removed the action to this court pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction under 28 U.S.C. Section 1332(a)(1) and (d)(2).  Subsequently, the complaint was amended to add the remaining two Plaintiffs.

Defendant's motion to dismiss the first amended complaint was denied on March 13, 2009 and it filed an answer.  Subsequently, Plaintiff filed a motion for class certification, which was initially denied without prejudice, the parties engaged in extensive discovery and Plaintiffs renewed their class certification motion.  While Plaintiffs' most recent class certification motion was pending, Defendant again filed a motion to dismiss the first amended complaint pursuant to Rule 12(b)(6).

Defendant's Rule 12(b)(6) motion is untimely because Defendant has already filed an answer. Fed. R. Civ. Proc. 12(b).  However, the court construes it as a motion for judgment on the pleadings pursuant to Rule 12(c).  A motion for judgment on the pleadings under Rule 12(c) is "functionally identical" to a Rule 12(b)(6) motion to dismiss.  *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).  Accordingly, the court applies the same standard of review.  *Id*.

A Rule 12(b)(6) motion tests the sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory.  *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks and citation omitted); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law").  Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*,749 F.2d 530, 534 (9th Cir. 1984); *see also Shroyer*, 622 F.3d at 1041.  "In addition, to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief." *Shroyer*, 622 F.3d at 1041, citing *Ashcroft v. Iqbal*, __

U.S. __, 129 S. Ct. 1937, 1949 (2009). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are couched as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

Defendant's motion almost exclusively challenges the sufficiency of Plaintiffs' allegations. In this regard, the pleading standard of Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). The requisite "showing" is not just "a blanket assertion[] of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3. Factual allegations in the complaint must provide fair notice of the nature of the claim and grounds on which the claim rests. *Id*. As long as the complaint meets this standard, it need not include the facts necessary to carry the plaintiff's burden, *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), *reversed on other grounds*, __ U.S. __, 131 S. Ct. 2074 (2011), or detailed factual allegations, *Twombly*, 550 U.S. at 555.

Defendant does not contend that it does not have fair notice of the nature of Plaintiffs' claims and grounds on which they rest. Such an assertion would be at best disingenuous after filing an answer, two years of discovery and two rounds of briefing on Plaintiffs' motion for class certification. Upon review of the first amended complaint, the court finds that although Plaintiffs could have provided more factual enhancement to their allegations, the claims are alleged with sufficient specificity to satisfy the notice pleading requirements of Rule 8(a)(2).

Defendant's only other challenge to the first amended complaint is that, as a matter of law, Plaintiffs cannot rely on California Industrial Welfare Commission's Wage Orders for their second cause of action relating to Defendant's alleged failure to provide proper meal breaks. Defendant does not cite any binding authority in support of this argument. Wage Orders are expressly referenced in California Labor Code Section 226.7, which provides for meal breaks. Furthermore, an employee may enforce Wage Orders by bringing an action under the Private

Attorneys General Act of 2004, Cal. Labor Code § 2698 *et seq*. ("PAGA"). *See* Cal. Labor Code § 2699. Plaintiff's complaint includes PAGA allegations.[1]  Defendant's argument is therefore rejected.

For the foregoing reasons, Defendant's motion to dismiss, construed as a motion for judgment on the pleadings, is **DENIED**.

**IT IS SO ORDERED**.

DATED: August 10, 2011

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, Jr.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

---

[1] Defendant's motion attacks the seventh cause of action, which Plaintiff asserted under PAGA. However, because the PAGA claim is derivative of the first five causes of action, Defendant would have to dismiss all of them to succeed in dismissing the PAGA claim. The motion does not challenge the fourth and fifth causes of action, and for the reasons discussed above, the first three causes of action were adequately alleged. Accordingly, Defendant has not presented any grounds for dismissal of the PAGA claim.