1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10
JOSUE SOTO *et al*.,                    )   Civil No. 08cv33-L(WMC)
11                                       )
                          Plaintiffs,    )   **ORDER (1) DENYING PLAINTIFFS'**
12                                       )   **MOTION FOR CLASS**
     v.                                  )   **CERTIFICATION; AND (2)**
13                                       )   **DENYING DEFENDANT'S EX**
     DIAKON LOGISTICS (DELAWARE),        )   **PARTE APPLICATION FOR**
14   INC.,                               )   **SUPPLEMENTAL BRIEFING**
                                         )
15                        Defendant.     )
     _____ )
16

17          This putative class action claiming violation of California wages and hours laws was

18   brought by three truck drivers working for Defendant.  Plaintiffs filed a motion for class

19   certification pursuant to Federal Rule of Civil Procedure 23.  Defendant filed an opposition and

20   Plaintiffs replied.  In addition, Defendant filed an ex parte application for supplemental briefing.

21   For the reasons which follow, Plaintiffs' motion for class certification is **DENIED WITHOUT**

22   **PREJUDICE**.  Defendant's ex parte application for supplemental briefing is **DENIED** as moot.

23   The parties are **REFERRED** to the Magistrate Judge to resolve their discovery issues and set

24   case management dates consistent with this order.

25          Defendant Diakon Logistics (Delaware), Inc. provides home delivery services to various

26   furniture and appliance retailers.  Plaintiffs Josue Soto, Ghazi Rashid and Mohamed Abdelfattah

27   are truck drivers who worked for Defendant in California.  They claim they were classified by

28   Defendant as independent contractors when they were in fact non-exempt employees.

Mr. Soto filed a putative class action complaint in state court seeking recovery from Defendant for failure to pay minimum wages, provide proper meal and rest periods, reimburse for reasonable business expenses, issue itemized wage statements and for other alleged violations of the California Labor Code provisions.  He also alleged that Defendant violated California Business and Professions Code Sections 17200 *et seq*.  He requested damages and injunctive relief.  Defendant removed the action to this court pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction under 28 U.S.C. Section 1332(a)(1) and (d)(2).  Subsequently, the complaint was amended to add the remaining two Plaintiffs.

Plaintiffs' initial motion for class certification was denied without prejudice.  (*See* Order (1) Denying Plaintiffs' Motion for Class Certification Without Prejudice; and (2) Denying Defendant's Ex Parte Application for Supplemental Briefing, filed August 30, 2010 ("Order").) Subsequently, the parties conducted discovery and Plaintiffs renewed their motion.

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.  In order to justify a departure from that rule, a class representative must be part of the class and possess the same interest and suffer the same injury as the class members."  *Wal-Mart Stores, Inc. v. Dukes*, __ U.S. __, 131 S.Ct. 2541, 2550 (2011) ("*Dukes*") (internal quotation marks and citations omitted).  In this regard, Rule 23 contains two sets of class certification requirements set forth in Rule 23(a) and (b).  *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union v. ConocoPhillips Co.*, 593 F.3d 802, 806 (9th Cir. 2010) ("*United Steel*").  "The party seeking class certification bears the burden of demonstrating that the[se] requirements . . . are met."  *Id*. at 807.

"Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate.  The Rule's four requirements – numerosity, commonality, typicality, and adequate representation – effectively limit the class claims to those fairly encompassed by the named plaintiff's claims."  *Dukes*, 131 S.Ct. at 2550-51 (internal quotation marks and citations omitted).  As noted in the Order, Plaintiffs met the numerosity, commonality and typicality requirements of Rule 23(a), but were given leave to make a proper showing that they also meet the adequate representation requirement.  (Order at 3-4.)

08cv33

"Where a putative class satisfies all four requirements of Rule 23(a), it must still meet at least one of the three additional requirements outlined in Rule 23(b) in order to be eligible for certification." *United Steel*, 593 F.3d at 806.  Plaintiffs seek certification under Rule 23(b)(3) (*See* Pls' Mot at 7), which provides:

A class action may be maintained if Rule 23(a) is satisfied and if:

. . .

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

Defendant argued in opposition to Plaintiffs' initial motion, as it does now, that a class cannot be certified under Rule 23(b)(3) because the questions of law or fact common to class members do not predominate over the questions affecting individual members.  "The predominance inquiry focuses on the relationship between the common and individual issues and tests whether the proposed class [is] sufficiently cohesive to warrant adjudication by representation." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009) (internal quotation marks, footnote and citation omitted).

Rule 23(b)(3)'s predominance and superiority requirements were added to cover cases in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results. Accordingly, a central concern of the Rule 23(b)(3) predominance test is whether adjudication of common issues will help achieve judicial economy.

*Id*. (ellipsis, internal quotation marks and citations omitted).  Plaintiffs' initial motion was denied in large part because they failed to sufficiently address and make a proper showing under Rule 23(b)(3).  (Order at 8-10.)

08cv33

1        Plaintiffs sought to certify a class defined as

2        All persons presently and formerly employed by Defendant in the State of
California between December 5, 2003 and the present as delivery personnel during
3        the Class Period who were subject to the "Service Agreement" (or similar
document), which categorized them as independent contractors and not employees.

4

5   Plaintiffs' action is premised on the claim that they and the putative class members were

6   misclassified by Defendant as independent contractors, when they should have been classified as

7   non-exempt employees.  If Plaintiffs are correct that they were erroneously treated as

8   independent contractors, then the case can proceed to determine whether their rights under

9   California wages and hours laws were violated.  The Service Agreement, which each Plaintiff

10   and putative class member signed in substantially the same form, provided that the contracting

11   party was Defendant's independent contractor.[1]  California Labor Code does not define the terms

12   "employee" and "independent contractor" for purposes of the claims asserted by Plaintiffs.  *See*

13   *Estrada v. FedEx Ground Package Sys., Inc.*, 154 Cal. App. 4th 1, 10 (2007).  The relevant

14   determination is made based on a fact intensive analysis:

15        The essence of the test is the "control of details" – that is, whether the principal
has the right to control the manner and means by which the worker accomplishes
16        the work – but there are a number of additional factors in the modern equation,
including (1) whether the worker is engaged in a distinct occupation or business,
17        (2) whether, considering the kind of occupation and locality, the work is usually
done under the principal's direction or by a specialist without supervision, (3) the
18        skill required, (4) whether the principal or worker supplies the instrumentalities,
tools, and place of work, (5) the length of time for which the services are to be
19        performed, (6) the method of payment, whether by time or by job, (7) whether the
work is part of the principal's regular business, and (8) whether the parties believe
20        they are creating an employer-employee relationship.

21   *Id.*, citing *S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, 48 Cal.3d 341, 350-51 (1989),

22   among others.   A contract such as the Service Agreement, which designates a party as an

23   independent contractor, does not necessarily negate a finding of an employment relationship.

24   *See Estrada*, 154 Cal. App. 4th at 10; *see also Borello*, 48 Cal.3d at 349 (1989) ("label placed by

25   the parties on their relationship is not dispositive").

26

27        [1]    It is undisputed that although the Service Agreements were revised by Defendant
28   during the proposed class period, they were substantially the same in the matters pertinent to
class certification.

08cv33

Case 3:08-cv-00033-L-JLB   Document 156   Filed 08/10/11   PageID.2469   Page 5 of 7

Defendant argued in opposition to Plaintiffs' initial motion, as it does now, that a class cannot be certified because the factors relevant to the employment analysis cannot be established on a class-wide basis.  Plaintiffs' initial motion was denied largely because Defendant presented evidence that the drivers were free to, and in some instances did, operate multiple trucks with multiple delivery teams, and in some instances did not personally perform any deliveries at all. (Order at 8.)  Because the evidence was relevant to the employment analysis, the extent of this practice was relevant in deciding whether "adjudication of common issues will help achieve judicial economy."  (*Id.*, quoting *Vinole*, 571 F.3d at 944.)   Defendant also presented other evidence that suggested that the putative class was fragmented in other respects.  (*See id.* at 9.) Based on the record before the court, it was unclear whether the employment factors could be considered on a class-wide basis so as to meet predominance and superiority requirements of Rule 23(b)(3).  (*Id.*; *see also id.* at 8.)

Although Plaintiffs' motion was denied, Plaintiffs were given an opportunity to renew the motion with appropriate evidentiary support.  They were admonished that if they chose to "file another motion for class certification, they must address the issue of the prevalence among the putative class members of drivers operating multiple trucks and not personally performing delivery services, and to what extent such individuals should be included in the proposed definition of the class."  (Order at 8-9.)  The parties were further instructed to "focus their evidence on the factors relevant to the employment analysis and address the issues (1) whether and to what extent the factors can be addressed on a class-wide basis; (2) whether dividing the putative class into subclasses would remedy any shortcomings; and (3) whether any groups of individuals should be excluded from the proposed class definition."  (*Id.* at 9.)  In addition, the court admonished Plaintiffs that they had to address Rule 23(b)(3)(B) though (D).  (*Id.* at 9-10.)

In their new motion, Plaintiffs did not adequately address the issues highlighted in the Order.  With respect to the main issue, that the putative class appeared to be fragmented because some class members operated more than one truck with multiple delivery teams and that some did not personally perform delivery services at all, Plaintiffs amended the proposed class definition to read:

5

08cv33

> All persons who performed work for Diakon Logistics (Delaware) Inc. as an owner/operator in the State of California between December 5, 2003 and the present subject to the "Service Agreement" characterizing them as an independent contractor, with the exception of any such person who operated more than one delivery vehicle for Defendant during this period.

(Pl.'s Mot. at 2.)

In addition to not addressing the issues identified by the court, Plaintiffs did not make any showing or argument why the new class definition should be considered. Furthermore, it raises new issues of its own. For example, Plaintiffs do not contend that the showing on Rule 23(a) factors they made with respect to the old definition automatically applies to the new definition. Another issue raised by the new definition is that it does not appear to be limited to Defendant's employees. For these reasons alone, the new class definition cannot be considered.

More importantly, Plaintiffs did not discuss the change in the definition or argued how it addresses the issues raised by the court. Instead, they attempted to make their Rule 23(b)(3) showing by arguing that the employment factors can be addressed on a class-wide basis because all persons who signed the Service Agreement were treated the same. Based on the Service Agreement, Defendant's advertising (Pls' Exh. A & R), the deposition testimony of Defendant's President (*id*. Exh. B) and his affidavit (Decl. of Charles H. Johnson), Plaintiffs may well be able to show that all who signed the Service Agreement were treated by Defendant in the same way. However, this does not address the fragmented nature of the putative class. Defendant's evidence shows that the putative class breaks down along many different categories. (*See* Def.'s Exh. B.) Plaintiffs' new evidence, legal argument and class definition have not negated this and Plaintiffs have not suggested any ways in which the court should address the various groups of putative class members. The fragmentation of the putative class undoubtedly will present case management issues, if a class were to be certified. *See* Fed. R. Civ. Proc. 23(b)(3)(D). Again, Plaintiffs were required to address this issue, but did not. Based on the foregoing, Plaintiffs have failed to meet their burden under Rule 23(b)(3) to show that class certification is appropriate in their case. Accordingly, their motion is **DENIED**.

However, Plaintiffs indicated that in some respects they were not able to make a proper showing because Defendant failed to comply with their discovery requests and then sand-bagged

them with new evidence presented in the opposition papers.  (*See* Pls' Objection to the Decl. of Charles Johnson Filed in Opp'n to Mot. for Class Certification.)  Because it appears that Plaintiffs were not provided all the requested and necessary information to evaluate their case prior to class certification, Plaintiffs' motion is denied **WITHOUT PREJUDICE** to renewing it after they have had an opportunity to obtain and review complete responses to their discovery.

The parties' discovery disputes in this regard are **REFERRED** to the Magistrate Judge pursuant to Federal Rule of Civil Procedure 72(a) and Civil Local Rule 72.1(b).  In addition, the parties shall schedule a case management conference with the Magistrate Judge to establish an appropriate date when Plaintiffs should file any further motion for class certification.

Based on the foregoing, Plaintiffs' motion for class certification is **DENIED WITHOUT PREJUDICE.**  The court therefore need not consider at this time Plaintiffs' showing on the other deficiencies in their initial class certification motion which were noted in the Order. Defendant's ex parte application for supplemental briefing is **DENIED** as moot.

**IT IS SO ORDERED**.


DATED:  August 10, 2011

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, Jr.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

08cv33