Derek J. Emge (SBN 161105)
EMGE & ASSOCIATES
225 Broadway, Suite 1350
San Diego, CA 92101
Telephone:     (619) 595-1400
Facsimile:      (619) 595-1480

Issa J. Michael (SBN 184256)
THE MICHAEL LAW FIRM
1648 Union Street, Suite 201
San Francisco, CA 94123
Telephone:     (415) 447-2833
Facsimile:      (415) 447-2834

Attorneys for Plaintiffs JOSUE SOTO, Individually and On Behalf of
All Others Similarly Situated, and on Behalf of the General Public

## IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE SOTO, GHAZI RASHID, MOHAMED ABDELFATTAH, Individually and On Behalf of All Others Similarly Situated, and on Behalf of the General Public,<br><br>                    Plaintiffs,<br><br>v.<br><br>DIAKON LOGISTICS (DELAWARE), INC., a Foreign Corp.; and DOES 1 through 50, Inclusive,<br><br>                    Defendants. | **Case No. 08-CV-0033-L (WMc)**<br>Complaint Filed:  December 5, 2007<br><br>**CLASS ACTION**<br><br>**DECLARATION OF DEREK J. EMGE IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Special Briefing Schedule Ordered<br><br>DATE:       January 14, 2013<br>TIME:       10:30 a.m.<br>JUDGE:     Hon. M. James Lorenz<br>CRT. RM.:  14 |

DECL. OF DEREK J. EMGE RE MOTION FOR CLASS CERTIFICATION          08-CV-0033L (WMc)

I, Derek J. Emge declare as follows:

1.      I am a principal at the law firm of Emge & Associates, counsel of record for Plaintiffs and the putative class in this matter.  I am duly admitted to practice before all courts of the State of California.  The following facts are within my personal knowledge and if called to testify, I could and would competently testify thereto.

2.      I am a 1992 graduate of University of San Diego School of Law, admitted to practice before the United States District Court, Southern, Central, Northern and Eastern Districts and all California State Courts.

3.      Emge and Associates focuses on class action litigation.  Our firm represents plaintiffs in complex class action litigation, including wage and hour, employment, consumer protection and other public interest class actions.

4.      As Class Counsel, I have actively commenced, prosecuted and concluded numerous state and federal class actions over the past decade.  I have certified numerous wage and hour class actions, have been appointed Class Counsel in numerous class actions and have successfully obtained appellate reversals of class certification denials (*Shrestha v. NRT, Inc.* 2005 Cal.App. Unpub. LEXIS 200).

5.      I have expertise and experience in class action adjudication and resolution.  I have played a central role in the resolution of class action cases that have received final approval by the court against companies such as American Golf Corporation, Avis Rent A Car, Bank of America, BCBG, Belo Corporation, Big5 Sporting Goods, Budget Car Rental, California Pizza Kitchen, Charles Schwab, Chase Mortgage, Citibank, CitiFinancial Mortgage Corp., Coldwell Banker, Countrywide Mortgage, CVS, Dion International, Dollar Car Rental, Downey Savings, FH Paschen/SN Nielsen, Go Wireless, Hilton Reservations, Intergulf Development Corporation, L90, Marriott International, Merrill Lynch, Minute Clinic, National City Mortgage, NRT, Inc., Pacific Aggregates, Phillips Van Huesen, Press Enterprise, Premier Food Services, Prudential, Re/Max, San Diego Padres, Spherion Atlantic, Sunrise Senior Living, Sunstone Hotel Properties, Tenet Healthcare, Vintage Design, Vons and Wells Fargo Bank.

/ / /

1

6.      This case was initially filed as two separate class actions.  After determining that a single, consolidated action would be the most efficient and fair method of adjudicating the case, a consolidated class action complaint was filed in the older of the two original cases.

7.      I have associated with the The Michael Law Firm, who initially filed the related case, now joined, for the prosecution of this action.  Jointly with co-counsel, I have commenced a vigorous litigation in this matter, including extensive motion practice, the request for, production of and review of thousands of pages of documents, and depositions of class representatives, Diakon's president and Diakon's regional manger.  We are fully prepared to continue our vigorous pursuit of this case and to try it to conclusion.

8.      I have no conflicts of interest or antagonism with the proposed class and I will fairly and adequately protect the interests of the class.

9.      I have sufficient capital to fund this case to its conclusion.  Additionally, I have sufficient legal staff to undertake all aspects of the litigation.

10.      I have undertaken this case on a contingency basis and the time I have spent and the expenses I have incurred have not yet been compensated.  If appropriate at the conclusion of this litigation, I will be prepared to demonstrate to the Court all time spent on the prosecution of this matter as well as all non-taxable costs incurred.  My reasonable hourly rate for my billable time on this wage and hour class action is presently $500.  I understand that this rate is consistent with the rates of class counsel litigating cases in the Southern District.  Should a percentage of the total recovery be used by the court to determine fees, Plaintiffs and counsel have agreed that the percentage should not exceed one third of the total recovery.

11.      No putative class members have expressed to me a desire to control the prosecution of a separate action against Diakon.  I have checked PACER as well as court dockets in San Diego, Orange, Los Angeles and San Francisco Counties and am not aware of any putative class members taking any steps to prosecute any other action against Diakon on these issues.

12.      Through agreement with defense counsel, records for putative class members have been provided up through December 2011 and the present motion will not include information about drivers subsequent to that date.  Defendant has produced evidence of 471 delivery drivers

2

1   providing services for Diakon in California during the proposed class period and up to December

2   2011.  Based on Diakon's records, 345 drivers provided all duties/services personally rather than

3   hiring second drivers.  These 345 drivers comprise the proposed class, which is more limited than

4   the class proposed in Plaintiffs' first motion for class certification and removes any need to inquire

5   into why a particular driver may have hired another driver to perform the required delivery duties

6   since no drivers in the proposed class did so.  Named Plaintiffs performed their delivery duties

7   personally just as the class they seek to represent did.

8           13.     Attached hereto as Exhibit "A" are true and correct copies of Diakon's current

9   Internet Advertising, including pages:   diakonlogistics.com/about-us/our-difference/index.html

10  and diakonlogistics.com/about-us/our-difference/delivery-teams/index.html.  My review of older

11  incarnations of this website through the Way Back Machine, www.archive.org, reveal that the

12  same representations about Diakon controlling the performance and appearance of its drivers were

13  made        from        2006-2011,        including        diakonlogistics.com/aboutus.htm,

14  diakonlogistics.com/services.htm, diakonlogistics.com/ourphilosophy.htm.

15          14.     Attached hereto as Exhibit "B" are true and correct copies of excerpts from the

16  deposition of Charles Johnson, the current president of Diakon.

17          15.     Attached hereto as Exhibit "C" is a true and correct copy of Diakon's driver

18  contract used for all drivers in 2003.

19          16.     Attached hereto as Exhibit "D" is a true and correct copy of Diakon's driver

20  contract used for all drivers in 2004.

21          17.     Attached hereto as Exhibit "E" is a true and correct copy of Diakon's driver

22  contract used for all drivers in 2006.

23          18.     Attached hereto as Exhibit "F" is a true and correct copy of Diakon's driver

24  contract used for all drivers in 2007.

25          19.     Attached hereto as Exhibit "G" is a true and correct copy of Diakon's driver

26  contract used for all drivers in 2009.

27          20.     Attached hereto as Exhibit "H" are true and correct excerpts from the deposition of

28  Diakon's regional manager, Steven Hoswell.

3

**DECL. OF DEREK J. EMGE RE MOTION FOR CLASS CERTIFICATION**          **08-CV-0033L (WMc)**

21.    Attached hereto as Exhibit "I" are true and correct excerpts from the deposition of Mohamed Abdelfattah.

22.    Attached hereto as Exhibit "J" are true and correct excerpts from the deposition of Josue Soto.

23.    Attached hereto as Exhibit "K" are true and correct excerpts from the deposition of Ghazi Rashid.

24.    Attached hereto as Exhibit "L" is a true and correct copy of a two week settlement statement used by Defendant.

25.    Attached hereto as Exhibit "M" are true and correct excerpts from the deposition of Samuel Rubio Jr.

26.    Attached hereto as Exhibit "N" are true and correct excerpts from the deposition of Steve Espinoza.

27.    Attached hereto as Exhibit "O" are true and correct excerpts from the deposition of David Lee Aguirre.

28.    Attached hereto as Exhibit "P" is a proposed notice to the class.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct as to my own knowledge.

Executed this 26th day of October 2012 in San Diego, California.


 /s/   Derek J. Emge
DEREK J. EMGE

4

**TABLE OF EXHIBITS**

| EXHIBIT | STARTING PAGE |
|---|---|
| Exhibit A | 1 |
| Exhibit B | 10 |
| Exhibit C | 26 |
| Exhibit D | 39 |
| Exhibit E | 50 |
| Exhibit F | 62 |
| Exhibit G | 75 |
| Exhibit H | 103 |
| Exhibit I | 114 |
| Exhibit J | 119 |
| Exhibit K | 125 |
| Exhibit L | 129 |
| Exhibit M | 131 |
| Exhibit N | 136 |
| Exhibit O | 140 |
| Exhibit P | 143 |