UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE SOTO *et al.*,<br><br>            Plaintiffs,<br><br>v.<br><br>DIAKON LOGISTICS (DELAWARE), INC.,<br><br>            Defendant. | Case No. 08 CV 33 L (WMc)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO COMMENCE PAGA-RELATED DISCOVERY**<br><br>**[ECF No. 191.]** |

**I. Background**

The matter before the Court is Plaintiffs' motion to commence discovery under the California Labor Code Private Attorney General Act of 2004 ("PAGA"). [ECF No. 191.] Plaintiffs have brought the instant action as a class action on behalf of similarly situated drivers throughout California *and* as a representative action under the PAGA. In their motion, Plaintiffs move to begin formal discovery of PAGA-related issues now that class-related discovery has concluded and their motion for class certification is on file with Judge Lorenz. [ECF No. 191 at 2.] Plaintiffs seek to move forward with PAGA-related discovery in order to avoid delay and spoliation of evidence. [ECF No. 194 at 3.]

Defendant opposes Plaintiffs' motion arguing good cause is required to begin PAGA-related discovery under a now outdated Scheduling Order issued in April of 2009, which simply states: "Counsel have met and provided a proposed scheduling plan for the case addressing first the issue of class certification, with the merits to follow." [ECF No. 69 at 1; ECF No. 192 at 2.]

Defendant also objects to discovery on the grounds that: (1) Plaintiffs must satisfy the requirements imposed by Rule 23 of the Federal Rules of Civil Procedure governing class action certification (ECF No. 192 at 3); and (2) Plaintiffs' PAGA claim is invalid for failure to exhaust administrative remedies. [ECF No. 192. at 4.]

In support of their motion to commence discovery, Plaintiffs reply that their motion is in keeping with the guidelines proposed in the April 2009 Scheduling Order.  Although the Court advises Defendant that the opposition brief of a motion to compel is an inappropriate forum in which to challenge the validity of Plaintiffs' PAGA claim, Plaintiff has nevertheless provided exhibits with their reply brief, which demonstrate on their face compliance with the notice requirements necessary to bring a PAGA claim.  Finally in reply, Plaintiffs notes that while the Ninth Circuit has yet to decide whether Rule 23 certification applies to PAGA claims, the majority view holds PAGA actions do not require Rule 23 certification because unlike class actions, actions under the PAGA are designed to protect the public from illegal conduct as an extension of California's labor law enforcement agencies and are not for the benefit of the party bringing the action. [ECF No. 194 at 4.]

**II. Discussion**

**A. Plaintiffs Have Demonstrated Diligent Compliance With The Outdated Scheduling Order And Have Shown Good Cause, Even Though Not Required, To Move Forward With Discovery**

The Court will only modify dates set forth in a scheduling order upon a showing of good cause by the moving party.  Fed. R. Civ. P. 16.  Accordingly, under Rule 16 of the Federal Rules of Civil Procedure, the court is required to issue a scheduling order as soon as practicable, and the order "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed.R.Civ.P. 16(b)(3)(A).  Once a scheduling order has been filed pursuant to Rule 16, the "schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). " Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992).

The Scheduling Order proposing the sequence of discovery in the instant case was issued in April of 2009, before Judge McCurine was assigned to the matter. The April 2009 Scheduling Order does not elaborate on the timing of PAGA-related discovery other than to state: "Counsel have met and provided a proposed scheduling plan for the case addressing first the issue of class certification, with the merits to follow." [ECF No. 69 at 1; ECF No. 192 at 2.] Accordingly, the Court finds Plaintiffs' request to commence PAGA-related discovery now that the class certification motion has been filed is reasonable and in keeping with the language of the April 2009 Scheduling Order.

In addition, the deadlines listed in the April 2009 Scheduling Order occurred in 2009 and have long passed. As a result, the Court finds Plaintiffs' request for discovery is not a motion for modification of the scheduling order requiring good cause. Furthermore, even if good cause were required, Plaintiffs have shown good cause for moving forward with PAGA-related discovery. There is no argument that Plaintiffs have not been diligent in their prosecution of this case. Nevertheless, this case is three-years-old. In order to use the time efficiently, prevent further delay and preserve evidence, the second phase of discovery as contemplated by the parties should begin. This result is particularly fitting considering the fact that Plaintiffs' PAGA claim may proceed as a non-class representative action regardless of whether classwide claims are certified by the District Judge.

**B. Overview of Non-class representative PAGA actions**

In 2009, the California Supreme Court held that a representative action under PAGA did not have to satisfy class action requirements in the state courts. *See Arias v. Superior Court*, 46 Cal. 4th 969, 975 (2009). The California Supreme Court found that due process did not require class certification because a plaintiff bringing a PAGA claim acts "as the proxy or agent of the state's law labor enforcement agencies." *Id.* at 986. Following this state supreme court holding, federal district courts faced with the issue of determining whether a California PAGA claim must meet the Rule 23 class certification requirements have been split. *See McKenzie v. Fed. Exp. Corp.*, 765 F.Supp.2d 1222, 1233 (C.D. Cal.2011) (listing California district courts holding class certification requirements of Rule 23 do not apply to PAGA claims). Moreover, the Ninth

Circuit has not decided the issue. Of the district courts considering the issue, only a minority have held that Rule 23 applies to PAGA claims. The majority of district courts have held that PAGA actions, although representative, do not need to be brought as class actions in light of the fact that PAGA operates as a law-enforcement mechanism as opposed to an action which conveys a private benefit on the named plaintiff and those represented. *See e.g. Thomas v. Aetna Health of Cal., Inc*., 2011 WL 2173715, at *12-13 (E.D. Cal. June 2, 2011) (explaining "while the Ninth Circuit has not addressed these issue, the majority view among the district courts following *Arias* creates the following framework: (1) PAGA actions must be filed as representative actions on behalf of current or former aggrieved employees; (2) while PAGA actions may be brought as class actions, Rule 23 certification is not necessary to the extent PAGA actions are brought in a non-class representative capacity; and (3) prudential standing concerns as to non-class representative PAGA suits are either satisfied ... or inapplicable....").

Plaintiffs move to proceed with discovery on their PAGA claim. [First Amended Complaint, ECF No. 28 at 19-25.] Specifically, Plaintiffs propose limited interrogatories and depositions and requests for production concerning driver settlement statements and supporting documents. [ECF No. 191 at 4.] Given that the majority of district courts which have held Rule 23 certification is *not* necessary for PAGA actions brought in a non-class representative capacity, the Court finds it is in the interest of efficient case management in this three-year-old case to allow the parties to begin PAGA-related discovery now that class-based discovery is complete and the motion for class certification is pending. Moreover, Plaintiffs have indicated that regardless of the outcome of the motion for class certification, the instant action will proceed as non-class representative action under PAGA.[1] [ECF No. 191 at 4.] Accordingly, there is no justification for delaying further discovery pending the outcome of the class certification motion.

///
///
///

---

[1] Defendant also argues Plaintiffs' PAGA claim is invalid for failure to exhaust administrative remedies. The Court does not rule on the validity of the First Amended Complaint's PAGA claim in a motion to compel discovery.

**III.  Conclusion**

Plaintiff's Motion for Leave to Commence PAGA Discovery is **GRANTED**. The Court will hold a *telephonic* Case Management Conference on **December 13, 2012 at 4:00 p.m.** Counsel for Plaintiff shall contact all opposing counsel appearing in the case on the day and at the time indicated above and then initiate a *joint* call to the Court at (619) 557-6624.

**IT IS FURTHER ORDERED** that a **JOINT** discovery plan re: PAGA-related discovery shall be lodged with Magistrate Judge McCurine's chambers at efile_mccurine@casd.uscourts.gov. on or before *December 10, 2012.*

**IT IS SO ORDERED.**

DATED: December 4, 2012

Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court