UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE SOTO, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>DIAKON LOGISTICS (DELAWARE), INC.,<br><br>　　　　　　Defendant. | Case No. 08-cv-33-L(WMC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR CLASS CERTIFICATION [DOC. 190]** |

　　This putative class action brought by three truck drivers—Plaintiffs Josue Soto, Ghazi Rashid, and Mohamed Abdelfattah—working for Defendant Diakon Logistics (Delaware), Inc., asserting violations of California wages-and-hours laws. Plaintiffs now move for class certification under Federal Rule of Civil Procedure 23. Defendant opposes.

　　The Court decides the matter on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). (Doc. 188.) For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion for class certification.

//

//

//

## I. BACKGROUND[1]

Defendant provides home-delivery services to various furniture and appliance retailers. (FAC ¶ 12.) Plaintiffs are all truck drivers who worked for Defendant in California. (*Id.* ¶¶ 8–10.) Each named plaintiff worked for Defendant during different though partially overlapping time periods in different locations. (*Id.*) They contend that they were classified by Defendant as independent contractors when they were in fact non-exempt employees. (*Id.* ¶ 1.)

On December 5, 2007, Mr. Soto filed a putative class-action complaint in state court seeking recovery from Defendant for failure to reimburse for reasonable business expenses, issue itemized wage statements and for other alleged violations of the California Labor Code provisions. (Removal Notice ¶ 1.) He also alleged that Defendant violated the California Business and Professions Code § 17200, *et seq.* (*Id.*) He requested damages and injunctive relief. Defendant removed the action to this Court under 28 U.S.C. § 1441(a) based on diversity jurisdiction under 28 U.S.C. § 1332(a)(1) and (d)(2). (*Id.* ¶ 2.) Subsequently, Plaintiffs amended their complaint to add Mr. Rashid and Mr. Abdelfattah as plaintiffs to this class action. (Doc. 28.)

Plaintiffs' initial motion for class certification was denied without prejudice. (Doc. 117.) Thereafter, the parties conducted discovery. Plaintiffs then filed a subsequent motion for class certification, which was also denied without prejudice. (Doc. 156.) Plaintiffs now move for class certification for a third time under Federal Rule of Civil Procedure 23. (Doc. 190.) Defendant opposes.

## II. LEGAL STANDARD

The class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2550 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). In order to justify a departure from that rule, "a class representative must be part of the class and 'possess the same

---

[1] The background is based on allegations in the First Amended Complaint ("FAC") and other evidence provided by the parties.

interest and suffer the same injury' as the class members." *Id.* (citing *E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)). In this regard, Rule 23 contains two sets of class certification requirements set forth in Rule 23(a) and (b). *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union v. ConocoPhillips Co.*, 593 F.3d 802, 806 (9th Cir. 2010). "A court may certify a class if a plaintiff demonstrates that all of the prerequisites of Rule 23(a) have been met, and that at least one of the requirements of Rule 23(b) have been met." *Otsuka v. Polo Ralph Lauren Corp.*, 251 F.R.D. 439, 443 (N.D. Cal. 2008). "The burden is on the plaintiff to establish that the [] requirements have been met." *Id.*

"Rule 23(a) provides four prerequisites that must be satisfied for class certification: (1) the class must be so numerous that joinder of all members is impracticable; (2) questions of law or fact exist that are common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." *Otsuka*, 251 F.R.D. at 443 (citing Fed. R. Civ. P. 23(a)). "A plaintiff must also establish that one or more of the grounds for maintaining the suit are met under Rule 23(b), including: (1) that there is a risk of substantial prejudice from separate actions; (2) that declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) that common questions of law or fact predominate and the class action is superior to other available methods of adjudication." *Id.* (citing Fed. R. Civ. P. 23(b)).

A trial court has broad discretion in making the decision to grant or deny a motion for class certification. *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 712 (9th Cir. 2010). "In determining the propriety of a class action, the question is not whether the plaintiff has stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Otsuka*, 251 F.R.D. at 444 (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974)). This analysis requires a district court to conduct a "rigorous analysis" that frequently "will entail overlap with the merits of the plaintiff's underlying claim." *Dukes*, 131 S. Ct. at 2550-51. "Although in determining whether to certify the class, the district court is bound to take the substantive allegations of the complaint as true, the court also is required to consider the nature and range of proof necessary to establish those allegations." *See In re Coordinated*

*Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 691 F.2d 1335, 1342 (9th Cir. 1982) (citations omitted).z

"Although there is no explicit requirement concerning the class definition in FRCP 23, courts have held that the class must be adequately defined and clearly ascertainable before a class action may proceed." *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 679-80 (S.D. Cal. 1999) (Brewster, J.). "An identifiable class exists if its members can be ascertained by reference to objective criteria. A class description is insufficient, however, if membership is contingent on the prospective member's state of mind." *Id.* (internal quotation marks omitted). "In other words, it must be administratively feasible to determine whether a particular person is a class member." *Id.*

## III.  DISCUSSION[2]

Plaintiffs' action is premised on the claim that they and the putative class members were misclassified by Defendant as independent contractors, when they should have been classified as non-exempt employees. Previously, Plaintiffs defined the class to include any person who had signed a "Service Agreement" that categorized them as independent contractors. They narrowed this definition in their subsequent motion by excluding any person who operated more than one delivery vehicle for Defendant. Plaintiffs now seek to define the class even more narrowly as follows:

> All persons who performed work for Diakon Logistics (Delaware) Inc. as a delivery-truck driver in the State of California between December 5, 2003 and the present and were designated and paid by Diakon as an independent contractor rather than an employee, and who did not employ or use other drivers to perform the work assigned to them by Diakon.

---

[2] Under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of a fact that is not "subject to a reasonable dispute" because "it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a). Judicial notice "may be taken at any stage of the proceeding." Fed. R. Evid. 201(f). Further, judicial notice is mandatory "if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). Plaintiffs request that the Court to take judicial notice of two state-court orders. (Docs. 190-24, 202-8.) Defendant has not opposed. Because the documents are matters of public record, the Court takes judicial notice of the exhibits.

Despite Defendant's contentions, the Court finds that this proposed class definition is adequately defined and clearly ascertainable because it provides the objective criteria needed to determine the members of the class. *See Schwartz*, 183 F.R.D. at 679-80; *see also Smith v. Cardinal Logistics Mgmt. Corp.*, No. 07-2104, 2008 WL 4156364, at *4 (N.D. Cal. Sept. 5, 2008) (granting class certification for a similarly defined proposed class of delivery-truck drivers). Consequently, the Court will now proceed to the Rule 23(a) and 23(b) analyses.

### A. Rule 23(a)

"Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Dukes*, 131 S. Ct. at 2550. "The Rule's four requirements—numerosity, commonality, typicality, and adequate representation—effectively limit the class claims to those fairly encompassed by the named plaintiff's claims." *Id.* (internal quotation marks omitted). Defendant does not oppose Plaintiffs' typicality and adequate-representation analyses. Thus, Defendant effectively concedes and thus the Court need not address these requirements. *See* Civ. L.R. 7.1(f)(3)(b) & (c).

#### 1. Numerosity

Rule 23(a)(1) requires that the class be so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). Plaintiffs maintain that as of December 31, 2011, there are approximately 345 drivers who fall within the class description. (Emge Decl. ¶ 10.) They argue that trying to join several hundred drivers as separate plaintiffs is "highly impracticable," and would create undesirable, "fragmentary" enforcement of California's labor laws. (Pls.' Mot. 14:10–20.) Defendant responds by arguing that Plaintiffs do not support their number with any evidence and that the number of class members cannot be known based on Defendant's records. (Def.'s Opp'n 8:16–9:8.) However, Plaintiffs' reply points to numerous pieces of evidence—including foremost Charles H. Johnson's declaration, which is attached to Defendant's opposition brief, as well as service agreements and depositions—that provide the values for the potential class size. (Pls.' Reply 1:12–3:22.) This evidence suggests that at a

5

08cv33

minimum 315 drivers (out of a maximum of 471 drivers) meet the proposed class definition. (*Id.*) Therefore, Plaintiffs satisfy the Rule 23(a)'s numerosity requirement. *See* Fed. R. Civ. P. 23(a)(1).

### 2. Commonality

Under Rule 23(a)(2), Plaintiffs must demonstrate that there are "questions of law or fact common to the class." The Supreme Court has held that plaintiffs must demonstrate "the capacity of a classwide proceeding to generate common answers" to common questions of law or fact that are "apt to drive the resolution of the litigation." *Dukes*, 131 S. Ct. at 2551 (internal quotations marks omitted). However, "[a]ll questions of fact and law need not be common to satisfy this rule." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Id.*

Plaintiffs present a list of seventeen purported common issues of fact to show that they satisfy the commonality requirement. (Pls.' Mot. 15:4–16:12.) They also provide legal authority that states that "District Courts throughout this circuit have found that commonality is met when the proposed class of plaintiffs asserts that class members were improperly classified as independent contractors instead of employees." *Guifu Li v. A Perfect Franchise, Inc.*, No. 10-CV-01189-LHK, 2011 WL 4635198, at *7 (N.D. Cal. Oct. 5, 2011) (citing *Norris-Wilson v. Delta-T Grp., Inc.*, 270 F.R.D. 596, 604 (S.D. Cal. 2010) (Burns, J.); *Breeden v. Benchmark Lending Corp.*, 229 F.R.D. 623, 629 (N.D. Cal. 2005)); *see also Campbell v. First Investors Corp.*, No. 11-CV-548, 2012 WL 5373423, at *2 (S.D. Cal. Oct. 29, 2012) (Benitez, J.) (finding that "whether [the class members] were inappropriately classified as independent contractors and, as a result, not paid in accordance with the California Labor Code" is an issue that satisfies the commonality requirement). Accordingly, the Court also concludes here that Plaintiffs satisfy the commonality requirement under Rule 23(a). *See* Fed. R. Civ. P. 23(a)(2).

//
//

**B.     Rule 23(b)**

"Where a putative class satisfies all four requirements of Rule 23(a), it must still meet at least one of the three additional requirements outlined in Rule 23(b) in order to be eligible for certification." *United Steel*, 593 F.3d at 806. Plaintiffs seek certification under Rule 23(b)(3), which provides that a class action may be maintained if Rule 23(a) is satisfied and if:

> [T]he court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). Defendant argues that the class cannot be certified under Rule 23(b)(3) because the questions of law or fact common to class members do not predominate over the questions affecting individual members. Furthermore, it argues that a class action is not a superior vehicle for bringing Plaintiffs' claims. The Court addresses these arguments below.

**1.     Predominance**

"The predominance inquiry focuses on the relationship between the common and individual issues and tests whether proposed class are sufficiently cohesive to warrant adjudication by representation." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009) (internal quotation marks omitted).

> Rule 23(b)(3)'s predominance and superiority requirements were added to cover cases in which a class action would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results. Accordingly, a central concern of the Rule 23(b)(3) predominance test is whether adjudication of common issues will help achieve judicial economy.

*Id*. (internal quotation marks and citations omitted). Plaintiffs' first class-certification motion

was denied primarily because they failed to sufficiently address and make a proper showing under Rule 23(b)(3). Class certification was denied a second time after Plaintiffs did not discuss the change in the definition of the class to satisfy Rule 23(b)(3). Plaintiffs now further narrow the definition of the class to apply to a more specific subset of Defendant's drivers.

Plaintiffs' action is premised on the misclassification of this subset as independent contractors, rather than non-exempt employees. The case can proceed to determine whether Plaintiffs' rights under California wages-and-hours laws were violated if they were erroneously considered to be independent contractors. As noted in the previous order denying class certification, the Service Agreement, which each plaintiff and putative class member signed in substantially the same form, states that the contracting driver was Defendant's independent contractor.[3] The California Labor Code does not define the terms "employee" and "independent contractor" for the purposes of the claims that Plaintiffs assert. *See Estrada v. FedEx Ground Package Sys., Inc.*, 154 Cal. App. 4th 1, 10 (2007). The relevant determination is fact-intensive:

> The essence of the test is the "control of details"—that is, whether the principal has the right to control the manner and means by which the worker accomplishes the work—but there are a number of additional factors in the modern equation, including (1) whether the worker is engaged in a distinct occupation or business, (2) whether, considering the kind of occupation and locality, the work is usually done under the principal's direction or by a specialist without supervision, (3) the skill required, (4) whether the principal or worker supplies the instrumentalities, tools, and place of work, (5) the length of time for which the services are to be performed, (6) the method of payment, whether by time or by job, (7) whether the work is part of the principal's regular business, and (8) whether the parties believe they are creating an employer-employee relationship.

*Id.* (citing *S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, 48 Cal.3d 341, 350-51 (1989), among others). A contract such as the Service Agreement, which designates a party as an independent contractor, does not necessarily negate a finding of an employment relationship. *See Estrada*, 154 Cal. App. 4th at 10; *see also Borello*, 48 Cal.3d at 349 (1989) ("label placed by the parties on their relationship is not dispositive").

---

[3] It is undisputed that although the Service Agreements were revised by Defendant during the proposed class period, the agreements remained substantially the same in the matters pertinent to class certification.

8

Defendant argues, as it did in the first two motions, that a class cannot be certified because the factors relevant to the employment analysis cannot be established on a class-wide basis. Plaintiffs' initial motion was denied because Defendant presented evidence that the drivers operated multiple trucks, as well as other evidence of class fragmentation. Based on the record before the Court at that time, it was unclear whether the employment factors could be considered on a class-wide basis to meet Rule 12(b)(3)'s predominance requirement. Plaintiffs were given another opportunity to renew the motion with appropriate evidentiary support addressing the issue of "prevalence among the putative class members of drivers operating multiple trucks and not personally performing delivery services, and to what extent such individuals should be included in the proposed definition of the class." The parties were further instructed to "focus their evidence on the factors relevant to the employment analysis and address the issues (1) whether and to what extent the factors can be addressed on a class-wide basis; (2) whether dividing the putative class into subclasses would remedy any shortcomings; and (3) whether any groups of individuals should be excluded from the proposed class definition." However, in their second motion, Plaintiffs did not adequately address the issues previously highlighted by the Court, but they were given another opportunity to renew the motion based on indications that Defendant was not forthcoming with discovery efforts.

Plaintiffs have now tailored the class definition to remove many of the previous fragmentation issues. Specifically, Plaintiffs' proposed class now specifically excludes any drivers who hired other drivers to drive their routes. Defendant argues that there may be other reasons why the drivers within the proposed class did not hire another driver, but this is a secondary question to the larger questions that can be answered by a class, and therefore does not preclude class certification. *See Otsuka*, 251 F.R.D. at 447.

Further, Plaintiffs have dismissed many of the claims that provided the greatest class fragmentation. They also present substantial evidence addressing Defendant's "right to control the manner and means" of the deliveries Plaintiffs carry out for their clients. *See Borello*, 48 Cal. 3d at 350. For example, the Service Agreement, Defendant's advertising (Pls.' Exs. A & R), the deposition testimony of Defendant's President (Pls.' Ex. B), and his affidavit (Johnson

Decl.) present adequate evidence suggesting that all drivers who signed the Service Agreement were treated by Defendant in the same manner. Plaintiffs also identify evidence that suggests Defendant exercised control over the manner in which Plaintiffs operate, including Plaintiffs' uniforms, performance monitoring and evaluations, method of payment, scheduling, meetings and training of new drivers, skill set required, type of delivery, and retains the ability to terminate their drivers at will. (*See generally* Pls.' Mot. 10:20–20:25; Pls.' Reply 5:20–13:6.) Similar facts have prompted the certification of a class almost identical to Plaintiffs' proposed definition. *See Smith*, 2008 WL 4156364, at \*9; *see also Air Couriers Int'l v. Emp't Dev. Dep't*, 150 Cal. App. 4th 923, 937 (2007).

"Federal courts have recognized that individual issues will likely be present during class actions, but that such issues should not prevent class certification so long as they do not override the common question." *Smith*, 2008 WL 4156364, at \*10; *see also Chun-Hoon v. McKee Foods Corp.*, No. C 05-0620, 2006 WL 3093764, at \*5 (N.D. Cal. Oct. 31, 2006) (stating "even though individual issues exist, they do not bar class certification"). Defendant points out variations in the facts listed above depending on the region. But minor differences, such as the variation in frequency of ride-behinds, are not enough to preclude a common determination of employment status since the common questions must still be asked. The difference of one location doing more or less ride-behinds than another, for example, does not mean that Defendant did not have an overarching policy of performance review.[4] Ultimately, Plaintiffs provide adequate evidence for the Court to reason that the *Borello* factors are prevalent among the proposed class to satisfy the Rule 23(b)'s predominance requirement.

### 2. Superiority

"Plaintiffs must also demonstrate that a class action is 'superior to other available methods for fairly and efficiently adjudicating the controversy.'" *Otsuka*, 251 F.R.D. at 448

---

[4] Moreover, many of Defendant's arguments regarding Plaintiffs' proof are circular. Stating that the drivers are contractors and therefore Defendant is not in the business of delivery services for the purposes of determining the employment status of Plaintiffs will not disprove the sufficiency of Plaintiffs' evidence.

(citing Fed. R. Civ. P. 23(b)(3)). "Where classwide litigation of common issues will reduce litigation costs and promote greater efficiency, a class action may be superior to other methods of litigation," and it is superior "if no realistic alternative exists." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-35 (9th Cir. 1996). The following factors are pertinent to this analysis:

> (A) the class members' interest in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

To support their contention that class action is the superior method of litigation, Plaintiffs argue with reasonable detail that each of the four aforementioned Rule 23(b)(3) factors weigh in their favor. (Pls.' Mot. 22:2–23:21.) Though Plaintiffs have the burden to show that a class action is the superior method, Defendant responds to Plaintiffs with a scant three-sentence argument. That argument is as follows:

> A class action is not a superior method of adjudicating Plaintiffs' claims. Plaintiffs have sufficient economic incentive to bring their own claims as the damages for the named Plaintiffs' Section 2802 claims for reimbursement of necessary business expenses alone exceeds $50,000 each, and they can also recover their attorney fees. Class treatment of these claims is not superior to other methods.

(Def.'s Opp'n 23:3–9 (citations omitted)). This does not adequately negate Plaintiffs' showing of superiority. The substance of Defendant's argument is that Plaintiffs have sufficient economic incentive to bring their own claims because the damages for one of Plaintiffs' claims exceeds $50,000. (Def.s' Opp'n 23:3–9.) Assuming this is true, there would be over 300 individually controlling separate actions, heavily burdening the Court and the litigants. *See Sav-On Drug Stores, Inc. v. Superior Court*, 34 Cal. 4th 319, 340 (2004) (stating "[i]t would be neither efficient nor fair to anyone, including defendants to force multiple trials to hear the same evidence and decide the same issues."). Ultimately, Defendant did not adequately demonstrate that the Rule 23(b)(3) factors weigh against finding superiority. Therefore, the Court finds that class treatment of this case is superior to individual litigation. *See* Fed. R. Civ. P. 23(b)(3).

### C. Plaintiffs' Additional Claims

In addition to their misclassification claim, Plaintiffs also argue that multiple California Labor Code violations are subject to common proof and should be given class treatment. (Pls.' Mot. 18:18–21:1, Pls.' Reply 13:7–14:7.) Since the Court has allowed certification of the threshold misclassification claim, Plaintiffs are allowed to proceed with demonstrating that the other claims have satisfied Rule 23.

#### 1. Unreimbursed Business Expenses

Labor Code Section 2802(a) provides:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge or his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

California Code of Regulations, Title 8, Section 11090(9) provides:

> (A) When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer. The term "uniform" includes wearing apparel and accessories of distinctive design or color.
>
> (B) When tools ore equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer[.]

Plaintiffs maintain that in the present case, all class members have been and are treated identically: they are all required to have a "helper," pay for truck fuel, and have various insurance charges deducted from the proposed class members' biweekly wages (Johnson Dep. 21:19–25, 22:1-8). The deductions are purportedly a necessary expenditure imposed by Defendant. In response, Defendant argues that the deductions are an expense associated with being an independent contractor, and that the absence of evidence showing that all other drivers incurred the same expenses should lead to a denial of class certification because the question requires a highly individualized, worker-by-worker analysis. To support its position, Defendant relies heavily on *Norris-Wilson v. Delta-T Grp., Inc.*, 270 F.R.D. 596 (S.D. Cal. 2010). However, *Norris-Wilson* involved "necessary expenditures or losses in [plaintiffs'] travels to, from, and between client-sites, running errands for [d]efendants' clients, transporting

[d]efendants' clients' patients, and for other costs incurred in obedience to [d]efendants' and their clients' duties." *Norris-Wilson*, 270 F.R.D. at 610. Compared to *Norris-Wilson*, this is a very different case because Plaintiffs do not assert such highly individualized requirements for employment.

Rather, Plaintiffs have shown that there is a "set of discrete expenses, common to the entire putative class, and that class members were required to cover themselves" such that the Court sees the merits in class treatment. *See Norris-Wilson*, 270 F.R.D. at 610. Plaintiffs seek expenses which every driver incurred, such as the same biweekly deductions, uniforms, and helper wages. This inquiry is not as particularized as Defendant contends. The only difference between Plaintiffs would be the number of helpers that they were required to use on any given day. But Plaintiffs have shown through the Service Agreement and various depositions that these expenses were required in order to maintain a business relationship with Defendant. Accordingly, the Court finds that the claim for unreimbursed business expenses are subject to common proof and is appropriate for class treatment.

### 2. Failure to Provide Properly Itemized Wage Statements

Labor Code Section 226 requires the employer to keep accurate and itemized pay statements setting forth gross wages, the actual number of hours and minutes worked, and all applicable hourly rates of pay. Plaintiffs have properly shown that all drivers in the proposed class were not provided wage statements that included hourly wages.

Plaintiffs must also be able to prove that they suffered an injury as a result of the improper wage statements. *See* Cal. Lab. Code § 226. This claim requires establishing that the proposed class was misclassified as independent contractors because if Plaintiffs were indeed employees, they should have received an itemized wage statement. Plaintiffs contend that due to the misclassification, the drivers were systematically denied proper statements that would have allowed them to see Defendant's alleged deductions. Consequently, they seek damages under Labor Code Section 226(e) at $50 per employee for the initial violation, and then $100 dollars for each subsequent violation, but not to exceed $4,000 per employee. (FAC ¶ 57.)

However, the parties disagree about the type of injury that is necessary in order to state a claim under Section 226. Plaintiffs cite cases holding that the injury requirement is minimal. *See, e.g., Perez v. Safety-Kleen Sys., Inc.*, Nos. C 05-5338, 07-0886, 2007 WL 1848037, at *9 (N.D. Cal. June 27, 2007) (merely filing the "lawsuit, and the difficulty and expense Plaintiffs have encountered in attempting to reconstruct time and pay records . . . is evidence of the injury"). Defendant argues the contrary, but this Court agrees that "the injury requirement should be interpreted as minimal in order to effectuate the purpose of the wage statement statute; if the injury requirement were more than minimal, it would nullify the impact of the requirements of the statute." *See Seckler v. Kindred Healthcare Operating Grp., Inc.*, SACV 10-01188 DDP, 2013 WL 812656, at *12 (C.D. Cal. Mar. 5, 2013); *see also Wang v. Chinese Daily News, Inc.*, 435 F. Supp. 2d 1042, 1050-51 (C.D. Cal. 2006) (stating the purpose of Section 226's information requirement).

Furthermore, a recent statutory amendment to Section 226 provides a statutory definition for injury:

> Section 226(e) now states that "[a]n employee is deemed to suffer injury . . . if the employer fails to provide accurate and complete information as required by one or more of [the section (a) requirements] and if the employee cannot promptly and easily determine from the wage statement alone . . . (i) The amount of gross wages or net wages . . . (ii) Which deductions the employer made from gross wages to determine the net wages . . ." The Senate Bill Analysis indicates that because of the "contradictory and inconsistent interpretations of what constitutes 'suffering injury' . . . in the various court cases . . . it is necessary to provide further clarity on the issue . . ."

*Seckler*, 2013 WL 812656, at *12 (internal citations omitted) (alterations in original). This amendment reinforces the Court's interpretation of the injury requirement under Section 226. *See id.*

Accordingly, the Court finds that Plaintiffs' inability to determine their hourly wage meets the minimal-injury requirement of Section 226. Determining that the hours worked was not present on pay records is not an individualized inquiry beyond the number of times the violation occurred per employee during the specified period. This information can be obtained through pay records. Moreover, the claim does not require looking specifically at every hour that every proposed class member worked, as Defendant suggests, but rather merely obtaining

pay records for the relevant time period and checking whether the number of hours worked appears on the pay statement. Therefore, this claim is also subject to common proof and appropriate for class treatment.

### 3. Unfair Competition Law ("UCL")

A claim for unfair competition under the UCL may be brought "by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. "Therefore, to establish standing under the UCL a plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that that economic injury was the result of, i.e., caused by, the unfair business practice . . . that is the gravamen of the claim." *Leghorn v. Wells Fargo Bank, N.A.*, — F. Supp. 2d —, 2013 WL 3064548, at *26 (N.D. Cal. June 19, 2013) (quoting *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 337 (2011)) (internal quotation marks omitted) (emphasis removed). The UCL prohibits "unfair competition," which is defined as any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. To establish a violation of the UCL, a plaintiff may establish a violation under any one of the three aforementioned prongs. *Leghorn*, 2013 WL 3064548, at *26. Here, Plaintiffs rely on the "unlawful" prong.

Plaintiffs argue that since misclassification will be given class treatment, a UCL claim can also be given class treatment because it will serve as the unlawful action required under the UCL. Misclassification applies to all members of the class, and the same inquiry will be repeated for the UCL claim. Furthermore, as discussed in more detail above, Plaintiffs have sufficiently shown that an economic injury may have occurred as a result of the misclassification. Defendant's only argument against permitting class treatment of the UCL claim is that Plaintiffs fail to establish the appropriateness in giving class treatment for the underlying misclassification claim. As discussed above, the Court finds that class treatment of the misclassification claim is appropriate. Therefore, the UCL claim is also appropriate for class treatment.

### 4. California Private Attorney General Act ("PAGA")

The California Supreme Court held that PAGA claims do not need to satisfy class certification requirements. *See Arias v. Superior Court*, 46 Cal. 4th 969, 975 (2009). Subsequently, federal district courts were faced with the same question under Rule 23. The district courts remain divided on the issue, and the Ninth Circuit has yet to hear the issue. *See McKenzie v. Fed. Express Corp.*, 765 F. Supp. 2d 1222, 1233 (C.D. Cal.2011) (listing California district courts holding class certification requirements of Rule 23 do not apply to PAGA claims). As Magistrate Judge William McCurine, Jr. properly noted:

> The majority of district courts have held that PAGA actions, although representative, do not need to be brought as class actions in light of the fact that PAGA operates as a law-enforcement mechanism as opposed to an action which conveys a private benefit on the named plaintiff and those represented. *See e.g. Thomas v. Aetna Health of Cal., Inc.*, 2011 WL 2173715, at *12-13 (E.D. Cal. June 2, 2011) (explaining "while the Ninth Circuit has not addressed these issue, the majority view among the district courts following *Arias* creates the following framework: (1) PAGA actions must be filed as representative actions on behalf of current or former aggrieved employees; (2) while PAGA actions may be brought as class actions, Rule 23 certification is not necessary to the extent PAGA actions are brought in a non-class representative capacity; and (3) prudential standing concerns as to non-class representative PAGA suits are either satisfied . . . or inapplicable . . . .").

(December 14, 2012 Discovery Order 4:2–12 [Doc. 198].) Judge McCurine did not, as Plaintiffs contend, rule that this Court follows the majority view that PAGA claims do not require Rule 23 certification, thus allowing them to skip briefing the matter in their motion, but rather noted the state of the law to allow discovery. Specifically, he noted that Rule 23 certification is not necessary for PAGA actions brought in a non-class representative capacity, and thus, the parties must commence PAGA discovery because Plaintiffs have indicated that they will proceed as a non-class representative action under PAGA. (*Id.* at 4:16–23.) Due to this apparent misunderstanding, Plaintiffs do not make any valid legal argument regarding whether the PAGA claim should be given class treatment. Consequently, without a request to pursue their PAGA claim in this class action, the Court cannot conclude that the PAGA claim should be given class treatment.

//
//

### D. Proposed Class Notice

Defendant contends that Plaintiffs' Proposed Class Notice creates confusion among class members due to the term "delivery-truck drivers," and that the phrase "did not employ or use other drivers" is not an ascertainable group of individuals. (Def.'s Opp'n 24:14–23.) Plaintiffs correctly argue that "delivery-truck drivers" is a description of the work performed for Defendant, and creates no more confusion than any other descriptor. (Pls.' Reply 14:24–15:2.) This identical job description was also approved for notice in *Cardinal Logistics Management*. *See Smith*, 2008 WL 4156364, at *12. Furthermore, Plaintiffs also establish a prudent method for notifying the class. Drivers can self-qualify under the modifier "did not employ or use other drivers," meaning that they did not hire another driver to carry out Defendant's work. Drivers who hired another person to do their work for them will be aware of this fact. No other objections to the notice have been raised, and the Court accordingly approves Plaintiffs' proposed class notice.

## IV. CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion for Class Certification. Specifically, the Court **DENIES** Plaintiffs' request to give their PAGA claim class treatment, and **GRANTS** the remainder of Plaintiffs' motion in its entirety.

DATED: August 21, 2013

                                                  M. James Lorenz
                                                  United States District Court Judge

COPY TO:

HON. WILLIAM MCCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL