UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE SOTO, GHAZI RASHID, MOHAMED ABDELFATTAH, on behalf of All Aggrieved Individuals, All Others Similarly Situated, and the General Public,<br><br>Plaintiffs,<br><br>v.<br><br>DIAKON LOGISTICS (DELAWARE), INC., a foreign corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | Civil No. 08cv0033 L (WMc)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [Doc. 220]** |

On August 21, 2013, the Court granted in part and denied in part Plaintiffs Josue Soto, Ghazi Rashid, and Mohamed Abdelfattah's motion for class certification. (Doc. 220.) Defendant now moves for reconsideration of the aforementioned order. Plaintiffs oppose.

This Court found this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). (Doc. 221.) For the following reasons, the Court **DENIES** Defendant's motion for reconsideration.

//

//

//

## I. BACKGROUND

On December 5, 2007, Plaintiffs filed a punitive class-action complaint in state court seeking recovery from Defendant for failure to reimburse for reasonable business expenses, issue itemized wage statements, and for other alleged violations of the California Labor Code provisions. (Removal Notice ¶ 1.) Defendant removed this action to this Court under 28 U.S.C. § 1441(a) based on diversity jurisdiction under 28 U.S.C. § 1332(a)(1) and (d)(2). (*Id.* ¶ 2.) Plaintiff then amended his complaint to add Mr. Rashid and Mr. Abdelfattah as plaintiffs to this class action. (Doc. 28.)

Plaintiffs' first and second motions for class certification were denied without prejudice. (Doc. 117, 156.) After sufficiently narrowing the class definition, Plaintiffs third motion for class certification was granted in part by this Court on August 21, 2013. (Doc. 219.) Pursuant to Local Rule 7.1(i)(2), Defendant now asks the Court to reconsider its order granting in part and denying in part Plaintiffs' motion for class certification. (Def.'s Mot. ¶ 1–3.)

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 54(b) states that a district court can modify an interlocutory order 'at any time' before entry of a final judgment, and [the Ninth Circuit has] long recognized 'the well-established rule that a district judge always has power to modify or to overturn an interlocutory order or decision while it remains interlocutory.'" *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (quoting *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963)). Although a district court may reconsider its decision for any reason it deems sufficient, generally a motion for reconsideration "is appropriate if the district court: (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993); *see also Hydranautics v. FilmTec Corp.*, 306 F. Supp. 2d 958, 968 (S.D. Cal. 2003) (Whelan, J.).

Clear error occurs when "the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Smith v. Clark County School Dist.*,

727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  It does not give parties a "second bite at the apple." *See id.*  Moreover, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. *Ausmus v. Lexington Ins. Co.*, No. 08-CV-2342-L, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009).  Whether to grant a motion for reconsideration is in the sound discretion of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir.2003) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir.2000)).

## III.   DISCUSSION

Defendant argues that reconsideration is appropriate under the clear error standard for the following three reasons: (1) the Court's previous order did not specify that recipients have a duty to "self-qualify" as class members; (2) the class definition improperly refers to work being "assigned" by Defendant Diakon, rather than work done "on behalf of Diakon;" and (3) the Court's previous order erroneously states that the Court appointed class counsel.  (Def.'s Mot. 2:22–26, 3:1–8.)

### A.    **Defendant's Argument Regarding "Self-Qualification" is Unpersuasive**

Defendants argue that the approved class notice "misleadingly suggests that a recipient is already a member of the class, and need not do anything in order to remain a member, despite the Court's requirement that potential class members 'self-qualify' by representing that they did not 'employ or use other drivers.'" (Def.'s Mot. 2:23-26.) Defendants argument rests on a misunderstanding of the Court's previous order.

Contrary to Defendants' suggestion, a member of the class does not need to do anything in order to remain a member of this class. In its previous order the Court reasoned that the class definition was sufficient to notify the class – namely, that the phrase "did not employ or use

other drivers" enables recipients to "self-qualify" as drivers that either did or did not hire other drivers to carry out the Defendant's work on their behalf. (Order 17:9–11.) In so holding, the Court did not create a "self-qualification" requirement. Instead, the Court was simply explaining that at this stage of the litigation, the class definition was sufficient because drivers themselves could determine whether or not they belonged in the class via the objective criteria in the class notice.

Accordingly, the Court **DENIES** Defendant's motion on this ground.

B. **Defendant's Argument Regarding the Use of the Word "Assigned" is Inappropriate as it is Raised for the First Time Here**

Defendant's argument that the use of the word "assigned" in the class notice is improper as Defendant made no prior challenge to such language. *See Kona Enters., Inc.*, 229 F.3d at 890. Moreover, Defendant asserts no reason why it could not have addressed these arguments beforehand. In fact, the Defendant challenged other language in the proposed class notice in its opposition to Plaintiffs' motion for class certification, but failed to raise any opposition to the use of the term "assigned." (*See* Def.'s Opp'n to Pls.' Mot. For Class Certification 24:14–23.)

Accordingly, the Court **DENIES** Defendant's motion on this ground.

C. **Contrary to Defendant's Argument, Class Counsel was Previously Appointed**

Federal Rule of Civil Procedure 23(a)(4) requires that members of a class have adequate representation. Fed.R.Civ.P. 23(a)(4). Thus, any court order certifying a class "must appoint class counsel under Rule 23(g)." Fed.R.Civ.P. 23(c)(1)(B). Rule 23(g) states that in appointing class counsel, a court must consider "the work counsel has done in identifying or investigating potential claims in an action; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in this action; counsel's knowledge of the applicable law; and the resources that counsel will commit to representing the class." Fed.R.Civ.P. 23(g)(1)(A)(i)–(iv).

Defendant argues that the Court was silent with respect to the appointment of class counsel and did not consider these four factors. (Def.'s Mot. 8:17–22.) However, with the

exception of one claim, the Court granted Plaintiff's motion for class certification in its entirety, which included a request for the "appointment of Emge & Associates and The Michael Law Firm as class counsel." (Order 17:17–19; Pls.' Mot. For Class Certification 3:8–9.)

Furthermore, the Court finds that Plaintiffs' counsel satisfy the requirements of Rule 23(g). Plaintiffs' counsel has litigated this case for five years, are all experienced litigators in California employment law issues, have been appointed as class counsel on numerous employee class actions, and have the resources of two law firms. *(Id.* at 17:23–25, 18:1–7.) Moreover, Defendant concedes that it "has not challenged the appointment of Plaintiffs' counsel as class counsel" and even requests that the Court appoint class counsel before the notice is sent out to potential class members. (Def.'s Mot. 8:20–25.)

Therefore, the Court **DENIES** Defendant's motion on this ground. The Court clarifies that it has already appointed Emge & Associates and The Michael Law Firm as class counsel in this matter.

## IV. CONCLUSION & ORDER

In light of the foregoing, the Court **DENIES** the motion.

**IT IS SO ORDERED.**

DATED: November 4, 2013

_____
M. James Lorenz
United States District Court Judge